UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No.:1:07 – Civ –22502-WMH

MAGISTRATE JUDGE BROWN



RANDALL VANESSA FORBES,

    Plaintiff,

v.

ST. THOMAS UNIVERSITY INC.,

    Defendant
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO FILE EXCESS PAGES AND ACCOMPANYING MEMORANDUM OF LAW

*Pro se* Plaintiff, RANDALL VANESSA FORBES (hereinafter "Plaintiff") hereby files this Motion in Opposition of Defendant's Motion to File Excess Pages for the drafting of their Motion to Dismiss, and in support state:

1. On or about December 3, 2007, Defendant filed its Motion to File Excess Pages. Defendant asserts in its motion that the above entitled action arises after Plaintiff was dismissed from law school by the Defendant for failing to maintain a grade point average of a 2.0 or higher. Defendant further asserts that Counsel to the Defendant unsuccessfully attempted to contact the Plaintiff via phone call twice. .See Defendant's Motion to File Excess Pages ¶¶ 1, 5

2. This action arises after Defendant denied Plaintiff's petition for readmission, which requested a conditional readmission based upon the grades for the summer classes in which Plaintiff was already enrolled, because of her disability and Defendant's refusal to provide a letter on Plaintiff's behalf stating that the denial

of readmission was not due to Plaintiff's lack of capacity, pursuant to Standard 505 proffered by the American Bar Association. Defendant has failed to offer an alternative explanation for the denial of Plaintiff's petition. See Plaintiff's Amended Complaint, ¶ 77, ¶ 79, ¶ 80, and ¶ 101.

3. Local Rule 7.1 (3) requires pre-filing conferences of Counsel in a civil case. Local Rule 7.1 (3) provides in pertinent part that "counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion....**Failure to comply with the requirements of this rule may be cause for the court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.**" S.D. Fla. L.R. 7.1 (A)(3).

4. Counsel for the Defendant failed to comply with the requirements of Local Rule 7.1 (3) by failing to contact and failing to make reasonable efforts to contact the Plaintiff to resolve the issues raised in their Motion to File Excess Pages via telephone or otherwise. Plaintiff's phone number and local address is on the Amended Complaint. Additionally, the Defendant has Plaintiff's phone number and local address and Counsel for the Defendant could have had that information furnished to them by their client with reasonable effort. Counsel for the Defendant has Plaintiff's cell phone number and used it to contact Plaintiff before filing the first of the Defendant's three motions. Counsel for the Defendant could have contacted the Plaintiff with reasonable effort but failed to do so. A review of the undersigned's phone records reflects neither any calls nor messages received from Counsel for the Defendant. Subsequent conversations with Counsel for Defendant revealed that a paralegal may have been responsible for the error. See Plaintiff's Amended Complaint

5. As a matter of professional courtesy and convenience, Plaintiff contacted Counsel for the Defendant on December 5, 2007 and restated both her cell phone number and her e-mail address.

2

6. On December 5, 2007, Counsel for the Defendant was made aware of Plaintiff's objection to their Motion to File Excess Pages and Plaintiff has informed them of their failure to contact the Plaintiff.
7. This Motion is not filed for the purposes of delay and no prejudice will result from the granting of this Motion.

**WHEREFORE**, the Plaintiff, RANDALL VANESSA FORBES, respectfully requests that this Honorable Court grant Plaintiff's Motion in Opposition of Defendant's Motion to File Excess Pages and deny Defendant's Motion to File Excess Pages and deny the Defendant an additional ten (10) pages to file their Motion to Dismiss the Plaintiff's Amended Complaint.

In support of this Motion in Opposition to Defendant's Motion to File Excess Pages, Plaintiff relies on its accompanying Memorandum of Law.

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO FILE EXCESS PAGES

### STATEMENT OF FACTS

1. Plaintiff matriculated at Defendant, St. Thomas University School of Law as a first year student commencing August 2006. Plaintiff was dismissed from Defendant, St. Thomas University School of Law in May 2007, for alleged failure to maintain a cumulative grade point average of 2.0. Plaintiff did appeal the dismissal to Defendant in written form, on June 1, 2007 and appeared for a personal hearing on June 6, 2007; the petition was denied on June 7, 2007.

2. Plaintiff filed the above entitled action on or about September 24, 2007

3. Plaintiff filed the amended complaint on or about October 24, 2007. This action arises after Defendant denied Plaintiff's petition for readmission, which requested a conditional readmission based upon the grades for the summer classes in which Plaintiff was already enrolled, because of her disability and Defendant's refusal to provide a letter on Plaintiff's behalf stating that the denial of readmission was not

due to Plaintiff's lack of capacity, pursuant to Standard 505 proffered by the American Bar Association. Defendant has failed to offer an alternative explanation for the denial of Plaintiff's petition. See Plaintiff's Amended Complaint, ¶ 77, ¶ 79, ¶ 80, and ¶ 101.

4. Defendant was served with the Amended Complaint on November 1, 2007 and had until November 21 to file a responsive pleading. The Court granted Defendant's first Unopposed Motion for Enlargement of Time and accordingly the Defendant had until December 12, 2007 to file a responsive pleading. The Defendant filed a second Unopposed Motion for Enlargement of Time on December 5, 2007 and intends to file its responsive pleading on or before December 21, 2007.

