UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  07-22502-CIV-HOEVELER

RANDALL VANESSA FORBES,

        Plaintiff,

v.

ST. THOMAS UNIVERSITY, INC.,

        Defendant.

_____ /

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS, MOTION FOR MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

Defendant, ST. THOMAS UNIVERSITY, INC. (hereinafter "ST. THOMAS"), and pursuant to Local Rule 7.1.A.1, files this Memorandum of Law in support of its contemporaneously-filed Motion to Dismiss, Motion for More Definite Statement, and Motion to Strike, and states the following:[1]

**I.**      **Standard of Review on a Motion to Dismiss for Failure to Comply with Rule 8 and Memorandum of Law in Support of Motion to Dismiss in that Regard**

Plaintiff, RANDALL VANESSA FORBES' (hereinafter "FORBES"), Amended Complaint is a classic "shotgun pleading" because it "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e. all but the first) contain irrelevant factual allegations and legal conclusions."

See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th

---

[1] On December 19, 2007, ST. THOMAS filed a Motion for Leave to File Excess Pages [DE#12].  At the time of the filing of this Motion, the Court had not entered its ruling on Defendant's Motion.  If the Court denies Defendant's Motion, undersigned counsel will do his best to reduce the total number of pages in accordance with the Court's ruling.

Cir. 2002).  The Eleventh Circuit has noted that such redundant and long-winded complaints "impede the due administration of justice and, in a very real sense, amount to the obstruction of justice" because they are in no way "short and plain statement(s) of the claim(s)" as required by Rule 8.  Id.  Shotgun pleadings also impose "a heavy burden on the trial court, for it must sift each count for the allegations that pertain to the cause of action purportedly stated and, in the process, disregard the allegations that only pertain to the incorporated accounts." United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 (11th Cir. 2006).  The Eleventh Circuit has also made it clear that when faced with shotgun pleadings, the district court should require the parties to replead rather than allow such a case to proceed to trial.  Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001).

In Ambrosia Coal & Constr. Co. v. Morales, 368 F.3d 1320 (11th Cir. 2004), the plaintiff filed a 19-count complaint that the Eleventh Circuit found to be a shotgun-style pleading that did not comply with Rule 8.  FORBES' 20-count Amended Complaint is a classic shotgun-style pleading that does not comply with Rule 8.  Accordingly, the Amended Complaint should be dismissed because it is a shotgun pleading, or in the alternative, the Defendant moves this Court for a more definite statement pursuant to Rule 12 (e).

## II.   Scope of Review on a Motion to Dismiss for Failure to State a Claim Under F.R.C.P. 12 and Memorandum of Law in Support of Motion to Dismiss Under that Rule

A Rule 12 (b)(6) motion to dismiss addresses the legal sufficiency of a complaint.  A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief.  Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986).  In ruling on a motion to dismiss, a court must

view the complaint in the light most favorable to the plaintiff and take its allegations as true. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Quinones v. Durkis, 638 F. Supp. 856 (S.D. Fla. 1986).  A motion to dismiss for failure to state a claim may nevertheless be granted when the movant establishes beyond doubt that the plaintiff can prove no set of facts to support his claim that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998).

"Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist." Wagner v. Daewoo Heavy Indus. Am. Corp., 289 F.3d 1268, 1270 (11th Cir. 2002) (citations omitted), rev'd on other grounds, 314 F.3d 541.  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted).

In ruling on a motion to dismiss for failure to state a claim, while courts must leniently interpret a complaint that is drafted by a pro se litigant, a court is not given license to serve as de facto counsel for a pro se litigant or to redraft his otherwise deficient pleadings to avoid dismissing the action.  GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).  Accord Gibbs v. Republic Tobacco, L.P., 119 F. Supp. 2d 1288, 1290 (M.D. Fla. 2000) (noting further that "Although a complaint submitted pro se must be construed liberally, when deciding a motion to dismiss, a court can only examine the four corners of the complaint") (citations omitted).

Finally, there is no duty on the part of the trial court or the appellate court to create a claim which the plaintiff does not spell out in his or her pleadings.  Case v. State Farm Mut.

Auto. Ins. Co., 294 F.2d 676, 677-68 (5th Cir. 1961).

**B.      The Plaintiff has failed to state a claim for a violation of the Americans with Disabilities Act.**

In Count I of her Amended Complaint the Plaintiff attempts to state a cause of action for violation of the Americans with Disabilities Act (the "ADA").  In Count II, she purports to assert a claim for discrimination under the Rehabilitation Act.

When a plaintiff sues for the same relief under both the ADA and the Rehabilitation Act, the court will fuse those causes of action, since both Acts provide similar relief and remedies.  See Stewart v. County of Brown, 86 F.3d 107 (7th Cir. 1996).  Therefore, the analysis set forth here will be the same analysis that should be applied to FORBES' claims as alleged in Count II.

FORBES fails entirely to state a claim for which relief can be granted, for either violation of the ADA, or discrimination under the Rehabilitation Act, because:

**a.      The Plaintiff has failed to allege facts sufficient to recover under title II of the ADA.**

Title II of the American with Disabilities Act is a prohibition of "various forms of disability discrimination by a public entity."   In re Allegheny Health, Educ. and Research Found., 321 B.R. 776, 792 (Bkrtcy. W.D. Pa. 2005); Ellis v. Morehouse Sch. of Med., 925 F. Supp 1529, 1539 (N.D. Ga. 1996).  Absent other specific considerations, a private school is not a public entity under Title II of the ADA.  Id.

FORBES has not alleged any facts which could be reasonably construed so as to bring the Defendant within the meaning of a "public entity" as enumerated in Title II of the ADA.  Accordingly, even if all facts alleged by the Plaintiff are accepted as true for purposes of this

Motion, she would still not be entitled to recover under Title II of the ADA, and Count I of the Plaintiff's Amended Complaint should be dismissed.

**b.     The Plaintiff has failed to sufficiently allege the existence of a disability under title III of the ADA.**

To prevail on a claim under ADA Title III, "[the] plaintiff must prove that (a) [ ] she has a disability within the meaning of the ADA, [and] (b) [that] she was discriminated against by [the] defendant on the basis of [ ] her disability."  In re Allegheny Health, Educ. and Research Found., id. 321 B.R. at 793; Bowers v. Nat'l Collegiate Athletic Ass'n, 9 F. Supp 2d 40, 475-78 (D.N.J. 1998).   A "disability" under the ADA is defined as a "mental impairment that substantially limits one or more of the major life activities."   42 U.S.C. § 12102(2) (2005). Although the definition can encompass a disability which affects one's ability to learn, "a learning disability does not always qualify as a disability under the ADA."   In re Allegheny Health, Educ. and Research Found., 321 B.R. at 794 (quoting Price v. Nat'l Bd. of Med. Exam'rs, 966 F. Supp. 419, 425 (S.D. W.Va. 1997) (internal quotations omitted).  To come within the parameters of the ADA's definition of disability, a plaintiff like FORBES must sufficiently allege and prove that her impairment restricts her "ability to participate in an important life activity – such as, for instance, learning – **when compared with most people**." Id. (emphasis added); see also, Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 198 (2002).

In her Amended Complaint, FORBES simply makes a conclusory assertion that she "suffers from a psychological disability known as Post Traumatic Stress Disorder (PTSD)," which is followed by another bare assertion that her disability "interfered with one or more major

life activities."   Amended Complaint, ¶¶ 37, 109.  As a threshold matter, interference with a major life activity is not the standard to trigger the protections of the ADA; rather one's disability must "**substantially limit**" a major life activity.  42 U.S.C. § 12102 (2005) (emphasis added).  Nowhere in the Amended Complaint does FORBES allege that her PTSD substantially limits any of her major life activities.  Assuming that one were able to infer from the general "Factual Allegations" of the Amended Compliant that the Plaintiff's PTSD has affected her ability to learn, and thus constituted a learning disability, the Amended Complaint still fails to allege that this learning disability has restricted her ability to learn "as compared to the average person having comparable training, skills and abilities."  Cf. Gazaway v. Makita U.S.A., Inc., 11 F. Supp. 2d 1281, 1286, (D. Kan. 1998).

