# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.:1:07 – Civ –22502-WMH

MAGISTRATE JUDGE BROWN



RANDALL VANESSA FORBES,

    Plaintiff,

v.

ST. THOMAS UNIVERSITY INC.,

    Defendant

_____/

**PLAINTIFF'S ~~MOTION~~ _Response_ IN OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO FILE EXCESS PAGES AND SUPPORTING MEMORANDUM OF LAW**

    *Pro se* Plaintiff, RANDALL VANESSA FORBES (hereinafter "Plaintiff") hereby files this ~~Motion~~ _Response_ in Opposition of Defendant's Emergency Motion to File Excess Pages (Amended Motion) for the drafting of their Motion to Dismiss, and in support state:

1. On or about December 3, 2007, Defendant filed its first Motion to File Excess Pages. Defendant asserts that Counsel to the Defendant unsuccessfully attempted to contact the Plaintiff via phone call twice. See Defendant's Motion to File Excess Pages ¶¶ 1, 5

2. The Counsel for the Defendant primarily bases its Motion to File Excess Pages and its Emergency Motion to File Excess Pages on the number of counts alleged in Plaintiff's Amended Complaint. Plaintiff acknowledges that motions to file excess pages are oftentimes granted. However, Defendant has failed to

demonstrate how a nineteen (19) page complaint constitutes a large amount of pages which would potentially be a basis for the extension. Defendant has also failed to demonstrate how responding to any of the Plaintiff's counts would require a large degree of legal analysis which would also potentially be a basis for the extension. Defendant's conclusory statements about Plaintiff's Amended Complaint fail to constitute a basis on which the court could grant their Motion to File Excess Pages. <u>See</u> Defendant's Emergency Motion to File Excess Pages ¶3

3.  The Plaintiff has not alleged many counts that require a large degree of legal analysis. The Plaintiff's Amended Complaint is only nineteen (19) pages in length. Courts typically grant the movant's motion to file excess pages when the nonmoving party has filed a large amount of *pages* in their pleading irrespective to the number of actual counts.

4.  Local Rule 7.1 (3) requires pre-filing conferences of Counsel in a civil case. Local Rule 7.1 (3) provides in pertinent part that "counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion....Failure to comply with the requirements of this rule may be cause for the court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." S.D. Fla. L.R. 7.1 (A)(3).

5.  In their first Motion to File Excess Pages, Opposing counsel stated that good faith efforts were made to contact the Plaintiff but were unable to do so. Opposing counsel failed to contact the Plaintiff entirely. A review of the undersigned's phone records indicate that neither such phone call nor message was ever received by the Plaintiff.

6.  The Plaintiff also bases her objection to Defendant's Emergency Motion to File Excess Pages again on Local Rule 7.1 (A) (3). The purpose of the rule is to require counsel to confer with or make a good faith effort to confer with opposing

counsel **in a good faith effort to resolve by agreement the issues to be raised in the motion**, not merely to comply with the rule or merely to ascertain if opposing counsel plans to oppose the motion.  Plaintiff acknowledges that Opposing counsel contacted Plaintiff in regard to this motion.  However, Opposing counsel failed to make reasonable efforts to resolve the issues and instead simply ascertained whether the Plaintiff would oppose the motion. Opposing Counsel has again failed to comply with the purpose of the required pre-filing conference as stated in the rule. S.D. Fla. L.R. 7.1 (A)(3).

7. Plaintiff was contacted by Counsel for the Defendant only two days before their answer was due to be filed to ascertain if Plaintiff would oppose and Plaintiff received Defendant's Motion to File Excess Pages the afternoon of December 20, 2007 by mail.

8. Defendant has stated that the reason the need for more pages was not discovered earlier was due to Mr. Santiago's Plaintiff is well aware that Mr. Santiago has been in trial and did not oppose Defendant's Second Unopposed Motion for Enlargement of Time on that basis.  Counsel for the Defendant had adequate time to discover the need for additional pages.

9. Granting Defendant's Emergency Motion to File Excess Pages will cause an unnecessary delay.

10. This Motion is not filed for the purposes of delay and no prejudice will result from the granting of this Motion.

**WHEREFORE**, the Plaintiff, RANDALL VANESSA FORBES, respectfully requests that this Honorable Court grant Plaintiff's Motion in Opposition of Defendant's Amended Motion to File Excess Pages and deny Defendant's Motion to File Excess Pages and deny the Defendant additional pages to file their Motion to Dismiss the Plaintiff's Amended Complaint.

In support of this Motion in Opposition to Defendant's Motion to File Excess Pages, Plaintiff relies on its accompanying Memorandum of Law.

