UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:  07-22502 – CIV HOEVELER
MAGISTRATE JUDGE BROWN

RANDALL VANESSA FORBES,

      Plaintiff,

v.

ST. THOMAS UNIVERSITY, INC.,

      Defendant.

_____/

## SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff, RANDALL VANESSA FORBES (hereinafter "Plaintiff"), and files her Second Amended Complaint and states as follows:

## AMENDED COUNT I – VIOLATION OF AMERICANS WITH

## DISABILITIES ACT

1.  The allegations in paragraphs 1 through 100 of the Amended Complaint [DE#3] are hereby incorporated herein by this reference. The Plaintiff further would show the following.

2.  At all times material hereto, the Defendant was required to comply with Americans with Disabilities Act pursuant to 42 U.S.C. §12181(7)(J) because the Defendant qualifies as a "private entity that is considered a public accommodation ".

3.  The Plaintiff, at all times material hereto has suffered from a disability, which is protected under the Americans with Disabilities

1

Act, 42 U.S.C. §12102.  The purpose of this federal law is to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."  42 U.S.C. §12101, (b)(1).

4.   Under the Americans with Disabilities Act, the terms "disability" with respect to an individual means (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.

5.   The Plaintiff suffers from the mental illness or psychological disability of post traumatic stress disorder ("PTSD").  This disability has impaired one or more of her major life activities, including but not limited to learning, studying and concentrating on issues.

6.   When the Plaintiff was in high school, she was sexually assaulted. Then, when the Plaintiff was in college, she was raped again.

7.   Both of these traumas have resulted in Plaintiff's PTSD and caused her difficulty when reading or studying.

8.   As a result of Plaintiff's disability, Plaintiff requested that the Defendant accommodate her by giving her additional time to take tests and allow her to take her exams in a private room, alone. Because of the Plaintiff's prior sexual attacks, she fears being in rooms with other individuals and it negatively impacts her ability to concentrate.

9.    Pursuant to 42 U.S.C. §12.182(a) "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  The Defendant was operating as a place of public accommodation pursuant to 42 U.S.C. §12.181(7)(J).

10. The Defendant discriminated against the Plaintiff for failure to accommodate her requests of giving her additional time to take tests and the ability to take tests in a comfortable, suitable facility.  Under federal law, there is a specific prohibition against such discrimination. Defendant's failure to accommodate the Plaintiff directly violates 42 U.S.C. §12.182(2)(A)(ii) as follows:

   "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;"

11. The Defendant violated the above-referenced provision for failing to provide an alternative testing center for the Plaintiff, despite her

3

requests.  In January, 2007, Plaintiff met with Mr. John F. Hernandez who is employed by the Defendant as the Assistant Dean for Student Affairs and visiting Associate Professor of Law.

12.  At that time, the Plaintiff requested special accommodations for the second semester, first-year.

13. During Plaintiff's meeting with Mr. Hernandez, she described her financial status, what accommodations she would need and what documentation she had, as well as the procedure by which the University of Miami, her undergraduate institution, provided accommodations.

14.  Despite Plaintiff's requests, and as set forth in full and complete detail in the Amended Complaint [DE #3], Plaintiff was only granted partial testing accommodations.

15. The Defendant could have easily accommodated the Plaintiff and complied with the above-referenced provision,  42 U.S.C. §12.182(2)(A)(ii), simply by giving her additional time, placing her in an empty classroom and allowing her to take her tests in that environment.   If the Plaintiff had been given more time to take her exams, and in a peaceful setting, her test scores could have improved enough to meet the required 2.0 GPA required by the Defendant.

16. Dr. Lydia Kalsner-Silver, a Florida Licensed Psychologist PY 6376, conducted an initial evaluation of the Plaintiff on June 2, 2007.  Dr.

Kalsner-Silver reported that the Plaintiff had a range of symptoms consistent with an ongoing diagnosis of Post Traumatic Stress Disorder.  See attached Exhibit "A".

17. Dr. Kalsner-Silver also reported that the Plaintiff suffered from "disturbing dreams, an exaggerated startle response, and persistent feelings of increased arousal.   The increased arousal has manifested itself in a difficulty concentrating, hyper vigilance and an exaggerated startle response."  See attached Exhibit "A".

## AMENDED COUNT II – DISCRIMINATION UNDER REHABILITATION ACT

18. The allegations in paragraphs 1 through 100 of the Amended Complaint [DE#3] are hereby incorporated by this reference.

19. Defendant has violated Section 504 of the Rehabilitation Act of 1973.

20. Plaintiff is a qualified individual with a disability in the United States.

21. Pursuant to Section 504 of the Rehabilitation Act of 1973, Section 504(a), "no otherwise qualified individual with a disability in the United States, as defined in section 7(20), shall, solely by reason of her or his disability, be excluded from the participation in, be denied the befits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...."   For purposes of this section, the term "program or activity" means all of the operations of Section 504(2)(A) a "college, university, or other postsecondary institution, or a public system of higher education."

