UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 07-22502-CIV-HOEVELER

RANDALL VANESSA FORBES,

    *Plaintiff*,

v.

ST. THOMAS UNIVERSITY, INC.,

    *Defendant*.

_____/

### DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE

Defendant, ST. THOMAS UNIVERSITY, INC. ("ST. THOMAS"), by and through its undersigned counsel, hereby files this Motion to Dismiss the Third Amended Complaint [DE#30] filed by Plaintiff, RANDALL VANESSA FORBES ("FORBES"), pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, Motion to Strike Paragraph 54 of the Third Amended Complaint, and Motion to Strike Plaintiff's prayers for relief (B) and (C), pursuant to Federal Rule of Civil Procedure 12(f), and as grounds therefore states as follows:

### MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12 (b)(6)

A Rule 12(b)(6) motion to dismiss addresses the legal sufficiency of a complaint. A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Bradberry v. Pinellas County*, 789 F.2d 1513, 1515 (11th Cir. 1986). In ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and take the allegations as true. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Quinones v. Durkis*, 638 F. Supp. 856 (S.D. Fla. 1986). "Although a plaintiff is not held to a very high standard in a motion to dismiss

CASE NO.: 07-22502-CIV-HOEVELER

for failure to state a claim, some minimal pleading standard does exist." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002) (citations omitted*), rev'd on other grounds*, 314 F.3d 541.  A motion to dismiss for failure to state a claim may be granted when the movant establishes beyond doubt that the plaintiff can prove no set of facts to support his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998).  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted).

      I.     **FORBES' Third Amended Complaint Must Be Dismissed Because She Has Failed to Allege That Her PTSD "<u>Substantially Limits</u>" a Major Life Activity.**

In Count I of the Third Amended Complaint the Plaintiff attempts to state a cause of action for violation of the Americans with Disabilities Act ("ADA").  *See* Third Amended Complaint, ¶¶ 61 – 75.  In Count II, she purports to assert a claim for discrimination under the Rehabilitation Act.  *Id*. at ¶¶ 76 – 82.  When a plaintiff sues for the same relief under both the ADA and the Rehabilitation Act, the court will fuse those causes of action, since both Acts provide similar relief and remedies.  *See Stewart v. County of Brown*, 86 F.3d 107 (7th Cir. 1996).  Moreover, the definition of a "disability" within the two Acts is the same. *Compare* 42 U.S.C. § 12102(2) (defining the term "disability" under the ADA as "a physical or mental impairment that ***substantially limits*** one or more of the major life activities of [an] individual") (emphasis added) *with* 29 U.S.C.A. § 705(9)(B) (defining the term "disability" under the Rehabilitation Act "a physical or mental impairment that ***substantially limits*** one or more major

life activities") (emphasis added).  Accordingly, the analysis in this section applies with equal weight to both of the Plaintiff's Counts.

The Plaintiff alleges that she suffers from the mental illness or psychological disorder known as Post Traumatic Stress Syndrome ("PTSD").  *See* Third Am. Compl., ¶ 63.  The Plaintiff further alleges that this condition "has impaired one or more of her major life activities, including but not limited to learning, studying and concentrating on issues."  *Id*.  Although the Plaintiff alleges that she suffers from a mental impairment, "[m]erely having an impairment does not make one disabled for purposes of the ADA."  *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 195 (2002).  "To qualify as disabled, a claimant must further show that the limitation on the major life activity is 'substantia[l].'"  *Id.* (*citing* 42 U.S.C. § 12102).  The ADA "create[s] a demanding standard for qualifying as disabled," requiring that the terms "substantially limits" and "major life activity" "be interpreted strictly." *Id* at 197.

Nowhere in the Third Amended Complaint does FORBES allege that her PTSD substantially limits any of her major life activities.  *See* Third Am. Compl. ¶ 63.  The Plaintiff has failed to allege the existence of a disability within the meaning of the ADA, inasmuch as she has failed to allege that her purported PTSD "***substantially limits***" one or more major life activities.  42 U.S.C. § 12102 (2005).  Even if the Plaintiff were able to prove that her condition has impaired one or more major life activities – as she has alleged – this is not the strict standard under the ADA, and her case would necessarily fail as a matter of law.  Therefore, Counts I and II of the Third Amended Complaint should be dismissed based on the Plaintiff's failure to state a claim upon which relief can be granted.

