UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:  07-22502 – CIV HOEVELER
MAGISTRATE JUDGE BROWN

RANDALL VANESSA FORBES,

      Plaintiff,

v.

ST. THOMAS UNIVERSITY, INC.,

      Defendant.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE

Plaintiff, RANDALL VANESSA FOREBES ("Forbes"), by and through her undersigned counsel, hereby files this Response to Defendant's Motion to Dismiss and Motion to Strike [DE#34] the Plaintiff's Third Amended Complaint and as grounds therefore states as follows:

### FORBES STATES A CLIAM FOR WHICH RELIEF CAN BE GRANTED

1. Plaintiff states a claim for which relief can be granted in her Third Amended Complaint [DE#30].  The Federal Rules of Civil Procedure require only a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct.99, 103 2 L.Ed. 80 (1957).

2. Specifically, Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In her Third Amended Complaint [DE#30], Plaintiff explains her disability and how it has impacted her life, specifically in paragraphs sixty-three (63) through sixty-five (65). Forbes' Third Amended Complaint [DE #30] unequivocally rises to the level of including a plain statement of the claim for which she is seeking relief, thus satisfying the requirements of Fed.R.Civ.P. 8(a)(2).

3. The liberal "notice pleading" standards embodied in Federal Rule of Civil Procedure 8(a)(2) do not require that a plaintiff specifically plead every element of a cause of action. *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.,* 795 F.2d 948, 954 (11th Cir. 1986).

4. In ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and take the allegations as true. *Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984). If the Court reviews the allegations and causes of action set forth in Plaintiff's Third Amended Complaint [DE #30] as true and in a light most favorable to the Plaintiff, the Defendant's Motion to Dismiss must be *denied* because the Plaintiff has stated two (2) valid causes of action.

### FORBES' PTSD "SUBSTANTIALLY LIMITS" A "MAJOR LIFE ACTIVITY"

5. Forbes alleges in her Third Amended Complaint [DE#30] that her PTSD "substantially limits" a "major life activity." This is the standard that is required under the American with Disabilities Act (ADA) and the Rehabilitation Act.

6. Defendant claims that when a plaintiff sues for the same relief under both the ADA and the Rehabilitation Act, the court will fuse those two causes of action, since both Acts provide similar relief and remedies. *See Stewart v. County of Brown,* 86 F.3d 107 (7th Cir. 1996). However, the Defendant fails to acknowledge that in the *Stewart* case, the facts reflect that both parties agreed to the fusion of both causes of action. Defendant fails to cite any such rule, statute or case law, which requires that both causes of action be fused without the parties' agreement. Forbes does not agree and is vehemently opposed to both causes of action being fused.

7. The Defendant argues that Forbes' Third Amended Complaint [DE#30] should be dismissed because her "disability" is not one which "substantially limits" one or more "major life activities." The Defendant argues that that Forbes' Post Traumatic Stress Syndrome (PTSD) does not substantially limit one or more major life activities by the American with Disabilities Act (ADA) or 42 U.S.C.§12102 (2005). The same disability standard is used in the Rehabilitation Act, for which Plaintiff is also seeking relief. The Defendant states that Forbes only alleges that her PTSD affected her test-taking abilities and such does not qualify as a "major life activity."

8. However, the Defendant fails to acknowledge that the Plaintiff alleges in paragraph sixty-three (63) of her Third Amended Complaint [DE #30] how her PTSD has "impaired more than one or more of her major life activities, including but not limited to learning, studying and concentrating on issues." While Forbes

was in high school, she was sexually assaulted.  Then, while Forbes was in college, she was raped again.

9.   Forbes alleges that her PTSD impacted a lot more than only her test taking skills.   She alleges how it impacted her ability to learn, study and concentrate on issues.  Reading and learning may be considered major life activities.  *Bercovitch v. Baldwin Sch., Inc.,* 133 F.3d 141 (1st Cir. 1998).  Other courts have held that reading is a "major life activity."  *Bartlett v. New York State Bd. Of Law Exam'rs,* 226 F.3d 69 (2d Cir. 2000).  Learning, studying and concentrating are certainly major life activities that are central to the importance of daily life -- especially to the life of a student.  *Baer v. Nat'l. Bd. Of Med. Exam'rs,* 392 F.Supp.2d 42 (D.Mass.2005).

10. Defendant's argument that Forbes *only* alleged that test-taking was the only activity that her PTSD impaired is clearly false and without merit on its face.  Forbes claims that her PTSD impaired her ability to read, study, learn and concentrate – all of which have are considered major life activities as reflected above.

