UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 07-22502-CIV-HOEVELER

RANDALL VANESSA FORBES,

    *Plaintiff*,

v.

ST. THOMAS UNIVERSITY, INC.,

    *Defendant*.

_____/

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE

Defendant, ST. THOMAS UNIVERSITY, INC. ("ST. THOMAS"), by and through its undersigned counsel, hereby files this Reply to Plaintiff's Response to Defendant's Motion to Dismiss and Motion to Strike [DE#38] and as grounds therefore states as follows:

1. In Defendant's Motion to Dismiss[DE#34], Defendant noted that when a plaintiff sues for the same relief under both the American with Disabilities Act ("ADA") and the Rehabilitation Act, the court will fuse those causes of action, since both Acts provide similar relief and remedies. In her Response [DE#38], Plaintiff argues that she is "vehemently" opposed to the fusion of the two causes of action brought under the ADA and Rehabilitation Act. The Eleventh Circuit in *Cash v. Smith*, 231 F.3d 1301 (11th Cir. 2000), noted, however, that "discrimination claims under the Rehabilitation Act are governed by the same standards used in ADA cases . . . and therefore [it] will discuss these two claims together." *See also*, *Pritchard v. Southern Co. Servs.*, 92 F.3d 1130, 1132 (11th Cir. 1996) (noting that cases decided under the Rehabilitation Act are precedent for cases under the ADA, and vice-versa). Therefore, it is proper for this Court to consider both claims together and apply precedent from each claim

CASE NO.: 07-22502-CIV-HOEVELER

interchangeably.

2.    In Defendant's Motion to Dismiss [DE#34], Defendant argues that the Plaintiff failed to allege the existence of a disability within the meaning of the ADA, inasmuch as she has failed to allege that her purported PTSD *"**substantially limits**"* one or more major life activities. 42 U.S.C. § 12102 (2005).  The Plaintiff has simply failed to address this argument in Plaintiff's Response [DE#38].  In the Third Amended Complaint, the Plaintiff alleges that she suffers from a mental impairment, but "[m]erely having an impairment does not make one disabled for purposes of the ADA." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 195 (2002).  "To qualify as disabled, a claimant must further show that the limitation on the major life activity is '**substantia**[l].'" *Id.* (*citing* 42 U.S.C. § 12102)(emphasis added).  Accordingly, Defendant's Motion to Dismiss should be granted in its favor.

3.    In Defendant's Motion to Strike [DE#34], undersigned counsel argued that Paragraph 54 of the Third Amended Complaint should be stricken on the grounds that it is immaterial, impertinent or scandalous material pursuant to Federal Rule of Civil Procedure 12(f). The Plaintiff argues that this paragraph "relates to the material issues of Plaintiff's case insofar as the Defendant was fully aware of her disability yet intentionally failed to make proper accommodations for Forbes."  *See* Plaintiff's Response [DE#38], at ¶ 13.  In Paragraph 54, the Plaintiff alleges that the university was dismissing students that failed to maintain a minimum grade point average.  Nowhere in paragraph 54 is it alleged that the scheme had anything to do with students having any disabilities or more specifically the Plaintiff.  Accordingly, Plaintiff's argument is without merit and should be disregarded in its entirety and Paragraph 54 stricken as it immaterial and impertinent to the case at hand.  Fed. R. Civ. P. 12(f).

CASE NO.:  07-22502-CIV-HOEVELER

4. Lastly, in Defendant's Motion to Strike [DE#34], Defendant argues that Plaintiff's prayer for relief should be stricken because compensatory damages are not recoverable in this case.  The Plaintiff argues that compensatory damages are recoverable under Section 504.  Although the Plaintiff is correct that compensatory damages are recoverable under Section 504, the damages are recoverable upon a showing of *intentional* discrimination.  *Wood v. President and Trustees of Spring Hill College*, 978 F.2d 1214, 1219 (11th Cir.1992)(emphasis added).  Here, the Plaintiff has not alleged anywhere in her Third Amended Complaint that Defendant *intentionally* discriminated against her.  Accordingly, the Plaintiff's claims for compensatory damages should be stricken from the "Wherefore" Clause of the Third Amended Complaint, as they are immaterial and impertinent to the case at hand.  Fed. R. Civ. P. 12(f).

WHEREFORE, Defendant, ST. THOMAS, hereby requests that its Motion to Dismiss and Motion to Strike [DE#34] the Plaintiff's Third Amended Complaint be granted in its entirety and that this Court grant any further relief it deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 11, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing.

CASE NO.: 07-22502-CIV-HOEVELER

Respectfully Submitted,

/s/ Maximo A. Santiago
MICHAEL A MULLEN
FL BAR NO.: 305731
MAXIMO A. SANTIAGO
FL BAR NO.: 0669733
GAEBE MULLEN ANTONELLI
    ESCO & DIMATTEO
Attorneys for Defendant, Standard Concrete
420 South Dixie Highway, 3rd Floor
Coral Gables, FL  33146
Tel:  (305) 667-0223
Fax: (305) 284-9844
msantiago@gaebemullen.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY a true and correct copy of the foregoing was mailed this **11th** day of August 2008, to:  Emily Joyce Phillips, Phillips Lanier, 2 S. Biscayne Blvd., Ste. 1684, Miami, FL 33131, Attorney for Plaintiff.


| . PATRICK FITZGERALD, P.A. | GAEBE MULLEN ANTONELLI ESCO & DIMATTEO |
|---|---|
| Co-Counsel for Defendant | Attorneys for Defendant |
| 110 Merrick Way, Suite 3-B | 420 South Dixie Highway, 3rd Floor |
| Coral Gables, FL  33134 | Coral Gables, FL  33146 |
| Tel:  (305) 443-9162 | Tel:  (305) 667-0223 |
| Fax: (305) 443-6613 | Fax:  (305) 284-9844 |

By:    /s/ Maximo A. Santiago
MICHAEL A. MULLEN
Florida Bar No.:  305731
MAXIMO A. SANTIAGO
Florida Bar No.:  0669733

**GAEBE, MULLEN, ANTONELLI, ESCO & DIMATTEO**
**420 SOUTH DIXIE HIGHWAY * 3RD FLOOR * CORAL GABLES, FLORIDA   33146**

Page 4 of 4