UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22502-CIV-HOEVELER

RANDALL VANESSA FORBES,

    Plaintiff,

v.

ST. THOMAS UNIVERSITY, INC.,

    Defendant.
_____/

## ORDER GRANTING IN PART
## DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND STRIKE

THIS CAUSE comes before the Court on Defendant St. Thomas University, Inc. ("St. Thomas")'s Motion to Dismiss and to Strike, filed June 17, 2008. The motions have been fully briefed by the parties. The Court, having reviewed the motions and other pertinent portions of the record, concludes that the motions should be granted in part and denied in part.

I. Background

Plaintiff, Ms. Randall Vanessa Forbes ("Ms. Forbes"), enrolled at St. Thomas University School of Law in August 2006. Third Am. Compl. ¶ 7. In May 2007, St. Thomas, in accordance with the University's academic policy, dismissed Ms. Forbes for failing to maintain a cumulative grade point average of 2.0 over the course of her first year. Third Am. Compl. ¶ 7. Ms. Forbes subsequently petitioned St. Thomas for readmission to the University and her request was denied on June 7, 2007. Third Am.

1

Compl. ¶ 43. This action followed.

In her Third Amendment Complaint, Ms. Forbes alleges that her dismissal from St. Thomas violated Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Section 504 the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701 *et seq.* Ms. Forbes alleges that she suffers from Post Traumatic Stress Disorder ("PTSD") due to being sexually assaulted in high school and college, Third Am. Compl. ¶ 15, and that her ability to learn, study, and concentrate has been impaired as the result of her disability. Third Am. Compl. ¶ 63. Ms. Forbes also contends that St. Thomas failed to provide her with a Disability Guidelines Handbook and failed to make students aware of the 2.0 cumulative grade point average requirement. Third Am. Compl. ¶¶ 23, 58. Further, Ms. Forbes contends that although she sought special testing accommodations, St. Thomas refused her requests and failed to inform her of the University's procedures for withdrawing from classes or taking a leave of absence, despite her inquiries. Third Am. Compl. ¶¶ 17, 32.

Ms. Forbes also alleges that St. Thomas intentionally withheld and delayed providing information and services to students in order to "increase enrollment and revenues from tuition while simultaneously attempting to improve bar passage rates by dismissing students that failed to maintain a certain grade point average." Third Am. Compl. ¶ 54. She seeks: (a) immediate reinstatement to St. Thomas, (b) refund of tuition and fees paid to St. Thomas, with interest, (c) compensatory and other damages, and (d) attorney's fees and costs.

## II. Motion to Dismiss

In considering a defendant's motion to dismiss, the Court must view the complaint's factual allegations, which must be accepted as true, and all reasonable inference that can be drawn therefrom in the light most favorable to the plaintiff. Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006) (citation omitted). However, the allegations in the complaint must be sufficient to establish the plaintiff's right to relief beyond a speculative level. Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element [of the claim]." Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting Twombly, 127 S.Ct. at 1965). Instead of "impos[ing] a probability requirement at the pleading stage[,]" the standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the necessary element. Twombly, 127 S.Ct. at 1965. As such, the defendant's motion to dismiss must be denied if the complaint successfully identifies "facts that are suggestive enough to render [the establishment of the element] plausible." Id.

St. Thomas has filed a Motion to Dismiss on the grounds that Ms. Forbes failed to state a claim upon which relief could be granted. In order to establish a claim under Title III of the ADA, the plaintiff must show that: (1) she has a disability, (2) she is a qualified individual, and (3) she was discriminated against because of her disability. Access Now, Inc. v. South Florida Stadium Corp., 161 F.Supp.2d 1357, 1363 (S.D. 2001) (citations omitted). A claim under Section 504 of the Rehabilitation Act requires

the plaintiff to establish that: (1) she is disabled, (2) she is otherwise qualified for participation in the program at issue, (3) she is being excluded from participation in, being denied the benefit of, or being subjected to discrimination under the program solely because of her disability, and (4) the program at issue is receiving federal financial assistance. L.M.P. ex rel. E.P. v. School Bd. of Broward County, Fla., 517 F.Supp.2d 1294, 1301 (S.D. Fla. 2007) (citations omitted). The definition of "disability" under both statutes is the same.[1]

St. Thomas alleges that Ms. Forbes failed to allege that her PTSD "***substantially limits***" any of her major life activities. Def.'s Mot. to Dismiss and Mot. to Strike, p. 3 (emphasis supplied). Rather, St. Thomas points out that Ms. Forbes only alleged that her disability "***impaired***" one or more of her major life activities. Def.'s Mot. to Dismiss and Mot. to Strike, p. 3 (citing Third Am. Compl. ¶ 63) (emphasis added). Secondly, St. Thomas asserts that although Ms. Forbes contends that her PTSD impaired her ability to learn, study, and concentrate, the only life activity that was in fact impaired by her alleged disability was her ability to take examinations. Def.'s Mot. to Dismiss and Mot. to Strike, p. 4 (citations omitted). St. Thomas argues that because test-taking is not a major life activity, Ms. Forbes' ADA and Rehabilitation Act claims must be dismissed. Def.'s Mot. to Dismiss and Mot. to Strike, p. 5.

