UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  07-22502-CIV-HOEVELER

RANDALL VANESSA FORBES,

       Plaintiff,

v.

ST. THOMAS UNIVERSITY, INC.,

       Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant, ST. THOMAS UNIVERSITY, INC. (hereinafter "ST. THOMAS"), by and through its undersigned counsel, hereby files this Answer and Affirmative Defenses to the Plaintiff's Third Amended Complaint [DE#30], and in support thereof states:

### JURISDICTION

1.    Defendant denies the allegations in paragraph #1.

### PARTIES

2.    Defendant is without sufficient knowledge to admit or deny the allegations in paragraph #2 and therefore denies same and demands strict proof thereof.

3.    Defendant is without sufficient knowledge to admit or deny the allegations in paragraph #3 and therefore denies same and demands strict proof thereof.

4.    Defendant admits the allegations in paragraph #4.

### FACTUAL ALLEGATIONS

5.    Defendant admits the allegations in paragraph #5.

CASE NO.: 07-22502-CIV-HOEVELER

_____

6. Defendant admits the allegations in paragraph #6.

7. Defendant admits the allegations in paragraph #7.

8. Defendant admits the allegations in paragraph #8.

9. Defendant denies the allegations in paragraph #9 as written and demands strict proof thereof.

10. Defendant admits the allegations in paragraph #10.

11. Defendant admits the allegations in paragraph #11.

12. Defendant denies the allegations in paragraph #12 as written and demands strict proof thereof.

13. Defendant denies the allegations in paragraph #13 as written and demands strict proof thereof.

14. Defendant denies the allegations in paragraph #14 as written and demands strict proof thereof.

15. Defendant denies the allegations in paragraph #15 as written and demands strict proof thereof.

16. Defendant admits the allegations in paragraph #16.

17. Defendant denies the allegations in paragraph #17 as written and demands strict proof thereof.

18. Defendant denies the allegations in paragraph #18 as written and demands strict proof thereof.

19. Defendant denies the allegations in paragraph #19 as written and demands strict proof thereof.

GAEBE, MULLEN, ANTONELLI, ESCO & DIMATTEO
420 SOUTH DIXIE HIGHWAY * 3RD FLOOR * CORAL GABLES, FLORIDA  33146

Page 2 of 12

CASE NO.: 07-22502-CIV-HOEVELER
_____

20. Defendant denies the allegations in paragraph #20 as written and demands strict proof thereof.

21. Defendant denies the allegations in paragraph #21 as written and demands strict proof thereof.

22. Defendant denies the allegations in paragraph #22 as written and demands strict proof thereof.

23. Defendant denies the allegations in paragraph #23 as written and demands strict proof thereof.

24. Defendant denies the allegations in paragraph #24 as written and demands strict proof thereof.

25. Defendant denies the allegations in paragraph #25 as written and demands strict proof thereof.

26. Defendant denies the allegations in paragraph #26 as written and demands strict proof thereof.

27. Defendant denies the allegations in paragraph #27 as written and demands strict proof thereof.

28. Defendant denies the allegations in paragraph #28 as written and demands strict proof thereof.

29. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph #29 and therefore denies same and demands strict proof thereof.

30. Defendant admits that Hernandez received an email from the Plaintiff in or around April 2007, the remainder of paragraph #30 is denied and Defendant demands strict proof

**GAEBE, MULLEN, ANTONELLI, ESCO & DIMATTEO**
**420 SOUTH DIXIE HIGHWAY * 3RD FLOOR * CORAL GABLES, FLORIDA   33146**

CASE NO.: 07-22502-CIV-HOEVELER

_____

thereof.

31. Defendant denies the allegations in paragraph #31 as written and demands strict proof thereof.

32. Defendant denies the allegations in paragraph #32 as written and demands strict proof thereof.

33. Defendant denies the allegations in paragraph #33 as written and demands strict proof thereof.

34. Defendant admits the allegations in paragraph #34.

35. Defendant denies the allegations in paragraph #35 as written and demands strict proof thereof.

36. Defendant denies the allegations in paragraph #36 as written and demands strict proof thereof.

37. Defendant denies the allegations in paragraph #37 as written and demands strict proof thereof.

38. Defendant denies the allegations in paragraph #38 as written and demands strict proof thereof.

39. Defendant denies the allegations in paragraph #39 as written and demands strict proof thereof.

40. Defendant denies the allegations in paragraph #40 as written and demands strict proof thereof.

41. Defendant admits the allegations in paragraph #41.

42. Defendant admits that it denied the Plaintiff's petition for readmission, the

CASE NO.: 07-22502-CIV-HOEVELER
_____

remainder of paragraph #42 is denied and Defendant demands strict proof thereof.