**I. Counsel for the Defendant failed to make a good faith effort to contact the Plaintiff prior to filing**

Denial of a motion is appropriate when the movant fails to confer or make reasonable efforts to confer with opposing counsel. **S.D. Fla. L.R. 7.I(A) (3). Counsel for the Defendant stated that they made two phone calls to the Plaintiff. See Defendant's Motion o File Excess Pages.** Two phone calls to the Plaintiff would be insufficient to constitute a reasonable effort. The purpose of the rule is to resolve any issues prior to filing the motion, not merely just an attempt to comply with the rule. Catalina Rental Apartments, Inc. v. Pacific Insurance Company., 2007 WL 1050634 (S.D.Fla.). In Catalina, this court recognized the duty of counsel to confer with opposing counsel but did not decide whether an e-mail sent the night before constituted a reasonable effort since the motion was denied for other reasons. Here, the Counsel for the Defendant failed to call the Plaintiff entirely, despite its statement to the contrary. Corporate Financial Inc. v. Principal Life Insurance Co. 2006 WL 3365605 (S.D.Fla.). In Corporate, this Court took notice of the defendant's counsel's duty to confer with the counsel for the plaintiff and its failure to do so despite its statement to the contrary. A review of the

undersigned's phone records reflects neither any calls nor messages received from Counsel for the Defendant in regard to its Motion to File Excess Pages.

Rule 7.1 (A) (3) also allows a party to confer with the opposing counsel in writing. **S.D. Fla. L.R 7.1(A) (3).** . Defendant failed to send a follow-up letter after they were unable to reach the Plaintiff. In their failure to contact the Plaintiff via writing, Plaintiff was unable to alert Counsel for the Defendant of their error until December 4 and December 5, 2007.

The Plaintiff has contacted the counsel for the Defendant after she received the Defendant's Motion to File Excess Pages. After being notified of their error, Counsel for the Defendant told the Plaintiff that a paralegal in their office may have made an error. Assuming that Counsel for Defendant's statements as true, the Counsel for the Defendant is still responsible for the professional actions of a paralegal at the direction of the supervising attorney and should take reasonable efforts to ensure that the actions taken by the paralegal are consistent with the jurisdictional rules of professional conduct according to the first guideline of the American Bar Association Model Guidelines for the Utilization of Paralegal Services. Model Guidelines for the Utilization of Paralegal Services (2004). The Counsel for the Defendant failed to do so before filing their Motion to File Excess Pages. The Supreme Court of Florida has recognized that the attorney supervises the paralegal and is responsible for all work done for the benefit of the client. <u>In re Amendments to the Rules Regulating the Florida Bar- Florida Registered Paralegal Program</u> --- So.2d ----, 2007 WL 3377120 (Fla.), 32 Fla. L. Weekly S712.

In effort to resolve this matter the Plaintiff has contacted the Counsel for the Defendant in regards to the Motion to File Excess Pages. The Counsel for the Defendant is well aware of Plaintiff's objection to Defendant's Motion to File Excess Pages and of their failure to properly contact the Plaintiff.

## **CLOSING**

Based on the foregoing, it is evident that Counsel for the Defendant did not comply with rule 7.1 (a) (3). Therefore, Plaintiff respectfully requests that this honorable court deny defendant's motion to file excess pages and deny the defendant an additional ten (10) pages in drafting its motion to dismiss.

**WHEREFORE**, the Plaintiff, RANDALL VANESSA FORBES, respectfully requests that this Honorable Court grant Plaintiff's Motion in Opposition of Defendant's Motion to File Excess Pages and deny Defendant's Motion to File Excess Pages and deny the Defendant an additional ten (10) pages to file their Motion to Dismiss the Plaintiff's Amended Complaint.

Filed this 13th day of December 2007.

> RANDALL VANESSA FORBES
> *Pro Se* Plaintiff
> 8788 SW 12th St, #204F
> Miami, FL 33174
> Tel: (516) 776-4089
> Email: LaPrez00@aol.com
>
> By: _____
> RANDALL VANESSA FORBES
> *Pro Se* Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 13th, 2007 I personally filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record identified on attached service list in the manner specified.

> RANDALL VANESSA FORBES
> *Pro Se* Plaintiff
> 8788 SW 12th St, #204F
> Miami, FL 33174
> Tel: (516) 776-4089
> Email: LaPrez00@aol.com
>
> By: _/s/ Randall Vanessa Forbes_
> RANDALL VANESSA FORBES
> *Pro Se* Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of the foregoing faxed this 13th day of December 2007, to: Gaebe, Mullen, Antonelli Esco & Dimatteo (Attorneys for Defendant) 420 S. Dixie Hwy, 3rd Floor Coral Gables, FL 33146.

> RANDALL VANESSA FORBES
> *Pro Se* Plaintiff
> 8788 SW 12th St, #204F
> Miami, FL 33174
> Tel: (516) 776-4089
> E-Mail: LaPrez00@aol.com
>
> By: _/s/ Randall Vanessa Forbes_
> RANDALL VANESSA FORBES
> *Pro Se* Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No.:1:07 – Civ –22502-WMH

MAGISTRATE JUDGE BROWN

RANDALL VANESSA FORBES,

    Plaintiff,

v.

ST. THOMAS UNIVERSITY INC.,

    Defendant

_____/

### ORDER

This matter comes before the Court on the Plaintiff Randall Vanessa Forbes' Motion in Opposition to Defendant's Motion to File Excess Pages, filed December 13, 2007. The Court having reviewed the Motion and being otherwise duly advised in the premises, it is hereby

    ORDERED AND ADJUDGED that said motion is GRANTED. Defendant's motion shall be denied and Defendant shall not have an additional ten (10) pages in which to respond to Plaintiff's Amended Complaint.

    DONE AND ORDERED in Chambers in Miami this _____ day of December 2007.

_____
WILLIAM M. HOEVELER
UNITED STATES DISTRICT JUDGE

Copies furnished to:  All Parties