The Plaintiff has failed to allege the existence of a disability within the meaning of the ADA, inasmuch as she has failed to allege that her purported PTSD substantially limits one or more major life activities.  Moreover, she has failed to allege that her disability has restricted her ability to learn as compared to her peers.  Therefore, Count I of the Amended Complaint should be dismissed based on the Plaintiff's failure to state a claim upon which relief can be granted.

> **c.**     **The Plaintiff has failed to sufficiently allege that she was otherwise qualified to enjoy the services or facilities of the Defendant's program.**

In addition to establishing the existence and sufficiency of a "disability" under the ADA, the Plaintiff also must establish that "she is otherwise qualified…to enjoy" the services or facilities which she is claiming that the Defendant denied her.  In re Allegheny Health, Educ. and Research Found., 321 B.R. at 793 (interpreting 42 U.S.C. § 12182(b)(2)(A)(i)-(iii) (1995)).  This requirement means that the Plaintiff must allege and prove that, setting aside the existence of the

disability, she would be otherwise qualified for the service or benefit which she is claiming was denied on the basis of disability.  Without such a pleading requirement, any person who was disabled under the meaning of the ADA would have to be admitted to, and guaranteed success in, any institution of higher education, without regard to their talents or qualifications, simply on the basis of their disability.  Such an absurd result is not mandated by the ADA.  See, e.g., Mershon v. St. Louis Univ., 442 F. 3d 1069, 1076 (8th Cir. 2006) ("It is beyond question that it would fundamentally alter the nature of a graduate program to require the admission of a disabled student who cannot, with reasonable accommodations, otherwise meet the academic standards of the program.")

Here, FORBES has failed to allege that she was "otherwise qualified, with or without reasonable accommodations, to enjoy the . . . services [or] facilities" of ST. THOMAS.  Cf. In re Allegheny Health, Educ. and Research Found., 321 B.R. at 793 (interpreting 42 U.S.C. § 12182(b)(2)(A)(i)-(iii) (1995)).  This is a necessary predicate, and its absence here forecloses any possibility for FORBES to recover under the theory set forth in Count I of her Amended Complaint.  Thus, Count I of her Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12 (b)(6).

> **C.     The Plaintiff has failed to state a claim for discrimination under the Rehabilitation Act.**

Because the analysis will be the same for the Plaintiff's claims set forth in Count II, as it was for her claims in Count I, see Stewart v. County of Brown, 86 F.3d 107 (7th Cir. 1996), she fails in Count II to state a claim for upon relief can be granted, just as she failed in Count I. Therefore, for the same reasons as set forth above, Count II of the Amended Complaint must be

dismissed pursuant to Rule 12 (b)(6), for failure to state a claim upon which relief may be granted.  Fed.R.Civ.P. 12 (b)(6).

> **D.     The Plaintiff has failed to state a claim for negligent misrepresentation.**

In Count III of the Amended Complaint, the Plaintiff has asserted a cause of action for negligent misrepresentation.  <u>See</u> Amended Complaint, ¶¶ 119 – 123.  She alleges that "Defendant's representations were made either intentionally or they were made without knowledge of its truth or falsity . . . Defendant knew the representations were false . . . [and] Plaintiff reasonably relied upon the representations."  <u>Id.</u>  FORBES has failed to assert a proper cause of action for negligent misrepresentation under Florida law.

To state a claim for negligent misrepresentation a plaintiff must allege "(1) a false statement concerning a material fact; (2) the representor reasonably should have known of the statement's falsity; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation.  <u>Rogers v. Cisco Sys., Inc.</u>, 268 F.Supp.2d 1305 (N.D. Fla. 2003) (<u>citing</u> <u>C & J Sapp Publ'g Co. v. Tandy Corp.</u>, 585 So. 2d 290, 292 (Fla. 2d DCA 1991); <u>Atlantic Nat'l Bank of Fla. v. Vest</u>, 480 So. 2d 1328, 1332 (Fla. 2d DCA 1985)).[2]

---

[2]   Although FORBES' case is in Federal Court because of feral question jurisdiction, Florida law applies to this action where the parties are diverse.  (FORBES has alleged that she is a resident of New York (DE # 3, ¶ 2) and that ST. THOMAS is a resident of Miami-Dade County, Florida (DE # 3, ¶ 3)).  <u>See</u> <u>Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n</u>, 117 F.3d 1328, 1336 n.3 (11th Cir. 1998) (applying Florida law to an action where the parties had diversity of citizenship).  Furthermore, although FORBES' action is not in Federal Court solely on the basis of diversity among the parties (but is instead in Federal Court because of the alleged presence of a federal question on the face of her Amended Complaint), it must be noted that the parties are diverse and "[i]f a case is in federal court based on diversity of citizenship, the forum state's law governs the substantive claims, but federal law governs the specificity with which to allege them."  <u>Leavitt v. Cole</u>, 291 F. Supp. 2d 1338, 1341 (M.D. Fla. 2003) (<u>citing</u> <u>Caster v. Hennessey</u>, 781 F.2d 1569, 1570 (11th Cir. 1986)).

FORBES has failed to allege all of the necessary elements to survive a motion to dismiss; she has not alleged that she suffered any injury as a result of the alleged negligent misrepresentation.  Accordingly, Count III of the Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted.  Fed.R.Civ.P. 12 (b)(6).

> **E.    The Plaintiff's breach of contract claim and claim for unconscionable contract should each be dismissed for failure to state a claim.**

In Count IX of the Amended Complaint, the Plaintiff alleges that ST. THOMAS breached its contractual obligations to the Plaintiff by violating the terms set forth in the handbook.  See Amended Complaint, ¶ 156.  The Plaintiff further alleges that ST. THOMAS breached its contractual obligations to the Plaintiff by violating terms set forth in a verbal contract in an alleged January or February meeting regarding accommodations.  Id. at ¶ 157.  Lastly, the Plaintiff alleges that the terms set forth in the handbook constitute a contract of adhesion.  Id. at ¶ 159.

To properly assert a breach of contract claim the Plaintiff must allege the following elements: (1) a valid contract; (2) a material breach; and (3) damages.  J.J. Gumberg Co. v. Janis Servs., Inc., 847 So. 2d 1048, 1049 (Fla. 4th DCA 2003).   Under Florida law, a student and a private university have a contractual relationship.  John B. Stetson Univ. v. Hunt, 102 So. 637, 640 (Fla. 1924); see also, Sharick v. Southeastern Univ. of Health Sciences, Inc., 780 So. 2d 136, 138 (Fla. 3d DCA 2000).  The terms and conditions of that contractual relationship may include the publications of the private university at the time of enrollment.  Sharick, 780 So. 2d at 138. The university's publications are terms of an "implied-in-fact contract" rather than an express contract.  Id.

FORBES has not alleged in her Amended Complaint a cause of action or a claim for breach of contract upon which relief can be granted.  Under Florida law, contracts implied in fact are inferred from the facts and circumstances of the case.  Eskra v. Provident Life & Accident Ins. Co, 125 F.3d 1406, 1413 (11th Cir. 1997).  "An implied contract must contain **all the elements of an express contract** and it arises only where there are circumstances which show a mutual intent to contract."  Miles v. Tennessee River Pulp & Paper Co., 862 F.2d 1525, 1528-29 (11th Cir. 1989) (emphasis added).  "The requisite elements of an express contract are agreement, consideration, two or more contracting parties, legal object, and capacity."  Id. at n.10.

"In inferring a contract implied in fact, a court should give to the implied contract the effect which the parties, as fair and reasonable men, presumably would have agreed upon if, having in mind the possibility of the situation which has arisen, they had contracted expressly in reference thereto."  Rabon v. Inn of Lake City, Inc., 693 So. 2d 1126, 1131 (Fla. 1st DCA 1987) (citing Bromer v. FP&L, 45 So. 2d 658, 660 (Fla. 1949)).  The Court is free to interpret terms of any implied contract and find that the Plaintiff fails to state a claim for a breach of those terms.