## **Memorandum of Law**
### **FACTS**

1. Plaintiff matriculated at Defendant, St. Thomas University School of Law as a first year student commencing August 2006.  Plaintiff was dismissed from Defendant, St. Thomas University School of Law in May 2007, for alleged failure to maintain a cumulative grade point average of 2.0. Plaintiff did appeal the dismissal to Defendant in written form, on June 1, 2007 and appeared for a personal hearing on June 6, 2007; the petition was denied on June 7, 2007.

2. Plaintiff filed the above entitled action on or about September 24, 2007

3. Plaintiff filed the amended complaint on or about October 24, 2007. This action arises after Defendant denied Plaintiff's petition for readmission, which requested a conditional readmission based upon the grades for the summer classes in which Plaintiff was already enrolled, because of her disability and Defendant's refusal to provide a letter on Plaintiff's behalf stating that the denial of readmission was not due to Plaintiff's lack of capacity, pursuant to Standard 505 proffered by the American Bar Association. Defendant has failed to offer an alternative explanation for the denial of Plaintiff's petition. See Plaintiff's Amended Complaint, ¶ 77, ¶ 79, ¶ 80, and ¶ 101.

4. Defendant was served with the Amended Complaint on November 1, 2007 and had until November 21 to file a responsive pleading.  The Court granted Defendant's first Unopposed Motion for Enlargement of Time and accordingly the Defendant had until December 12, 2007 to file a responsive pleading.  The Defendant filed a second Unopposed Motion for Enlargement of Time on December 5, 2007 and intends to file its responsive pleading on December 21, 2007.

5. By Local Rule 7.1.C.2. Defendant must obtain prior permission of the Court before filing a memorandum of law in excess of twenty (20) pages.

6. On December 3, 2007 the Defendant filed its Motion to File Excess Pages but failed to contact the Plaintiff in accordance with Local Rule 7.1.A.3. The Plaintiff opposed that motion on that basis. That Motion had not yet been ruled upon.

7. Counsel for the Defendant spoke with the Plaintiff only two days (12/19/07) before their answer was due to be filed to ascertain if Plaintiff would oppose and Plaintiff received Defendant's Motion to File Excess Pages the afternoon of December 20, 2007 by mail.

## I. Counsel for the Defendant failed to demonstrate how Plaintiff's 19-page Amended Complaint necessitates Defendant's Motion to File Excess Pages

Courts typically grant the movant's motion to file excess pages when the nonmoving party has filed a large amount of *pages* in their pleading. Bayer A.G. v. Elan Pharmaceutical Research Corp. 64 F.Supp.2d 1295 N.D.Ga.,1999.. In Bayer, the court granted the defendant five (5) additional pages on the basis that it would equal the plaintiff's amount of additional pages. Here, the Defendant is asking for an additional twenty (20) pages after previously filing a motion for an additional ten (10) pages. The Defendant is requesting additional pages on the basis that the Plaintiff alleged twenty *counts*. Plaintiff's Amended Complaint is nineteen (19) pages in length.

## II. Counsel for the Defendant failed to confer with Plaintiff in effort to resolve by agreement

Local Rule 7.1.A.3. states in pertinent part "counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion…" The purpose of the rule is to resolve any issues prior to filing the motion, not merely just an attempt to comply with the rule. Catalina Rental Apartments, Inc. v. Pacific Insurance Company., 2007 WL 1050634 (S.D.Fla.). In Catalina, this court believed that because the movant's actions was simply a mere attempt to comply with the rule and nothing more, that the movant did not even attempt to avoid any alleged prejudice. Here, Counsel for the Defendant contacted Plaintiff merely to comply with the rule but made no effort to resolve the issues raised by the motion. Plaintiff was contacted by Counsel for the Defendant only two days before their answer was due to

be filed to ascertain if Plaintiff would oppose and Plaintiff received Defendant's

Motion to File Excess Pages the afternoon of December 20, 2007 by mail.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21st , 2007 I personally filed the foregoing

document with the Clerk of the Court.  I also certify that the foregoing document is being

served this day on all counsel of record identified on attached service list in the manner

specified.

> RANDALL VANESSA FORBES
> *Pro Se* Plaintiff
> 8788 SW 12th St, #204F
> Miami, FL 33174
> Tel: (516) 776-4089
> Email: LaPrez00@aol.com
>
> By: _____
> RANDALL VANESSA FORBES
> *Pro Se* Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of the foregoing faxed this 21st day of
December 2007, to: Gaebe, Mullen, Antonelli Esco & Dimatteo (Attorneys for
Defendant) 420 S. Dixie Hwy, 3rd Floor Coral Gables, FL 33146.

> RANDALL VANESSA FORBES
> *Pro Se* Plaintiff
> 8788 SW 12th St, #204F
> Miami, FL 33174
> Tel: (516) 776-4089
> E-Mail: LaPrez00@aol.com
>
> By: _____
> RANDALL VANESSA FORBES
> *Pro Se* Plaintiff