22. At all times material, the Plaintiff availed herself of a federally approved student loan program. The Defendant also received and/or benefited from such federal financial assistance.

23. Also, at all times material hereto, the Plaintiff suffered from a disability that was protected under the above-referenced Rehabilitation Act.

24. The Defendant violated the Rehabilitation Act by discriminating against her as a result of her disability. The Defendant and its agents did not want to take the time to accommodate the Plaintiff and her disability as more specifically set forth in paragraphs 38 – 54 of the Amended Complaint [DE #3].

25. The Defendant violated the Rehabilitation Act by denying Plaintiff's readmission solely for the reason of her disability. The Defendant also violated the Rehabilitation Act for its lack of willingness to accommodate the Plaintiff and her disability while enrolled as a student, as is required under Federal law.

WHEREFORE, the Plaintiff files this Second Amended Complaint and requests the following relief:

    A. Immediate reinstatement to St. Thomas University School of Law;

    B. Refund of tuition and fees paid to St. Thomas University School of Law with interest;

C. Compensatory and any other Damages this Court deems just and proper;

D. Reimbursement of reasonable attorneys' fees and costs;

E. Any and all further relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 19, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

/s/  Emily Joyce Phillips
EMILY JOYCE PHILLIPS (FB 0597961)
ephillips@phillipslanier.com
PHILLIPS LANIER
2 S. Biscayne Blvd., Ste.1684
Miami, FL 33131
T. 305.350.5299
F. 305.350.5298
Attorneys for Plaintiff Randall V. Forbes

## SERVICE LIST

Michael A. Mullen FL Bar No. 305731
Email: mmullen@gaebemullen.com
Gaebe Mullen Antonelli Esco & DiMatteo
420 S. Dixie Highway, 3rd Floor
Coral Gables, FL 33143
T. 305.667.0223
F. 305.284.9844
Attorneys for Defendant


J. Patrick Fitzgerald FL Bar No. 248681
Email:  jpf@jpfitzlaw.com
J. Patrick Fitzgerald, P.A.
110 Merrick Way, Suite 3-B
Coral Gables, FL 33134
T. 305.443.9162
F. 305.284.9844
Co-Counsel for Defendant



By:     /s/  Emily Joyce Phillips
        EMILY JOYCE PHILLIPS (FB 0597961)

**DR. LYDIA KALSNER-SILVER**          Licensed Psychologist   FL PY6376

5151 Collins Ave, #223-5, Miami Beach, FL  33140, (305) 866-3579

June 4, 2007

Academic Standing Committee
St. Thomas University School
Of Law
16401 NW 37th Avenue
Miami Gardens, FL

Dear Sir or Madame:

Randall Forbes was seen for an initial evaluation on 6/2/07. She reports a range of symptoms that are consistent with an ongoing diagnosis of Post Traumatic Stress Disorder.  As a result of two sexual assaults in high school and a rape in college, Ms. Forbes was exposed to a series of traumatic events which involved actual or threatened death or serious injury, and was a threat to her personal integrity.  She is experiencing a range of symptoms consistent with a diagnosis Post Traumatic Stress disorder including disturbing dreams, an exaggerated startle response, and persistent feelings of increased arousal.  The increased arousal has manifested itself in a difficulty concentrating, hyper vigilance and an exaggerated startle response.  She also reports excessive rumination and intrusive thoughts.

Ms. Forbes also reports symptoms of depression which include feelings of hopelessness, and a difficulty sleeping.  She is currently prescribed Setraline (an antidepressant) and Aprazolam (for anxiety) by her primary care physician. While the medication has helped to reduce Ms. Forbes's anxiety level, it has left her feeling extremely fatigued.  All of these symptoms have no doubt had an adverse impact on Ms. Forbes's academic performance.  Despite her emotional distress, Ms. Forbes has not received mental health counseling since terminating therapy over a year ago with Ms. Liza Papazian. She also reports that she has never been evaluated by a psychiatrist, which is essential, in my opinion, for tailoring medication to a patient's needs.

Ms. Forbes reports that she will be devastated if she is terminated from law school. She is highly invested in earning her law degree and she reports that it is the major motivating factor in her life.  It is my recommendation the Ms. Forbes resume weekly individual therapy and be evaluated by a psychiatrist for ongoing medication management.  With proper psychiatric care and ongoing counseling, it is my opinion that Ms. Forbes could potentially function more effectively as a law student.

Exhibit "A"

Should you have additional questions, please feel free to contact me at (305) 301-4264.

Sincerely,

Dr. Lydia Kalsner-Silver
Florida Licensed Psychologist PY6376