CASE NO.: 07-22502-CIV-HOEVELER

## II. FORBES' Third Amended Complaint Must Be Dismissed Because She Has Failed to Allege That Her PTSD Substantially Limits a "<u>Major Life Activity</u>."

As noted above, under both the ADA and the Rehabilitation Act, a "disability" must substantially limit a "major life activity." 42 U.S.C. § 12102(2) (ADA); 29 U.S.C.A. § 705(9)(B) (Rehabilitation Act). As noted above, the ADA creates a "demanding standard for qualifying as disabled, requiring that the terms 'substantially limits' and 'major life activity' be interpreted strictly." *Williams*, 534 U.S. at 197. "A 'major life activity' is one that is of central importance to daily life." *Baer v. Nat'l. Bd. of Med. Exam'rs*, 392 F.Supp.2d 42, 47 (D. Mass. 2005) (internal quotation marks omitted) (*quoting Williams*, 534 U.S. at 197); *see also* 28 C.F.R. § 36.104(2) ("The phrase major life activities means functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.").

In this case, FORBES alleges that her PTSD impaired her ability to participate in the major life activities of "learning, studying, and concentrating on issues." Third Am. Compl., at ¶ 63. It is clear, however, from reading the remainder of the allegations in the Third Amended Complaint that the only life activity that FORBES was limited by her PTSD is not in fact learning but rather **<u>test-taking</u>**. *See, e.g.,* Third Am. Compl., at ¶ 66 (alleging that "Plaintiff requested that the Defendant accommodate her by giving her additional time to take tests and allow her to take her exams in a private room, alone" and explaining that "[b]ecause of the Plaintiff's prior sexual attacks, she fears being in rooms with other individuals and it negatively impacts her ability to concentrate"); ¶ 69 ("failing to provide an alternative testing center for the Plaintiff, despite her requests"); ¶ 73 ("[i]f the Plaintiff had been given more time to take her

CASE NO.:  07-22502-CIV-HOEVELER

exams, and in a peaceful setting, her test scores could have improved").

While the Plaintiff's allegations must be construed broadly, "a formulaic recitation of the elements of a cause of action will not do."  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).  In this case, while the Plaintiff has applied the conclusory label of "learning" to the life activity which she is allegedly limited, it is abundantly clear from the description of the effects of her alleged disability, as well as her requests for accommodation, that the life activity which she is claiming is limited is "**test-taking**."  "The specific task of taking timed tests, however, is not the kind of 'major life activity' protected under the ADA."  *Baer*, 392 F.Supp.2d at 47; *accord Singh v. George Wash. Univ. School of Med. and Health Sci.*, 508 F.3d 1097, 1104 (D.C. Cir. 2007) ("test-taking itself is not a major life activity"); *Jenkins v. Nat'l. Bd. of Med. Exam'rs*, No. 07-698, 2008 WL 410237 at * 2 (W.D. Ky. Feb. 12, 2008) (concluding that courts applying the standard set forth by the Supreme Court in *Toyota v. Williams* have determined that test-taking is not a "major life activity").

This Court must strictly interpret the terms "substantially limits" and "major life activity."  *Williams*, 534 U.S. at 197.  Here, the Plaintiff has alleged that her disability, i.e. PTSD, limits her ability to take tests.  Test-taking, however, is not a major life activity.  *Baer*, 392 F.Supp.2d at 47.  The Third Amended Complaint, therefore, fails to state a claim for which relief can be afforded.  Thus, even if FORBES were able to prove every allegation in the Third Amended Complaint, she would necessarily fail to reach the standard required under the ADA (Count I) and the Rehabilitation Act (Count II).  Accordingly, the Third Amended Complaint must be dismissed under Rule 12(b)(6).