11. Forbes' states a claim for which relief can be granted in her Third Amended Complaint [#30] and accordingly the Defendant's Motion to Dismiss should therefore be denied.  Forbes' allegations in her Third Amended Complaint [#30] undoubtedly reached the standards required under the ADA (Count I) and the Rehabilitation Act (Count II) and the Defendant's Motion to Dismiss should be denied.

## PARAGRAPH 54 OF FORBES' THIRD AMENDED COMPLAINT SHOULD NOT BE STRIKEN

12. Defendant asked the Court to strike Paragraph fifty-four (54) of the Third Amended Complaint [DE#30] because they feel it is immaterial, impertinent or scandalous pursuant to Fed.R.Civ.P. 12(f).

13. This paragraph is not immaterial, scandalous or impertinent.  It relates to the material issue of Plaintiff's case insofar as the Defendant was fully aware of her disability yet intentionally failed to make proper accommodations for Forbes.  It is relevant to the Forbes' two (2) main causes of action.

14. There is also nothing scandalous about this statement.  Pursuant to Merriam-Webster online dictionary, "scandalous" means "offensive to propriety or morality."  The allegations set forth in Paragraph fifty-four (54) of the Third Amended Complaint [DE #30] are neither, and Defendant's Motion to Strike Paragraph 54 should be denied.

## PLAINTIFF'S REQUEST FOR RELIEF SHOULD NOT BE STRICKEN

15.  Defendant alleges that compensatory/monetary damages are not recoverable under the ADA (Count I) or the Rehabilitation Act (Count II). Defendant alleges that only equitable relief can be awarded under these two (2) Act(s).

16.  However, the Defendant is inaccurate when it states that compensatory damages are not recoverable under these two bodies of law.  Damages are available for intentional discrimination under section 504 of the Rehabilitation Act. *Whitehead v. Whitehead*, 918 F. Supp. 1515 (M.D. Florida 1996); *see Pandazides v. Virginia Board of Educ.*, 13 F.3d 823 (4th Cir.1994).  Forbes was intentionally discriminated against by the Defendant since the Defendant was

fully aware of her disability and failed to make the specific accommodations to which she was entitled. "Administrative remedies are inadequate to vindicate individual rights and Congress could not have expected the individual plaintiff to be made whole through administrative procedures...damages are available under section 504 as a necessary remedy for discrimination..." *Smith v. Barton,* 914 F.2d 1330 (9th Cir. 1989).

17. Forbes' prayer for relief which includes a request for compensatory damages should not be stricken as such *is* permitted by the law. In the Defendant's Motion to Strike, the Defendant misstated the law on this issue. The Defendant's Motion to Strike her "Wherefore" Clause of the Third Amended Complaint pursuant to Fed.R.Civ.P.12(f) should therefore be denied. Forbes' claim for compensatory damages is permitted by law and it is material and pertinent to her causes of action and the issues before this Court.

WHEREFORE, the Plaintiff, RANDALL VANESSA FORBES, hereby requests that the Defendant's Motion to Dismiss and Motion to Strike [DE#34] be denied in its entirety and that this Court grant any and all further relief it deems just and proper.

Respectfully submitted,


_/S/_____
EMILY JOYCE PHILLIPS (FB 0597961)
ephillips@phillipslanier.com
PHILLIPS LANIER
One Biscayne Tower
2 S. Biscayne Blvd., PH#3800
Miami, FL 33131
T. 305.350.5299
F. 786.431.2324
Attorneys for Plaintiff Randall V. Forbes

6

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by U.S. Mail on the 21st day of July, 2008 on all counsel or parties of record on the attached service list.

_/S/_____
EMILY JOYCE PHILLIPS

7

## **SERVICE LIST**

Michael A. Mullen FL Bar No. 305731
Email: mmullen@gaebemullen.com
Gaebe Mullen Antonelli Esco & DiMatteo
420 S. Dixie Highway, 3rd Floor
Coral Gables, FL 33143
T. 305.667.0223
F. 305.284.9844
Attorneys for Defendant


J. Patrick Fitzgerald FL Bar No. 248681
Email:  jpf@jpfitzlaw.com
J. Patrick Fitzgerald, P.A.
110 Merrick Way, Suite 3-B
Coral Gables, FL 33134
T. 305.443.9162
F. 305.284.9844
Co-Counsel for Defendant

8