The federal pleading standard only requires a complaint to include "a short and

---

[1] Compare 42 U.S.C. § 12102(2)(A) (defining "disability" under the ADA as "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual") with 29 U.S.C. § 705(9)(B) (defining "disability" under the Rehabilitation Act as "a physical or mental impairment that substantially limits one or more major life activities").

plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of Rule 8 is to provide the defendant with fair notice of the claim brought against him and to inform him of the factual allegations upon which the claim is based. E.E.O.C. v. J.H. Routh Packing Co., 246 F.3d 850, 854 (6th Cir. 2001). A plaintiff bringing a claim under the ADA or Rehabilitation Act is "not required to explicitly assert a substantially limited major life activity" in order to survive the defendant's motion to dismiss. E.E.O.C. v. Northwest Airlines, Inc., 216 F.Supp.2d 935, 939, (D. Minn. 2006) (citations omitted); see also J.H. Routh Packing Co., 246 F.3d at 854 (holding that "so long as the complaint notifies the defendant of the claimed impairment, the substantially limited major life activity need not be specifically identified in the pleading"); see also Rohm v. Homer, 367 F.Supp.2d 1278, 1283 (N.D. Cal. 2005) (finding "a plaintiff who pleads an impairment with clarity need not explicitly identify a substantially limited major life activity to survive a motion for judgement on the pleadings") (internal quotations omitted); see also Menkowitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 118 n. 2 (3rd Cir 1998) (finding a complaint which stated that the plaintiff's disability was "a disorder recognized as a disability under the ADA and Rehabilitation Act . . . . sufficient to meet the notice pleadings requirements of Fed.R.Civ.P. 8") (internal quotations omitted). In the instant case, because Ms. Forbes clearly alleged that her PTSD impaired her ability to learn, study, and concentrate, the Court finds that Ms. Forbes' ADA and Rehabilitation Act claims are sufficient to survive St. Thomas' Motion to Dismiss.

### III. Motion to Strike

St. Thomas ask the Court to strike Ms. Forbes' request for compensatory

damages under Title III of the ADA and Section 504 of the Rehabilitation Act. St. Thomas contends that compensatory damages are not recoverable under the Acts and, therefore, that Ms. Forbes' request for such damages should be striken as improper prayers for relief. Def.'s Mot. to Dismiss and Mot. to Strike, p. 1 (citing Fed.R.Civ.P. 12(f)).

St. Thomas' interpretation of these statutes is partially correct; Ms. Forbes cannot recover compensatory damages under Title III of the ADA. See Jairath v. Dyer, 154 F.3d 1280, 1283 n. 7 (11th Cir. 1998) (finding that monetary damages are only available under Title III of the ADA if the action is initiated by the Attorney General) (citations omitted); see also Hobleman v. Kentucky Fried Chicken, 260 F.Supp.2d 801, 805 (D. Neb. 2003) ("[c]ompensatory damages are not available to private plaintiffs under Tiltle III of the ADA") (quoting Sigros v. Walt Disney World, Co., 190 F.Supp.2d 165, 169 (D. Mass. 2002)). Conversely, the Eleventh Circuit has stated that "the Supreme Court has established beyond any doubt that victims of *intentional discrimination* may, under Title VI, and therefore under the [Rehabilitation Act], recover compensatory damages." Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1191-1192 (11th Cir. 2007) (emphasis added). Therefore, if Ms. Forbes prevails on her claim under Section 504 of the Rehabilitation Act, she may be entitled to compensatory damages.

St. Thomas also asks the Court to strike Paragraph 54 of Plaintiff's Third Amended Complaint as immaterial and impertinent to Ms. Forbes' claims and as scandalous against St. Thomas. Paragraph 54 provides as follows:

At all relevant times, Defendant's agents, officers, and employees operated

> under a plan to increase enrollment and revenues from tuition while simultaneously attempting to improve bar passage rages by dismissing students that failed to maintain a certain grade point average. Defendant is withholding and/or delaying information and services from at least some students in order to dismiss them.

Third Am. Compl. ¶ 54. Because Paragraph 54 attempts to establish that St. Thomas' alleged discrimination was intentional, the Court, at this time, is unable to reach the conclusion that the allegations contained within are immaterial or impertinent to Ms. Forbes' claims.

For the reasons put forth above, it is hereby

ORDERED AND ADJUDGED as follows:

1. Defendant's Motion to Dismiss the Plaintiff's Third Amended Complaint is DENIED;

2. Defendant's Motion to Strike Plaintiff's request to recover compensatory damaged under Title III of the ADA is GRANTED;

3. Defendant's Motion to Strike Plaintiff's request to recover compensatory damages under Section 504 of the Rehabilitation Act is DENIED; and

4. Defendant's Motion to Strike Paragraph 54 of Plaintiff's Third Amended Complaint is DENIED without prejudice subject to renewal upon further discovery by the parties as to the allegations contained therein.

DONE AND ORDERED in Chambers in Miami this 27th day of August, 2008.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record