     43.    Defendant admits that the Plaintiff was notified of the denial of her petition for readmission via email on June 7, 2007. Defendant is without sufficient knowledge to admit or deny the remainder of the allegation contained in paragraph #43 and therefore denies same and demands strict proof thereof

     44.    Defendant denies the allegations in paragraph #44 as written and demands strict proof thereof.

     45.    Defendant denies the allegations in paragraph #45 as written and demands strict proof thereof.

     46.    Defendant denies the allegations in paragraph #46 as written and demands strict proof thereof.

     47.    Defendant denies the allegations in paragraph #47 as written and demands strict proof thereof.

     48.    Defendant admits that Isaac Carter sent an email to the Plaintiff instructing her not to return to the university campus, Defendant denies the remainder of the allegations contained in paragraph #48 as written and demands strict proof thereof.

     49.    Defendant denies the allegations in paragraph #49 as written and demands strict proof thereof.

     50.    Defendant denies the allegations in paragraph #50 as written and demands strict proof thereof.

     51.    Defendant denies the allegations in paragraph #51 as written and demands strict proof thereof.

**GAEBE, MULLEN, ANTONELLI, ESCO & DIMATTEO**
**420 SOUTH DIXIE HIGHWAY * 3RD FLOOR * CORAL GABLES, FLORIDA  33146**

Page 5 of 12

CASE NO.: 07-22502-CIV-HOEVELER
_____

52. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph #52 and therefore denies same and demands strict proof thereof.

53. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph #53 and therefore denies same and demands strict proof thereof.

54. Defendant denies the allegations in paragraph #54 and demands strict proof thereof.

55. Defendant denies the allegations in paragraph #55 and demands strict proof thereof.

56. Defendant denies the allegations in paragraph #56 and demands strict proof thereof.

57. Defendant denies the allegations in paragraph #57 and demands strict proof thereof.

58. Defendant denies the allegations in paragraph #58 and demands strict proof thereof.

59. Defendant denies the allegations in paragraph #59 and demands strict proof thereof.

60. Defendant denies the allegations in paragraph #60 and demands strict proof thereof.

61. Defendant denies the allegations in paragraph #61 and demands strict proof thereof.

CASE NO.: 07-22502-CIV-HOEVELER

_____

## AMENDED COUNT I – VIOLATION OF AMERICANS WITH DISABILITIES ACT

a.  Defendant admits the allegations in paragraph "a."[1]

b.  Defendant is without sufficient knowledge to admit or deny the allegation that the Plaintiff suffered from a disability and therefore Defendant denies same and demands strict proof thereof. Defendant admits the remainder of the allegations contained in paragraph "b."[2]

62.  Defendant admits the allegations in paragraph #62.

63.  Defendant is without sufficient knowledge to admit or deny the allegations in paragraph #63 and therefore denies same and demands strict proof thereof.

64.  Defendant is without sufficient knowledge to admit or deny the allegations in paragraph #64 and therefore denies same and demands strict proof thereof.

65.  Defendant is without sufficient knowledge to admit or deny the allegations in paragraph #65 and therefore denies same and demands strict proof thereof.

66.  Defendant denies the allegations in paragraph #66 and demands strict proof thereof.

67.  Defendant admits the allegations in paragraph #67.

68.  Defendant denies the allegations in paragraph #68 and demands strict proof thereof.

69.  Defendant denies the allegations in paragraph #69 and demands strict proof

---

[1] Erroneously numbered paragraph "a" on the Third Amended Complaint.
[2] Erroneously numbered paragraph "b" on the Third Amended Complaint.

CASE NO.: 07-22502-CIV-HOEVELER
_____

thereof.

70. Defendant denies the allegations in paragraph #70 and demands strict proof thereof.

71. Defendant denies the allegations in paragraph #71 and demands strict proof thereof.

72. Defendant denies the allegations in paragraph #72 and demands strict proof thereof.

73. Defendant denies the allegations in paragraph #73 and demands strict proof thereof.

74. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph #74 and therefore denies same and demands strict proof thereof.

75. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph #75 and therefore denies same and demands strict proof thereof.

## AMENDED COUNT II – DISCRIMINATION UNDER REHABILITATION ACT

76. Defendant denies the allegations in paragraph #76 and demands strict proof thereof.

77. Defendant denies the allegations in paragraph #77 and demands strict proof thereof.

78. Defendant admits the allegations in paragraph #78.

79. Defendant admits that the Plaintiff availed herself of a federally approved student loan program. Defendant denies the remainder of the allegations contained in paragraph #79 and demands strict proof thereof.