As already noted, the Plaintiff in the breach of contract claim (Count IX) alleges that:  the ST. THOMAS "violat[ed] the terms set forth in the handbook" (¶ 156); the Defendant "violat[ed] the terms set forth in the verbal contract in the January or February meeting regarding accommodations" (¶ 157); ST. THOMAS "materially breached contracts, both express and implied" (¶ 158); the Defendant included "unreasonable terms set forth in the handbook" that "constitute[d] an adhesion contract" (¶ 159); and that "Plaintiff conducted herself in reliance on the verbal contract agreed to in the February meeting with Dean John Hernandez" (¶ 160).

Even giving FORBES the benefit of the doubt as a *pro se* Plaintiff, and referring back to the prolix "Factual Allegations" of her Amended Complaint (DE #3, pp. 1- 11), there is more than a little lacking in her breach of contract claim (Count IX), and that lack leads to a failure on her part to state a claim for which relief can be granted.  FORBES never makes clear in her pleading what the agreement was that was allegedly breached; how it was breached; by whom it was breached (what actor or agent of the Defendant); that the party breaching the agreement was in fact an agent or actor of the Defendant; that that alleged breach was material; in what manner the alleged breach was material, i.e., went to the heart or the essence of the contract; that her alleged reliance was reasonable; or any other element for the existence and breach of an oral or implied-in-fact contract.  Because FORBES has failed to state a claim for breach of contract upon which relief can be granted, her Amended Complaint must be dismissed.  Fed.R.Civ.P. 12 (b)(6).

The Plaintiff's claims for "Unconscionable Contract," in Count XVII, appear to be duplicative of her claims in ¶ 159 (Count IX, Breach of Contract), which were to the effect that the terms of the handbook constituted a contract of adhesion.  FORBES in Count XVII alleges, among other things, that:  she "lacked meaningful choice" (¶ 199); the terms of the handbook contract were "unfair and unreasonable" (¶ 200); that she "did not have the opportunity to understand all the terms in the contract" (¶ 201); and that there was "unequal bargaining power between Plaintiff and Defendant, in favor of the Defendant" (¶ 204), and that she was the non-drafting party (¶ 203).  These allegations do not rise to the level of stating a claim for the existence of an unconscionable contract, which has been defined as "an agreement as no sane man not acting under a delusion would make and that no honest man would take advantage of."

See Dale v. Comcast Corp., 498 F.3d 1216, 1219 n.4 (11th Cir. 2007).

Simply put, FORBES' claims for both breach of contract (Count IX) and unconscionable contract (Count XVII) fail to state a claim upon which relief can be granted for either of those causes of action, and each count must therefore be dismissed.  Fed.R.Civ.P. 12 (b)(6).

> **F.    Plaintiff's negligence claim against the Defendant is not cognizable under Florida law and should be dismissed.**

In Count X of the Amended Complaint, the Plaintiff attempts to state a cause of action for negligence.  She alleges that ST. THOMAS had a duty to adequately provide Plaintiff with educational services in a professional and ethical manner.  See Amended Complaint, at ¶ 164. FORBES further alleges that Defendant failed to adequately provide her with educational services in a professional and ethical manner and that such failure constituted a breach of duty. Id. at ¶ 165.   In essence, the Plaintiff is asserting a claim for educational malpractice or negligence.

Whether a duty exists is a question of law for the court to determine.  Kaufman v. A-1 Bus Lines, Inc., 363 So. 2d 61 (Fla. 3d DCA 1978).  The Plaintiff's negligence claim against the Defendant is not cognizable under Florida law, because it is in reality a claim for education malpractice.  Florida law does not recognize a claim for "educational malpractice."  Tubell v. Dade County Public Schools, 419 So. 2d 388, 389 (Fla. 3d DCA 1982).

In Tubell, the basis of plaintiff's complaint was a mis-testing and misclassification resulting in the plaintiff being placed in an improper special educational program for a number of years, to his detriment.  Id. at 389.  The Third District, in affirming the trial court's entry of summary judgment in favor of the defendants, held that "even if these allegations are correct

**there is no cause of action stated**."  Id. (emphasis added).

Similarly, in Watts v. Florida Int'l Univ., No. 02-60199-CIV, 2005 WL 3730879 (S.D. Fla. June 9, 2005), the plaintiff asserted several negligence counts against a university.  The defendants moved to dismiss those counts on the basis that the negligence claims amounted to a claim for "educational malpractice."  In dismissing the complaint, the court cited to the Tubell decision and held that "Florida has rejected a claim for 'educational malpractice.'"  Id. at 12.[3]

The Plaintiff's negligence claim against ST. THOMAS, which is in reality a disguised "educational malpractice" claim is not recognized by Florida law.  Tubell, 419 So. 2d at 388, 389.  Therefore, her claim for negligence against ST. THOMAS, which is embodied in her Count X, should be dismissed for failure to state a claim.  Fed.R.Civ.P. 12 (b)(6).  They should also be dismissed for another reason, as set forth below.

G.    **The Economic Loss Rule bars the Plaintiff's claims for negligent misrepresentation, intentional misrepresentation, breach of fiduciary duty, fraud, constructive fraud, and negligence against the Defendant, and so therefore as a matter of law those counts of the Plaintiff's Amended Complaint must be dismissed.**

In Counts III, IV, V, VI, VII, and X, the Plaintiff has asserted tort claims for negligent misrepresentation, intentional misrepresentation, breach of fiduciary duty, fraud, constructive fraud, and negligence, respectively.  These tort claims all arise out of the same acts that allegedly gave rise to the Plaintiff's breach of contract claim (Count IX).  These claims, however, are barred by Florida's so-called Economic Loss Rule.

---

[3]  The Eleventh Circuit later vacated this dismissal, in Watts v. Florida Int'l Univ., 495 F.3d 1289, 1300- 01 (11th Cir. 2007), although not on the merits of the claim.  The court stated:  "We will vacate the judgment as to all of them and remand them to the district court for further proceedings in light of our reversal of its judgment as to the federal free exercise claim. Obviously, we are not implying any view as to the merits of any of the state law claims."

The Economic Loss Rule is a "judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." <u>Maliner v. Wachovia Bank, N.A.</u>, No. 04-60237CIV, 2005 WL 670293 (S.D. Fla. Mar. 1, 2005) (*citing* <u>Indem. Ins. Co. v. Am. Aviation, Inc.</u>, 891 So. 2d 532, 536 (Fla. 2004)).  The Economic Loss Rule provides that a party who contracts for services may not recover in tort for purely economic losses unless the other party's conduct establishes a "tort 'distinguishable from or independent of [the] breach of contract.'"  <u>AFM Corp. v. Southern Bell Tel. & Tel. Co.</u>, 515 So. 2d 180, 181 (Fla.1987) (<u>quoting</u> <u>Lewis v. Guthartz</u>, 428 So. 2d 222, 224 (Fla. 1982)).  The Florida Supreme Court has also held that "[w]here a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breached the contract." <u>HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.</u>, 685 So. 2d 1238, 1239 (Fla. 1996). That is, the claims that are non-contractual claims must be independent from the breach of contract claims, or they will be barred by the Economic Loss Rule.

In the instant case, the Plaintiff's negligence claim is based on the implied contractual relationship between ST. THOMAS and the Plaintiff, and is not distinguishable from her breach of contract claim.  Accordingly, the negligence claim is barred by the Economic Loss Rule and must be dismissed.  <u>See</u> <u>Florida Power & Light Co. v. Westinghouse Elec. Corp.</u>, 510 So. 2d 899, 902 (Fla. 1987) (holding that negligence claims based on breach of contract are barred by economic loss rule).

FORBES' claims for negligent misrepresentation (Count III), intentional misrepresentation (Count IV), breach of fiduciary duty (Count V), fraud (Count VI), constructive

CASE NO.:  07-22502-CIV-HOEVELER
_____

fraud (Count VII), and negligence (Count X) all fail to allege any facts separate from her breach of contract claim (Count IX).  The Economic Loss Rule bars causes of action in tort between parties to a contract—here, the parties to the contract for education at ST. THOMAS—unless there is proof of a tort **independent of the breach of contract**.  The Economic Loss Rule compels the dismissal of FORBES' claims set forth in Counts III, IV, V, VI, VII and X of her Amended Complaint, because those claims are not distinguishable from the alleged breach of contract set forth in Count IX.