CASE NO.: 07-22502-CIV-HOEVELER

# MOTION TO STRIKE PARAGRAPH 54 OF PLAINTIFF'S THIRD AMENDED COMPLAINT AS IMMATERIAL, IMPERTINENT, AND SCANDALOUS PURSUANT TO RULE 12(F)

Paragraph 54 of the Plaintiff's Third Amended Complaint should be stricken because it is immaterial, impertinent, to the counts asserted and, additionally because it is scandalous against the Defendant. Under Rule 12 (f), Federal Rules of Civil Procedure, a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. In Paragraph 54 of the Plaintiff's Third Amended Complaint, she alleges as follows:

> At all relevant times, Defendant's agents, officers, and employees operated under a plan to increase enrollment and revenues from tuition while simultaneously attempting to improve bar passage rates by dismissing students that failed to maintain a certain grade point average. Defendant is withholding and/or delaying information and services from at least some of its students in order to dismiss them.

Third Am. Compl. ¶ 54. This allegation has no bearing whatsoever on either of the two (2) counts that the Plaintiff is asserting against the Defendant, and appears to be a remnant from her Amended Complaint [DE#3], wherein she alleged twenty (20) counts against ST. THOMAS.[1] Accordingly, this paragraph should be stricken from the Third Amended Complaint because it is immaterial, impertinent, to the counts asserted and, additionally because it is scandalous against the Defendant. Fed. R. Civ. P. 12(f).

---

[1] In the Amended Complaint, FORBES attempted to assert counts for negligent misrepresentation (Count III), intentional misrepresentation (Count IV), breach of fiduciary duty (Count V), fraud (Count VI), constructive fraud (Count VII), promissory estoppel (Count VIII), breach of contract (Count IX), negligence (Count X), failure to deal in good faith (Count XI), unjust enrichment (Count XII), violation of A.B.A (American Bar Association) standards (Count XIII), violation of state and federal statutes (Count XIV), emergent relief (Count XV), defamation (Count XVI), unconscionable contract (Count XVII), intentional infliction of emotional distress (Count XVIII), violation of Racketeering Influenced and Corrupt Organization Act (R.I.C.O.) (Count XIX), and conspiracy to interfere with civil rights (Count XX).

CASE NO.: 07-22502-CIV-HOEVELER

## MOTION TO STRIKE PLAINTIFF'S REQUESTS FOR RELIEF AS IMMATERIAL, OR IMPERTINENT PERSUANT TO RULE 12(F)

In her Third Amended Complaint, the Plaintiff's prayer for relief included: "(B) Refund of tuition and fees paid to St. Thomas University School of Law with interest; [and] (C) Compensatory and any other Damages this Court deems just and proper."  Third Am. Compl. Page 16.  FORBES' requests for compensatory/monetary damages should be stricken because they are not recoverable under the ADA (Count I) or the Rehabilitation Act (Count II) and are thus immaterial or impertinent to the counts asserted against the ST. THOMAS in the Third Amended Complaint.

Federal Rule of Civil Procedure 12(f) is the proper vehicle for striking improper prayers for relief set forth in a complaint.  *Bob's Space Racers, Inc. v. Hampton Co., Inc.*, No. 96-1102, 1996 WL 684440 at *3 (M.D. Fla. Nov. 25, 1996) (concluding that a party's request to strike a prayer for relief is proper under Fed. R. Civ. P. 12(f) where a request is impertinent to the claims asserted).  Requests (B) and (C) for compensatory/monetary damages are not recoverable under the ADA (Count I) or the Rehabilitation Act (Count II).  *Equal Access For All, Inc. v. Hughes Resort, Inc.*, No. 04-178, 2005 WL 201740 at *6 n.8 (N.D. Fla. Aug. 10, 2005) (citing to 42 U.S.C. § 12188(a)(1) for the rule that remedies under Title III of the ADA "are the same as those outlined in 42 U.S.C. § 2000a-3(A) which [does] **not permit recovery of monetary damages**")(emphasis added); *Manecke v. School Bd. of Pinellas County, Fla.*, 553 F. Supp. 787, 791 (M.D. Fla. 1982) (concluding that the Rehabilitation Act "only provides for **equitable relief** to private litigants") *aff'd in part, rev'd in part on other grounds*, 762 F.2d 912 (11th Cir. 1985), *reh'g denied*, 770 F.2d 1084, *cert. denied*, 474 U.S. 1062 (emphasis added).