GAEBE, MULLEN, ANTONELLI, ESCO & DIMATTEO
420 SOUTH DIXIE HIGHWAY * 3RD FLOOR * CORAL GABLES, FLORIDA  33146

Page 8 of 12

CASE NO.: 07-22502-CIV-HOEVELER

_____

80. Defendant denies the allegations in paragraph #80 and demands strict proof thereof.

81. Defendant denies the allegations in paragraph #81 and demands strict proof thereof.

82. Defendant denies the allegations in paragraph #82 and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Defendant, ST. THOMAS, asserts the following Affirmative Defenses in response to Plaintiff's Third Amended Complaint:

1. That Plaintiff's Third Amended Complaint fails to state a claim against this Defendant upon which relief may be granted.

2. That all actions of the Defendant were taken in good faith, were reasonably necessary for the normal operations of the University and were based upon legitimate, reasonable and non-discriminatory educational considerations.

3. Defendant has established a set of procedures, of which students are given prior notice and agree to follow, to notify a designated University employee of any claimed disabilities and any reasonable accommodation they believe they require for such disabilities. Plaintiff failed to follow these procedures and failed to properly notify Defendant of the disability alleged in the Third Amended Complaint. Moreover, Plaintiff showed no outward signs, symptoms, or limitations of, or from, the disability alleged in the Third Amended Complaint.

4. Defendant has established a set of procedures, of which students are given prior notice and agree to follow, to notify a designated University employee of any claimed disabilities

and any reasonable accommodation they believe they require for such disabilities. Plaintiff failed to follow or avail herself of these procedures and failed to properly notify Defendant of any "reasonable accommodation" she believed she required. Moreover, Plaintiff showed no outward signs, symptoms, or limitations of, or from, the disabilities claimed in this action.

5. That Defendant complied with any and all requirements of the Americans with Disabilities Act and/or Rehabilitation Act.

6. That Defendant provided the Plaintiff with reasonable accommodations in compliance with the Americans with Disabilities Act and/or Rehabilitation Act.

7. That Plaintiff does not suffer from any disability as defined under the Americans with Disabilities Act and/or Rehabilitation Act.

8. That Plaintiff does not suffer from a physical or mental impairment that substantially limits one or more of her major life activities under the Americans with Disabilities Act and/or Rehabilitation Act.

9. That Plaintiff is not an individual regarded as having any such impairment under the Americans with Disabilities Act and/or Rehabilitation Act.

10. That Plaintiff did not provide Defendant with a record of any such impairment under the Americans with Disabilities Act and/or Rehabilitation Act.

11. That Plaintiff failed to inform the Defendant that she suffered from any disability as defined under the Americans with Disabilities Act and/or Rehabilitation Act.

12. Plaintiff's claim(s) for compensatory damages under the Americans with Disabilities Act and/or Rehabilitation Act is barred because the Defendant did not act in bad faith or otherwise intentionally discriminate against the Plaintiff on the basis of any disability.

CASE NO.: 07-22502-CIV-HOEVELER

_____

13. That Plaintiff's alleged damages herein, if any, were caused in whole or in part by the Plaintiff's own negligence and should be reduced and/or extinguished accordingly.

14. Defendant was not the proximate cause of the damages Plaintiff claims in her Third Amended Complaint, and the Plaintiff herself, or an intervening cause, was responsible for any claimed damages.

15. That Plaintiff failed to mitigate her claimed economic damages.

Defendant, ST. THOMAS, reserves the right to plead any and all additional affirmative defenses that become known during discovery.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 26, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing.

Respectfully Submitted,

/s/ Michael A. Mullen_____

MICHAEL A MULLEN
FL BAR NO.: 305731
GAEBE MULLEN ANTONELLI
    ESCO & DIMATTEO
Attorneys for Defendant, Standard Concrete
420 South Dixie Highway, 3rd Floor
Coral Gables, FL  33146
Tel:  (305) 667-0223
Fax: (305) 284-9844
mmullen@gaebemullen.com

CASE NO.: 07-22502-CIV-HOEVELER

_____

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY a true and correct copy of the foregoing was mailed this September 9, 2008, to:  Emily Joyce Phillips, Esq., Phillips Lanier, 2 S. Biscayne Blv., Ste 1684, Miami, FL 33131.

| J. PATRICK FITZGERALD, P.A. | GAEBE MULLEN ANTONELLI ESCO & DIMATTEO |
|---|---|
| Co-Counsel for Defendant | Attorneys for Defendant |
| 110 Merrick Way, Suite 3-B | 420 South Dixie Highway, 3rd Floor |
| Coral Gables, FL  33134 | Coral Gables, FL  33146 |
| Tel:  (305) 443-9162 | Tel:  (305) 667-0223 |
| Fax: (305) 443-6613 | Fax:  (305) 284-9844 |

By:     /s/ Michael A. Mullen
MICHAEL A. MULLEN
Florida Bar No.:  305731