> **H.     The Plaintiff's claims for breach of fiduciary duty must also be dismissed for failure to state a claim upon which relief can be granted.**

The Plaintiff's allegations in Count V of her Amended Complaint for breach of fiduciary duty must be dismissed for the additional reason that she fail to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12 (b)(6).  FORBES has failed to allege any facts that would indicate a special relationship existed between herself and ST. THOMAS that created a fiduciary duty separate from the parties' contractual duties.  FORBES simply alleges that "[t]he nature of the relationship between Plaintiff and Defendant was such that Plaintiff had a special confidence in Defendant and Defendant accepted her trust and the duty to advise Plaintiff."  See Amended Complaint, ¶ 130.  FORBES has simply pled the existence of a contractual relationship for the provision of her education.  Under Florida law, a cause of action for breach of fiduciary duty will not lie where the claim of breach is dependent upon the existence of a contractual relationship between the parties.  See Greenfield v. Manor Care, Inc., 705 So. 2d 926, 932 (Fla. 4th DCA 1997), overruled on other grounds by Beverly Enters.-Florida, Inc. v. Knowles, 766 So. 2d 335, (Fla. 4th DCA 2000); abrogated on other grounds, Thompson v. Kindred Nursing Ctrs. East,

LLC, 211 F.Supp.2d 1345 (M.D. Fla. 2002).  Such a claim must arise out a special relationship

independent of the contract, and the alleged breach of same.  Greenfield, 705 So. 2d at 932.

FORBES' breach of fiduciary duty claim, which is wholly dependent upon the existence

of a contract between FORBES and ST. THOMAS, and the alleged breach of that contract, must

be dismissed for failure to state a claim upon which relief can be granted under Florida law.

Fed.R.Civ.P. 12 (b)(6).

I.      **The Plaintiff's claims for fraud must be dismissed for failure to state a claim upon which relief can be granted.**

It is true that "a court considering a motion to dismiss for failure to plead fraud with

particularity should always be careful to harmonize the directives of Rule 9 (b) with the broader

policy of notice pleading" as embodied in Rule 8.  See Friedlander v. Nims, 755 F.2d 810, 813

n.3 (11th Cir. 1985).  However, Rule 9 (b) **does** still require that in all averments of fraud or

mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  As the

Eleventh Circuit noted in Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001):

> Rule 9 (b) is satisfied if the complaint sets forth (1) precisely what
> statements were made in what documents or representations or
> what omissions were made and (2) the time and place of each such
> statement and the person responsible for making (or, in the case of
> omissions, not making) same, and (3) the content of such
> statements and the manner in which they misled the plaintiff, and
> (4) what the defendants obtained as a consequence of the fraud.
> (citations omitted)

FORBES' Count VI for Fraud, and Count VII for Constructive Fraud, fail entirely to set

forth any of the circumstances that constitute the alleged fraud, in the manner contemplated by

Rule 9 and applicable Eleventh Circuit case law.  Therefore, her claims in Count VI and Count

VII must be dismissed for failure to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12 (b)(6).

> **J.**    **Florida's "impact rule" precludes recovery under a negligence theory in the absence of a physical impact, and the Plaintiff's claim for negligent infliction of emotional distress must therefore be dismissed for failure to state.**

Florida's impact rule provides that "before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from the **physical injuries the plaintiff sustained in an impact**."  R.J. v. Humana of Florida, Inc., 652 So. 2d 360, 362 (Fla. 1995) (emphasis added).  Therefore, unless the emotional damages resulted from a physical injury, the impact rule precludes recovery.  School Bd. of Miami-Dade County, Florida v. Trujillo, 906 So. 2d 1109, 1111 (Fla. 3d DCA 2005).  See also Gonzalez-Jimenez de Ruiz v. United States, 231 F. Supp. 2d 1187, 1200- 01 (M.D. Fla. 2002) (stating that "Florida does not recognize the tort of negligent infliction of emotional distress.  Rather, under Florida law, recovery of damages for negligent infliction of emotional distress is not permitted 'unless the plaintiff manifests some physical injury as a result of the emotional trauma.'") (citing Holt v. Rowell, 798 So. 2d 767, 769 (Fla. 1st DCA 2001)).

The Florida Supreme Court has recognized exceptions where a plaintiff may recover for emotional damages even though he or she suffered no impact or physical manifestation of the injuries.  These exceptions, however, "have been narrowly created and defined in a certain very narrow class of cases in which the foreseeability and gravity of the emotional injury involved, and lack of countervailing policy concerns, have surmounted the policy rationale undergirding the application of the impact rule."  Rowell v. Holt, 850 So. 2d 474, 478 (Fla. 2003).

For example, the Florida Supreme Court has noted that the impact rule does not apply to any intentional torts, such as defamation, invasion of privacy, and intentional infliction of emotional distress.  Id. at 478 n.1.  The rule also appears not to apply to "freestanding torts" which exist regardless of what emotional damages may accompany those torts (such as wrongful birth).  See Kush v. Lloyd, 616 So. 2d 415, 422 (Fla. 1992).

In the negligence count of her Amended Complaint (Count X), FORBES alleges that she was proximately damaged as a result of the ST. THOMAS' negligence.  See Amended Complaint, ¶ 166.  The Plaintiff lists damages that she allegedly suffered including damages for mental anguish, humiliation, mental distress, and anxiety.  Id.  Under Florida law, the Plaintiff is precluded from recovering these damages under a negligence theory.

In Greenacre Props., Inc. v. Rao, 933 So. 2d 19, 25 (Fla. 2d DCA 2006), Florida's Second District Court of Appeal held that the impact doctrine "requires proof of a physical injury or illness before a plaintiff is permitted to recover **any type of damages** awardable under a negligence theory." (Emphasis added).  The Plaintiff has not alleged that she suffered a physical injury or impact.  The impact rule applies and therefore the Plaintiff is precluded from recovering for any and all damages under a negligence theory.

**K.      The Plaintiff's claim for failure to deal in good faith should be dismissed because in Florida, there is no separate claim for failure to deal in good faith.**

In Count XII of the Amended Complaint, the Plaintiff alleges a cause of action for "failure to deal in good faith" on the part of the Defendant.  See Amended Complaint, ¶ 170 – 173.  The Plaintiff alleges that the Defendant was "under an obligation to deal in good faith with Plaintiff at all relevant times" and that Defendant "breached their [sic] obligation to deal in good

faith in their [sic] dealings with the Plaintiff."  <u>Id.</u> at ¶ 172.

It is established under Florida law that "the implied covenant of good faith and fair dealing is a part of every contract."  <u>Burger King Corp. v. Weaver</u>, 169 F.3d 1310, 1315 (11th Cir. 1999) (<u>citing</u> <u>County of Brevard v. Miorelli Eng'g, Inc.</u>, 703 So. 2d 1049, 1050 (Fla. 1997)). The covenant of good faith and fair dealing, however, is limited in two ways.  First, a claim for breach of the implied covenant of good faith and fair dealing "must be accompanied by an allegation that an express term of the contract has been breached."  <u>Weaver</u>, 169 F.3d at 316. Second, "[t]he implied obligation of good faith cannot be used to vary the terms of an express contract."  <u>Ernie Haire Ford, Inc. v. Ford Motor Co.</u>, 260 F.3d 1285, 1291 (11th Cir. 2001) (<i>citing</i> <u>Ins. Concepts and Design, Inc. v. Healthplan Servs., Inc.</u>, 785 So. 2d 1232, 1234 (Fla. 4th DCA 2001)).

To establish a breach of the implied duty of good faith and fair dealing, the Plaintiff must allege "a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence; but, rather by a conscious and deliberate act, which unfairly frustrates the agreed common purpose and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement."  <u>Mount Sinai Med. Ctr. of Greater Miami, Inc. v. Heidrick</u><i>,</i> 329 F.Supp.2d 1309, 1313 (S.D. Fla. 2004) (<u>citing</u> <u>Shibata v. Lim</u>, 133 F. Supp. 2d 1311, 1319 (M.D. Fla. 2000)) (<u>citing</u> <u>Cox v. CSX Intermodal, Inc.</u>, 732 So. 2d 1092, 1097 (Fla. 1st DCA 1999)).