In this case, FORBES has requested compensatory damages.  Such relief, however, is not

available under the ADA and the Rehabilitation Act and thus she is precluded from recovering such damages. Accordingly, these requests for relief should be stricken from the "Wherefore" Clause of the Third Amended Complaint, as they are immaterial and impertinent to the case at hand. Fed. R. Civ. P. 12(f).

## CONCLUSION AND PRAYER FOR RELIEF

FORBES' claims under the ADA and the Rehabilitation Act must be dismissed for failure to state a claim upon which relief may be granted because (1) she has failed to sufficiently allege that she has any disability that "*substantially limits*" any life activity; and (2) she has failed to sufficiently allege that she has any disability which has limited a "*major life activity*." Thus, even if she were to prove every allegation contained in her Third Amended Complaint her actions would still fail as a matter of law. Accordingly, ST. THOMAS respectfully requests that its Motion to Dismiss all counts of the Third Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), be granted with prejudice as to the Plaintiff's Third Amended Complaint.

In the alternative, ST. THOMAS respectfully requests that its Motion to Strike Paragraph 54 and Motion to Strike requests for relief (B) and (C) in the "Wherefore" Clause of the Third Amended Complaint, be granted pursuant to Federal Rule of Civil Procedure 12(f). Paragraph 54 is immaterial, impertinent, and scandalous, and requests for relief (B) and (C) are immaterial and impertinent.

WHEREFORE the Defendant moves this Honorable Court for the entry of an Order:

(i)  dismissing the Plaintiff's Third Amended Complaint in its entirety, with prejudice, for failure to state a cause of action upon which relief may be granted;

CASE NO.: 07-22502-CIV-HOEVELER

or

(ii) striking Paragraph 54 of the Plaintiff's Third Amended Complaint as being immaterial, irrelevant, and scandalous; and

(iii) striking the Plaintiff's demands for a refund of tuition and fees, and compensatory and other damages sought by the Plaintiff in her Third Amended Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 17, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing.

Respectfully Submitted,

/s/ Maximo A. Santiago
MICHAEL A MULLEN
FL BAR NO.: 305731
MAXIMO A. SANTIAGO
FL BAR NO.: 0669733
GAEBE MULLEN ANTONELLI
    ESCO & DIMATTEO
Attorneys for Defendant, Standard Concrete
420 South Dixie Highway, 3rd Floor
Coral Gables, FL 33146
Tel: (305) 667-0223
Fax: (305) 284-9844
msantiago@gaebemullen.com

CASE NO.: 07-22502-CIV-HOEVELER

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY a true and correct copy of the foregoing was mailed this **17th** day of June 2008, to: Emily Joyce Phillips, Phillips Lanier, 2 S. Biscayne Blvd., Ste. 1684, Miami, FL 33131, Attorney for Plaintiff.

| J. PATRICK FITZGERALD, P.A. | GAEBE MULLEN ANTONELLI ESCO & DIMATTEO |
|---|---|
| Co-Counsel for Defendant | Attorneys for Defendant |
| 110 Merrick Way, Suite 3-B | 420 South Dixie Highway, 3rd Floor |
| Coral Gables, FL 33134 | Coral Gables, FL 33146 |
| Tel: (305) 443-9162 | Tel: (305) 667-0223 |
| Fax: (305) 443-6613 | Fax: (305) 284-9844 |

By:   /s/ Maximo A. Santiago
MICHAEL A. MULLEN
Florida Bar No.: 305731
MAXIMO A. SANTIAGO
Florida Bar No.: 0669733