The Plaintiff has failed to allege how ST. THOMAS deprived her of the benefits of her implied contract with ST. THOMAS.  The Plaintiff has also failed to allege that an express term of the contract was breached by ST. THOMAS.  <u>Cf.</u> <u>Weaver</u>, 169 F.3d at 316.  Additionally, the

Plaintiff's claim for breach of the implied duty of good faith and fair dealing is duplicative of Plaintiff's breach of contract claim.  In <u>Weaver</u>, the Eleventh Circuit held that "no independent cause of action exists under Florida law for breach of the implied covenant of good faith and fair dealing." <u>Weaver</u>, 169 F.3d at 1317.  Accordingly, the Plaintiff's claim for failure to deal in good faith against the Defendant should be dismissed as duplicative, pursuant to <u>Weaver</u>, and for failure to state a claim.  Fed.R.Civ.P. 12 (b)(6).

> **L.    The Plaintiff has failed to allege all of the elements for unjust enrichment in the Complaint, and therefore has failed to state a claim for which relief can be granted.**

In Count XII of the Amended Complaint, the Plaintiff alleges a cause of action for unjust enrichment against the Defendant.  <u>See</u> Amended Complaint, ¶¶ 174 – 178.  Plaintiff alleges that "[d]ue to Defendant's statements, actions, and omissions, Defendant was unjustly enriched and Plaintiff is entitled to judgment requiring Defendant to disgorge funds unjustly received."  <u>Id.</u> at ¶ 175.

In Florida, a plaintiff cannot recover under theories of both unjust enrichment and breach of contract.  <u>See</u> <u>Tobin & Tobin Ins. Agency, Inc. v. Zeskind</u>, 315 So. 2d 518, 520 (Fla. 3d DCA 1975).  The elements of a cause of action for unjust enrichment are: (1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying for it.  <u>Peoples Nat. Bank of Commerce v. First Union Nat. Bank of Florida, N.A.</u>, 667 So. 2d 876, 879 (Fla. 3d DCA 1996) (<u>citing</u> <u>Hillman Const. Corp. v. Wainer</u>, 636 So. 2d 576, 577 (Fla. 4th DCA 1994)).

The Plaintiff has failed to allege sufficient facts to support a claim for unjust enrichment.

According to the Amended Complaint, the Plaintiff applied to and was accepted at ST. THOMAS for the purpose of obtaining a law degree (Juris Doctor).   In other words, ST. THOMAS was providing educational services to the Plaintiff in exchange for tuition fees.   The terms of the implied contract, as set forth in the Student Handbook for 2006 – 2007,[4] required students to maintain a cumulative 2.0 grade point average.   See Amended Complaint, ¶¶ 6. When the Plaintiff could not maintain the requisite cumulative 2.0 grade point average, she was dismissed from ST. THOMAS.  Id.  The Plaintiff was not required to continue to pay tuition after she was dismissed from ST. THOMAS.

The only "benefits" that the Plaintiff conferred on ST. THOMAS were in the form of tuition fees.  But, as stated above, ST. THOMAS provided educational services in exchange for these tuition fees.   When the educational services ended, so did the payment of tuition by FORBES.   Thus, FORBES did not confer any benefits on ST. THOMAS such that it would be inequitable for the Defendant to retain the benefit without, e.g. paying for them or giving something in return.   Cf. Peoples Nat. Bank of Commerce, 667 So. 2d at 876.   Lastly, the Plaintiff cannot base an unjust enrichment claim on alleged wrongdoing for which an independent basis for recovery exists, i.e., a breach of contract claim.   The Economic Loss Rule, discussed *infra*, prohibits the maintenance of such an action for unjust enrichment where it is not independent of the breach of contract claim.

Based on all of the foregoing, Plaintiff's Count XII of her Amended Complaint, for

---

[4]  The terms of the implied-in-fact contract that exists between a private university, such as ST. THOMAS, and its students are contained in the publications of the university, such as here, the Student Handbook.  See Jarzynka v. St. Thomas Univ. of Law, 310 F. Supp. 2d 1256, 1268, 1269 (S. D. Fla. 2004) ("[t]he terms and conditions of that contractual relationship may include the publications of the private university at the time of enrollment.  The university's publications are terms of an "implied-in-fact contract" rather than an express contract") (internal citation

unjust enrichment, must be dismissed for failure to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12 (b)(6).

> **M.     An alleged violation of American Bar Association standards does not create a private cause of action for the Plaintiff.**

In Count XIII of the Amended Complaint, the Plaintiff alleges a cause of action for "violation of A.B.A. standards."  <u>See</u> Amended Complaint, ¶¶ 179 – 182.  Plaintiff alleges that she was "entitled to protection under the Standards promulgated by the A.B.A. Council including without limitation to Standard 210, Standard 211, Standard 501, Standard 505, Standard 509, and Standard 511, promulgated by the American Bar Association under 'Approval of Law Schools.'" <u>See</u> Amended Complaint, ¶ 180.  Plaintiff further alleges that the Defendant "violated A.B.A. standards to the detriment of the Plaintiff."  <u>Id.</u> at ¶ 182.

Counsel for the Defendant has not found any case law in the United States that stands for the proposition that a violation of American Bar Association ("ABA") Standards creates such a private cause of action.  Moreover, the Plaintiff has not alleged that there is anything in the ABA Standards that creates such a private cause of action.  Although in certain instances courts will review a statute to determine if violation of it will create a private cause of action (<u>see</u>, <u>e.g.</u>, <u>Parks School of Bus., Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir.1995)), that would simply not be appropriate in this case.

The ABA standards are not enacted by the Legislature.  This Court need not review and analyze the intent of the individuals that authored these standards to determine if a private cause of action was created.  Accordingly, Count XIII of the Amended Complaint should be dismissed

omitted).

CASE NO.:  07-22502-CIV-HOEVELER
_____

for failure to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12 (b)(6).

### N. The Plaintiff's claim for emergent relief should be dismissed because it is not cognizable under Florida law.

In Count XV of the Amended Complaint, the Plaintiff alleges a cause of action for "emergent relief."  See Amended Complaint, ¶¶ 186 – 188.  The Plaintiff alleges that she is entitled to a review of his Civil Procedure II and Torts II examinations.  Id. at ¶ 187.  The Plaintiff further alleges that the "Defendant has denied Plaintiff from reviewing her Civil Procedure II and Torts II examinations by, inter alia, banning her from campus."  Id. at ¶ 188.  Plaintiff has not alleged any cognizable cause of action under Florida law or made any recognizable claim for relief.

Assuming that the Plaintiff is seeking to have this Honorable Court require ST. THOMAS to review the Plaintiff's Civil Procedure II and Torts II examinations, such relief is not permitted under Florida law.  See McCawley v. Universidad Carlos Albizu, Inc., 461 F. Supp. 2d 1251, 1257 (S.D. Fla. 2006).  Courts are generally reluctant to interfere with or substitute their judgment regarding decisions of academic institutions to award degrees.  Id. at 1257.  Such decisions are afforded great deference and are generally not disturbed absent an abuse of discretion.  Id.

In McCawley, the plaintiff-student made a claim for specific performance and asked that the defendant-university be compelled to confer on him a Ph.D. in psychology.  McCawley. at 1260.  Citing to the case of Sharick v. Southeastern Univ., 780 So. 2d 136, 139 (3d DCA 2000), the United States District Court for the Southern District of Florida court held that "Florida law prohibits such action."  Id. (citing Sharick, 780 So.2d at 139 n.1 (holding that the remedy of

CASE NO.:  07-22502-CIV-HOEVELER

specific performance is unavailable to compel the granting of a degree where an educational institution has exercised its discretion in refusing to confer such)).  The McCawley court found that the plaintiff's claim for specific performance failed "as a matter of law."  Id.

Giving FORBES the benefit of the doubt, she seems to be attempting to make a claim for specific performance to require ST. THOMAS to review the Plaintiff's Civil Procedure II and Torts II examinations.  Such relief cannot be granted under Florida law.  The Plaintiff's claim in that regard therefore must be dismissed for failure to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12 (b)(6).

> **O.    The Plaintiff's claim for defamation should be dismissed because it fails to state a claim upon which relief may be granted.**

In Count XVI of the Amended Complaint, the Plaintiff asserts a cause of action for defamation.  See Amended Complaint, ¶¶ 189 – 194.  The Plaintiff alleges that "in or around June 12, 2007, Defendant made false statements to third parties regarding the Plaintiff that was injurious to her reputation."  Id. at ¶ 191.  The Plaintiff further alleges that "Defendant's remarks regarding the Plaintiff to the Miami-Dade Police in or around June 12, 2007 fail to amount to qualified privilege."  Id. at ¶ 192.  Lastly, the Plaintiff alleges that "Defendant's remarks made to other third parties on or around June 12, 2007 Defendant's conduct was not privileged and/or Defendant's conduct amounts to abuse of privilege."  Id. at ¶ 193.

To state a cause of action for defamation under Florida law, the plaintiff must allege that: (1) defendant published a false statement, (2) that the statement was communicated to a third party, and, (3) that the plaintiff suffered damages as a result of the publication.  Parsons v. Nationwide Mut. Ins. Co., 889 F. Supp. 465, 469 (M.D. Fla. 1995) (citing Baker v. McDonald's

Corp., 686 F. Supp. 1474 (S.D. Fla. 1987), aff'd, 865 F.2d 1272 (11th Cir. 1988); Axelrod v.

Califano, 357 So. 2d 1048 (Fla. 1st DCA 1978)).

FORBES has failed to allege all the necessary elements of a defamation claim, i.e. that

the Plaintiff suffered damages as a result of the publication.  Parsons, 889 F. Supp. at 469.

Accordingly, the Plaintiff's claim for defamation should be dismissed for failure to state a claim

upon which relief can be granted.  Fed.R.Civ.P. 12 (b)(6).

> **P.      The Plaintiff has failed to properly allege a cause of action for
> intentional infliction of emotional distress.**

In Count XVIII of the Amended Complaint, FORBES attempts to assert a cause of action

for intentional infliction of emotional distress.  See Amended Complaint, ¶¶ 205 – 213.  The

Plaintiff alleges that "Defendant's conduct, actions, and statements were extreme and

outrageous," and that "Defendant knowingly and purposely intended to and/or recklessly caused

Plaintiff emotional distress."  Id. at ¶¶ 206 – 207.  FORBES then cites various instances of

conduct that she claims are extreme and outrageous.  The Plaintiff has not alleged all the

elements necessary to establish a prima facie case of intentional infliction of emotional distress,

and/or FORBES has not alleged conduct that rises to the level of extreme and outrageous, and

therefore she has failed in Count XVIII of her Amended Complaint to state a claim for which

relief can be granted.  Fed.R.Civ.P. 12 (b)(6).

Under Florida law, a plaintiff must establish the following four elements to make out a

prima facie case of intentional infliction of emotional distress: (1) extreme and outrageous

conduct by the defendant; (2) an intent to cause, or reckless disregard of the probability of

causing, emotional distress; (3) severe emotional distress suffered by the plaintiff; and (4) that

the conduct complained of caused the plaintiff severe emotional distress.  <u>Hart v. United States</u>, 894 F.2d 1539, 1548 (11th Cir.1990), <u>cert. denied</u>, 498 U.S. 980 (1990); <u>Metropolitan Life Ins. Co. v. McCarson</u>, 467 So. 2d 277, 278 (Fla. 1985).  FORBES has failed to allege that the she suffered "**<u>severe emotional distress</u>**."  Instead, she merely alleges that she sustained "emotional distress."  Accordingly, the Plaintiff has failed to allege all the elements necessary to establish a prima facie case of intentional infliction of emotional distress.

Additionally, the Plaintiff has failed to allege conduct that rises to the level of extreme or outrageous.  To sustain her claim, and withstand a motion to dismiss, the Plaintiff must allege conduct "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." <u>Metropolitan Life</u>, 467 So. 2d at 278-79.  Whether the conduct complained of is sufficiently outrageous and extreme to withstand a motion to dismiss is purely a question of law for the court to decide.  <u>Vance v. Southern Bell Tel.</u>, 983 F.2d 1573 (11th Cir.1993); <u>Baker v. Florida Nat'l. Bank</u>, 559 So. 2d 284, 287 (Fla. 4th DCA 1990).  A complaint that does not contain a sufficient basis for a court to find that the behavior complained of is egregious enough to meet this high standard must be dismissed.  <u>See Vance</u>, 983 F .2d at 1575; <u>Martin v. Baer</u>, 928 F.2d 1067, 1073 (11th Cir. 1991).

Florida courts recognize the tort of intentional infliction of emotional distress "only in the most outrageous circumstances."  <u>Habelow v. Traveler's Ins. Co.</u>, 389 So. 2d 218, 220 (Fla. 5th DCA 1980).  A court must determine from an objective point of view whether the alleged conduct is "atrocious and utterly intolerable in a civilized community."  <u>Ponton v. Scarfone</u>, 468 So. 2d 1009, 1011 (Fla. 2d DCA 1985).  In determining whether the element of outrageous

conduct is established, a court of course must look at the allegations in the light most favorable to the plaintiff.  <u>Mallock v. Southern Mem'l Park, Inc.</u>, 561 So. 2d 330, 332 (Fla. 3d DCA 1990).

FORBES has alleged that "the unreasonable procedures for the Petition for Readmission caused Plaintiff emotional distress;" "the lack of time allotted to Plaintiff to adequately prepare her petition and prepare herself for the personal hearing caused Plaintiff to suffer emotional distress;" and that there were "false statements that were made to the Miami-Dade Police Department regarding the Plaintiff."  <u>Id.</u> at ¶¶ 75, 209 – 210.  Such conduct certainly is not "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community"  <u>Metropolitan Life</u>, 467 So. 2d at 278 – 79.

Furthermore, Florida law imposes a "very high standard" on a plaintiff alleging intentional infliction of emotional distress.  <u>See</u> <u>Tucci v. Smoothie King Franchises, Inc.</u>, 215 F. Supp. 2d 1295, 1302 (M.D. Fla. 2002).  Under the Florida law of intentional infliction of emotional distress

> [l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.  Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

<u>Jones v. Law Firm of Hill & Ponton</u>, 223 F. Supp. 2d 1284, 1288 (M.D. Fla. 2002), <u>quoting</u> <u>Metro. Life Ins. Co. v. McCarson</u>, 467 So. 2d 277, 278-79 (Fla. 1985).

In Florida, the issue of whether or not the activities of the defendant rise to the level of being extreme and outrageous so as to permit a claim for intentional infliction of emotional

distress is a legal question for the court to decide as a matter of law.  See Scelta  v. Delicatessen

Support Servs., Inc., 57 F. Supp. 1327, 1358 (M.D. Fla. 1999).   The claims for intentional

infliction of emotional distress as pled by the Plaintiff fails to state a cause of action as a matter

of law, because she does not allege conduct sufficient to meet the standard of the elements of the

claim under Florida law as set out above.

Accordingly, the Plaintiff's claim for intentional infliction of emotional distress must be

dismissed because the Plaintiff has failed to properly allege all of the elements necessary to

establish  a  prima  facie  case  of  intentional  infliction  of  emotional  distress.    Additionally,

Defendant's  conduct  as  alleged  by  the  Plaintiff  does  not  rise  to  the  level  of  extreme  or

outrageous as a matter of law.

**Q.     The Plaintiff's RICO Claim should be dismissed for failure to comply
         with Local Rule 12.1.**

In Count XIX of the Amended Complaint, Plaintiff asserted a cause of action under the

Federal Racketeering Influenced and Corrupt Organizations Act (hereinafter "RICO").  Pursuant

to Local Rule 12.1 of the United States District Court for the Southern District of Florida, "in all

civil actions where a pleading contains a RICO cause of action pursuant to 18 U.S.C. §§ 1961–

1968 or §§ 772.101–772.104, Fla. Stat., the party filing the RICO claim shall, **within thirty (30)**

**days of the filing**, serve a RICO Case Statement." (emphasis added).  The RICO Case Statement

is designed to assist the Court with the processing of a RICO claim and must be a detailed,

organized,  and  specific  document.    See  Pierce  v.  Ritter,  Chusid,  Bivonia  &  Cohen,  133

F.Supp.2d 1344, 1346 (S.D. Fla. 2001).

In Pierce, the plaintiff failed to provide a RICO statement as required by Local Rule 12.1.

CASE NO.:  07-22502-CIV-HOEVELER

Id. at 1346.  The court found that the plaintiff's failure to include a RICO Statement as required by Local Rule 12.1 was grounds for dismissing both the Federal and State RICO counts.  Id.  In issuing its ruling, the Pierce court looked at other similar cases in which the plaintiff had failed to provide a RICO Statement.  See e.g., Harrison Enter., Inc. v. Moran, No. 97-4362-CIV, 1999 WL 1211753 (S.D. Fla. Aug. 30, 1999).

"[A]lthough pro se litigants are entitled to have their pleadings liberally construed, such liberal construction does not extend to a pro se litigant's failure to comply with either federal procedural rules **or local court rules**."  Jarzynka v. St. Thomas Univ. of Law, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004) (citing Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999)) (emphasis added).  "A Court may sua sponte strike a nonconforming pleading without prejudice where a pro se party fails to conform with procedural rules."  Jarzynka, 310 F. Supp. 2d at 1264 (citing Waldridge v. American Hoechst Corp., 24 F.3d 918, 923-924 (7th Cir. 1994)).  Here, the appropriate relief would be either striking or dismissing with prejudice FORBES' count alleging a RICO violation, for her non-conformance with Local Rules.

In accordance with Local Rule 12.1 the Plaintiff had until November 26, 2007, to file and serve her RICO Case Statement.  To date, she has failed to do so.  FORBES' failure to include a RICO Case Statement as required by Local Rule 12.1 is grounds for dismissing the RICO count. See Pierce, 133 F.Supp.2d at 1346.  Therefore, Count XIX of the Amended Complaint should be stricken, or dismissed with prejudice.

## III.   Memorandum of Law in Support of Motion for a More Definite Statement

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief.  Fed.R.Civ.P. 8 (a)(2).

Federal Rule of Civil Procedure 10(b) requires that the allegations of a claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . [and][e]ach claim found upon a separate transaction or occurrence . . . shall be stated in a separate count."  Fed.R.Civ.P. 10 (b).  The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading."  Byrne v. Nezhat, 261 F.3d 1075, 1129-30 (11th Cir. 2001).  As argued above, Plaintiff's Amended Complaint constitutes an impermissible shotgun pleading.

Federal Rule of Civil Procedure 12 (e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  In this case, the allegations in Counts I, II, III, IV, V, VI, VII, IX, XIV, XIX, and XX of the Complaint are so vague or ambiguous that ST. THOMAS cannot properly frame a responsive pleading.  The Plaintiff should be required to give a more definite statement in relation to her allegations set forth in those Counts of the Amended Complaint, if those claims are not dismissed in their entirety.

      **A.**      **The Plaintiff's claims for violation of the Americans with Disabilities Act and Rehabilitation Act are so vague that the Defendant cannot properly frame a response.**

In Count I of her Amended Complaint FORBES asserts a cause of action against the Defendant for "Violation of the Americans with Disabilities Act."  See Amended Complaint, ¶¶ 102 - 112.  She alleges that ST. THOMAS' conduct is "in violation of the Americans with Disabilities Act."  Id. at ¶ 110.  The Plaintiff fails to specify which title of the Americans with

Disabilities Act the Defendant has allegedly violated.

Similarly, in Count II of the Amended Complaint, FORBES attempts to assert a cause of action against the Defendant for "Discrimination under Rehabilitation Act."  <u>See</u> Amended Complaint, ¶¶ 113 - 118.  The Plaintiff alleges that she had a disability as defined or recognized under the Rehabilitation Act, and that she was denied readmission solely by reason of her disability.  <u>Id.</u> at ¶ 114 – 116.  Once again, the Plaintiff fails to specify in the Amended Complaint specifically which section of the Rehabilitation Act the Defendant has allegedly violated.  A more definite statement is appropriate under Rule 12 (e) because the allegations in Counts I and II are so vague or ambiguous that the Defendant cannot reasonably be required to frame a responsive pleading.  Fed.R.Civ.P. 12 (e).

**B.     The Plaintiff's claims for negligent misrepresentation, intentional misrepresentation, fraud and constructive fraud are so vague that the Defendant cannot properly frame a response.**

In Counts III, IV, VI, and VII, the Plaintiff asserts causes of action against ST. THOMAS for negligent misrepresentation, intentional misrepresentation, fraud and constructive fraud, respectively.  <u>See</u> Amended Complaint, ¶¶ 119 – 128, 136 – 149.  The Plaintiff has not specified which acts of fraud were committed by ST. THOMAS.  As discussed in greater detail above, Rule 9 (b) requires that all averments of fraud be pled with particularity.  Fed.R.Civ.P. 9 (b).  The Defendant cannot properly respond to the allegations of the Amended Complaint due to the vagueness or ambiguity of the Amended Complaint.

In her claim for negligent misrepresentation (Count III), FORBES alleges that "Defendant's representations were made either intentionally or they were made without knowledge of its truth or falsity;" that "Defendant knew the representations were false;" and that

"Plaintiff reasonably relied upon the representations."  <u>Id.</u> at ¶¶ 119 – 123.  The Plaintiff fails to specify which representations were false as it pertains to her claim for negligent misrepresentation.  Instead she leaves it to the Defendant to sort through the 101 paragraphs of general allegations to determine which allegations pertain to the alleged negligent misrepresentation.

The same holds true for Plaintiff's claim for intentional misrepresentation (Count IV), in which FORBES alleges that "Defendant made false representations concerning material facts;" that "Defendant knew the representations were false;" and that "Plaintiff reasonably relied upon the representations."  <u>Id.</u> at ¶¶ 124 – 128.  Again, ST. THOMAS would be put to the task of sifting through the general allegations of the Amended Complaint to determine what is relevant to the intentional misrepresentation count (and still might not be able to make that determination).

The Plaintiff's claim for fraud (Count VI) provides more details, but still falls far short of the requirements of Fed.R.Civ.P. 9.  FORBES alleges that "Defendant made misrepresentations of material fact" and that "Defendant knew or should have known of the falsity of the statements."  <u>Id.</u> at ¶¶ 137 – 138.  She does not specify the misrepresentations of material fact that allegedly give rise to her count for fraud against ST. THOMAS.  Although the Plaintiff does mention that "Defendant failed to disclose the second semester exam format within a reasonable amount of time," it is unclear which of the general allegations also pertain or constitute "misrepresentations of material fact" that may give rise to Plaintiff's claim for fraud.

Lastly, the Plaintiff's claim for constructive fraud (Count VII) also fails to satisfy the requirements of Rule 9.  FORBES alleges in that count that "Defendant took unconscionable and

improper advantage at the expense of the Plaintiff," and that "Defendant misrepresented and/or concealed material facts to/from the Plaintiff." Id. at ¶¶ 146 – 147.  Consistent with her prior allegations, the Plaintiff again fails to specify which acts Defendant allegedly misrepresented and/or concealed.

This Motion for a More Definite Statement should be granted because the allegations in Counts III, IV, VI, and VII, are so vague or ambiguous that ST. THOMAS cannot reasonably be required to frame a responsive pleading.  Fed.R.Civ.P. 12 (e).  ST. THOMAS cannot properly formulate a response because, to do so, it would be required to sift through the 101 paragraphs of general allegations and make a determination of which paragraphs pertain to each respective count (if it could even make that determination, which it likely could not).  The Plaintiff must give more detail as to which general claims relate to which counts of her Amended Complaint. She must be required to make a more definite statement, if her claims are not simply dismissed outright.

**C.      The Plaintiff's claim for breach of fiduciary duty is so vague or ambiguous that the Defendant cannot properly formulate a response.**

In Count V of the Amended Complaint, FORBES attempts to state a cause of action for breach of fiduciary duty against ST. THOMAS.  See Amended Complaint, ¶¶ 129 – 135.  The Plaintiff alleges that the nature of the relationship between Plaintiff and Defendant was such she had a special confidence in ST. THOMAS; ST. THOMAS owed a fiduciary duty to her; ST. THOMAS breached its fiduciary relationship; ST. THOMAS had a duty to disclose material facts and knowledge of some such facts that were allegedly in Defendant's sole possession; and that as a proximate result of the Defendant's alleged breach, the Plaintiff suffered damage.  Id.

The Plaintiff has made only conclusory statements that ST. THOMAS breached its fiduciary relationship with her. FORBES has failed to provide factual support for her claim, and instead that Plaintiff "repeats and realleges all prior allegations," once again leaving the Defendant to sift through 101 paragraphs of general allegations to determine which apply to the breach of fiduciary duty cause of action (if such a determination is in fact possible). FORBES must give a more definite statement in relation to these claims, if not they should be dismissed.

**D.** **The Plaintiff's claims for violation of state and federal statutes are so vague or ambiguous that the Defendant cannot properly formulate a response.**

In Count XIV of the Amended Complaint, the Plaintiff asserts a cause of action for "violating state and federal statutes." <u>See</u> Amended Complaint, ¶¶ 183 – 185. The Plaintiff alleges that Defendant was "entitled to the benefit and protection of state and federal statutes and regulations with regard to refund policies, provision of education services, and dismissal policies for students participating in loan programs. <u>Id.</u> at ¶ 185.

FORBES has failed to specify which state and federal statutes ST. THOMAS supposedly violated. The Defendant cannot properly formulate a response. A more definite statement is appropriate under Rule 12(e) because the allegations in Counts XIV are so vague or ambiguous that the Defendant cannot reasonably be required to frame a responsive pleading. Fed.R.Civ.P. 12 (e).

**E.** **The Plaintiff's RICO claim is so vague that the Defendant cannot properly formulate a response.**

In Count XIX of the Amended Complaint, the Plaintiff asserts a cause of action under the RICO statute. <u>See</u> Amended Complaint, ¶¶ 214 – 217. To summarize, the Plaintiff alleges that

the Defendant devised a plan whereby enrollment would be increased to enhance revenues from tuition and, in an effort to improve the Florida State Bar passage rate for ST. THOMAS, it would increase the dismissal rate for students who failed to maintain a certain grade point average.  Id. at ¶ 81.  FORBES alleges that the scheme and plan devised and implemented by the Defendant "constitutes a violation of RICO."  Id. at ¶ 215.

The Plaintiff has failed to specify which section of the RICO statute the Defendant allegedly violated.  ST. THOMAS cannot properly formulate a response to her claim.  If this claim is not dismissed, a more definite statement is in order pursuant to Rule 12 (e), because the allegations in Counts XIX are so vague and/or ambiguous that the Defendant cannot reasonably be required to frame a responsive pleading.  Fed.R.Civ.P. 12(e).

**F.    The Plaintiff's claim for conspiracy to interfere with her civil rights is so vague that the Defendant cannot properly formulate a response.**

In Count XX, the Plaintiff asserts a claim for conspiracy to interfere with her civil rights.  See Amended Complaint, ¶¶ 218 – 220.  Specifically, the Plaintiff alleges that "Defendant's conduct as described in paragraph 81 violated Plaintiff's federal rights," and that "Defendant's plan, actions, statements and conduct constitute an actionable wrong."  Id. at ¶¶ 219 – 220.

FORBES has failed to specify which "federal rights" ST. THOMAS allegedly violated.  Moreover, she has failed to specify under which statute she is bringing her claim for conspiracy to interfere with her civil rights.  ST. THOMAS cannot properly formulate a response.  A more definite statement is appropriate under Rule 12 (e) because the allegations in Counts XX are so vague or ambiguous that the Defendant cannot reasonably be required to frame a responsive pleading, if the claims in this Count are not dismissed for failure to state a claim upon which

relief can be granted.  Fed.R.Civ.P. 12 (b) (6) and (e).

**IV.**    **Memorandum of Law in Support of Motion to Strike Plaintiff's Demands for Relief**

Under Rule 12 (f), Federal Rules of Civil Procedure, a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings.  FORBES' claims for attorney's fees, treble damages, and injunctive relief must all be stricken, because they are not supported by or are not in accordance with controlling statutory and case law.

Florida law allows the recovery of attorney's fees as damages or costs to the prevailing party only when provided for by statute or contract.  <u>Italiano v. Jones Chemicals, Inc</u>., 908 F. Supp. 904, 906 (M.D. Fla. 1995); <u>P.A.G. v. A.F.</u>, 602 So. 2d 1259 (Fla. 1992).  Here, the Plaintiff points to no case or statute that could provide a basis for her to recover attorney fees from ST. THOMAS.  The Plaintiff's request for attorney's fees should be stricken as it relates to those causes of action where neither a contract nor a statute allows for the recovery of attorney's fees.  The Plaintiff has failed to cite a contractual provision, statute, or case law that allows for the recovery of attorney's fees and costs.

In a related vein, FORBES' attempt to plead "[t]reble damages, if applicable," (at p. 19, ¶ (5) (under "Demand for Relief")) must also be stricken.  Treble damages are not applicable to her claim.  The only Florida Statute under which treble damages may, in appropriate cases, be awardable is Florida Statute § 812.014, the civil theft statute.  <u>See</u> <u>Advanced Surgical Techs., Inc. v. Automated Instruments, Inc</u>**.,** 777 F.2d 1504, 1506- 07 (11th Cir. 1985).  FORBES has not pled theft or civil theft against ST. THOMAS.  She has pled breach of contract (Count IX), but a

simple or ordinary breach of contract claim is not the equivalent of civil theft under the statute, and will not entitle a claimant to treble damages.  Id. at 1507.  Therefore, FORBES' claim for treble damages must be stricken, since under the applicable statutes and case law, they not awardable and may not be pled in this action.

Lastly, FORBES' claim for "emergent/injunctive relief enjoining Defendant from engaging in their dismissal and readmission policies," must be stricken or otherwise disallowed. FORBES has not demonstrated, or even attempted to plead, the existence of "the four factors to be considered in determining whether preliminary injunctive relief is to be granted, which are whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest."  See Siebert v. Allen, 506 F.3d 1047, 1049 (11th Cir. 2007). Her enumerate count for emergent relief (Count XV) only claims that she is entitled to review her Civil Procedure II and Torts II examinations.  Her "Demand for Relief" (at p. 19, ¶ (7) (under "Demand for Relief")) for "emergent"/injunctive relief then purports to demand that ST. THOMAS be enjoined from engaging in its dismissal and readmission policies.  Neither of her conclusory claims for injunctive relief establishes or even attempts to plead all of the necessary elements or factors, as laid out by the Eleventh Circuit in Siebert.  FORBES' claim for injunctive or "emergent" relief must therefore be stricken in whole.

Accordingly, pursuant to Rule 12 (f), Federal Rules of Civil Procedure, ST. THOMAS moves to strike FORBES' claims for attorney's fees, treble damages, injunctive relief, and any other claim for relief that is not supported by statute or case law.

CASE NO.:  07-22502-CIV-HOEVELER
_____

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 21, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing.

Respectfully Submitted,

/s/ Michael A. Mullen_____

MICHAEL A MULLEN
FL BAR NO.: 305731
GAEBE MULLEN ANTONELLI
    ESCO & DIMATTEO
Attorneys for Defendant, Standard Concrete
420 South Dixie Highway, 3rd Floor
Coral Gables, FL  33146
Tel:  (305) 667-0223
Fax: (305) 284-9844
mmullen@gaebemullen.com

CASE NO.:  07-22502-CIV-HOEVELER

_____

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY a true and correct copy of the foregoing was mailed this **<u>21st</u>**

day of December 2007, to:  Randall Vanessa Forbes (Plaintiff *Pro Se*), 8788 SW 12 Street,

#204F, Miami, FL 33174.


J. PATRICK FITZGERALD, P.A.        GAEBE MULLEN ANTONELLI ESCO & DIMATTEO

Co-Counsel for Defendant            Attorneys for Defendant
110 Merrick Way, Suite 3-B          420 South Dixie Highway, 3rd Floor
Coral Gables, FL  33134             Coral Gables, FL  33146
Tel:  (305) 443-9162                Tel:  (305) 667-0223
Fax: (305) 443-6613                 Fax:  (305) 284-9844


By:     /s/ Michael A. Mullen_____
        MICHAEL A. MULLEN
        Florida Bar No.:  305731