UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-22502-CIV-HOEVELER

RANDALL VANESSA FORBES,

   Plaintiff,
v.
ST. THOMAS UNIVERSITY, INC.,

   Defendant.
             /

**DEFENDANT'S REPLY IN SUPPORT
OF MOTION FOR FINAL SUMMARY JUDGMENT**

  COMES NOW the Defendant, ST. THOMAS UNIVERSITY, INC. by and through its undersigned attorneys and pursuant to Local Rules 7.5.E. and 7.1.C., and files this its Reply in Support of its Motion for Final Summary Judgment, and states as follows:

  1. The Defendant ST. THOMAS UNIVERSITY, INC. (hereinafter, "ST. THOMAS") filed its Motion for Final Summary Judgment and Incorporated Memorandum of Law in Support Thereof on October 27, 2009 (DE #56).

  2. The Plaintiff, RANDALL VANESSA FORBES ("FORBES") filed her Response to Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law in Support Thereof (DE #65) on December 23, 2009.

  3. This Reply in Support of Motion for Final Summary Judgment is filed specifically and solely in rebuttal to the points raised in the Plaintiff's opposition (DE #65).

  4. In Reply, and in support of its Motion for Final Summary Judgment, the Defendant ST. THOMAS UNIVERSITY, INC. states as follows:

**MEMORANDUM OF LAW**

  First, it should be pointed out that the Plaintiff in her Response to Defendant's Motion for

Summary Judgment and Incorporated Memorandum of Law (DE #65) did not challenge the statement of undisputed facts contained in Defendant's Motion for Final Summary Judgment and Incorporated Memorandum of Law in Support Thereof (DE #56, at pp. 2- 4).  Thus, pursuant to Local Rule 7.5.D., those facts should be deemed to have been admitted by the Plaintiff.

## I.    St. Thomas Has Specific Academic Standards That Were Applied Neutrally.

ST. THOMAS has specific academic standards and should not be penalized for applying those standards neutrally, especially where, as here, the student was given provisional accommodations, had *no* proven disability as contemplated by the ADA or the Rehabilitation Act, and never provided any documentation of a disability or a diagnosed or documented need for specific recommended accommodations.  Of course, "an educational institution is only required to provide accommodation when a plaintiff has provided a proper diagnosis and requested specific accommodation," Manickavasagar v. Virginia Commonwealth Univ. Sch. of Med., --- F. Supp. 2d ----, 2009 WL 3366924 at *10 (E.D. Va., 2009), neither of which FORBES did.

Moreover, the Defendant's standards for continued enrollment were based on a specific, recognizable benchmark:  maintaining a grade point average of 2.0—which FORBES also failed to do.  ST. THOMAS did not change its standards for FORBES, nor would it have been reasonable to have expected it to do so *even if* FORBES had had a documented disability, since the ADA and the Rehabilitation Act "do not require an educational institution to lower or to effect substantial modifications of standards to accommodate a handicapped person." Manickavasagar, Id., at *10.  See also Southeastern Cmty. Coll. v. Davis, 442 U.S. 397, 412- 13 (1979), stating:

> [s]ituations may arise where a refusal to modify an existing program might become unreasonable and discriminatory. . . . In

> this case, however, it is clear that Southeastern's unwillingness to make major adjustments in its nursing program does not constitute such discrimination. The uncontroverted testimony of several members of Southeastern's staff and faculty established that the purpose of its program was to train persons who could serve the nursing profession in all customary ways. . . . This type of purpose, far from reflecting any animus against handicapped individuals is shared by many if not most of the institutions that train persons to render professional service. It is undisputed that respondent could not participate in Southeastern's nursing program unless the standards were substantially lowered. Section 504 imposes no requirement upon an educational institution to lower or to effect substantial modifications of standards to accommodate a handicapped person.

As these cases suggest, the ADA was not intended to require an institution of higher learning to change its requirements for a graduate degree based on each student's particular academic strengths and weaknesses. Rather, it has the "purpose of providing clear, strong, *consistent,* and enforceable standards to address discrimination." Singh v. George Wash. Univ. School of Med. & Health Sci., 508 F.3d 1097, 1104 (D.C. Cir. 2007) (citing 42 U.S.C. § 12101(b)(2)) (emphasis in case). FORBES' arguments ignore the fact that ST. THOMAS, as an accredited law school, had to have clearly defined and established academic standards, and had to of course apply those standards evenhandedly and across the board.

Though ST. THOMAS did offer FORBES provisional accommodations in the second semester of her first year of law school, it was not required to go above and beyond that. And, FORBES accepted the provisional accommodations provided by ST. THOMAS. Thus, she should not be heard now to complain that the accommodations were inadequate or unfair.

II.     **The Plaintiff Accepted St. Thomas's Provisional Accommodations.**

FORBES accepted the provisional accommodations[1] provided by ST. THOMAS in her

---

[1] The accommodations were provisional because FORBES never formally requested specific accommodations for a documented disability in the manner set forth in the school's handbook.

second semesters of law school and only later objected to them, after her grade point average placed her in danger of being academically dismissed from the law school.

The Plaintiff's acceptance of ST. THOMAS' provisional accommodations should be viewed as a waiver of any objections she later formulated (after receiving her grades) to the provisional accommodations. In any event, as noted in Defendant's Motion for Final Summary Judgment and Incorporated Memorandum of Law in Support Thereof (DE #56), FORBES was not "disabled" for purposes of the ADA or the Rehabilitation Act, and thus ST. THOMAS was not required to accommodate her in any special way.

### III. The Plaintiff Was Not Disabled Under the ADA or Rehabilitation Act and the Cases Cited By Plaintiff In Her Response Are Not Applicable to This School Case.

As pointed out in Defendant's Motion for Final Summary Judgment, FORBES did not have a disability as that term is defined or contemplated under either the ADA or the Rehabilitation Act. Thus, her accommodation arguments are without merit.

Though Plaintiff relies upon a series of employment cases in her Response to argue that she was, indeed, disabled, and that ST. THOMAS failed to reasonably accommodate her, there is no need to resort to employment cases which are not directly on point,[2] when the applicable

---

[2] For instance, Forbes relies heavily on the case of <u>Taylor v. Phoenixville School District</u>, 184 F.3d 296 (3rd Cir. 1999) which: specifically and repeatedly refers to the duties of "employer" and "employee"; cites several times to the to Regulations to Implement the Equal Employment Provisions of the Americans with Disabilities Act; and relies for its reasoning upon another employment case, <u>Bultemeyer v. Fort Wayne Community Schools</u>, 100 F.3d 1281 (7th Cir. 1996). <u>Bultemeyer</u> itself, meanwhile, cites to 42 U.S.C. §12111(8).

42 U.S.C. §12111(8) states:

> (8) Qualified individual
> The term "qualified individual" means an individual who, with or without reasonable accommodation, **can perform the essential functions of the employment position** that such individual holds

school cases cited by Defendant in its original Motion all lead to the conclusion that FORBES was not disabled or even substantially limited or impaired in a major life activity, and also, that ST. THOMAS acted reasonably at all times.

Moreover, as noted, cases applying to the employment arena may not necessarily apply to this case involving a graduate school.  For one thing, as the Supreme Court has recognized, "[t]he primary focus of the 1973 Act was to increase federal support for **vocational** rehabilitation; the Act's original definition of the term 'handicapped individual' reflected this focus by including only those whose disability limited their **employability**, and those who could be expected to benefit from **vocational** rehabilitation."  Sch. Bd. of Nassau County, Florida v. Arline, 480 U.S. 273, 278 n.3 (1987) (emphases supplied).  Though the ADA was later amended, and it and the Rehabilitation Act can apply to institutions of higher learning as acknowledged by Defendant in its original Motion, there is still a difference between employment and graduate school cases.

As the cases cited by Defendant in its original motion all indicate, a specialized graduate degree must require the imposition of standards which, when viewed from the stance of the student, may seem exceedingly stringent.  This may be because, while Congress has pursued

---

> or desires. For the purposes of this subchapter, consideration shall be given to the **employer's judgment as to what functions of a job are essential**, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions **of the job**. (emphases supplied)

While Bultemeyer hypothesizes that one reasonable accommodation an "employer" can make is finding the employee "another position," Bultemeyer at 1285, clearly, this would not apply to a law school student.  There is no "other position" that could be found for her.  Indeed, very little discussed in Taylor or Bultemeyer is applicable to a law school's relationship with its student, or its academic decisions about her ability to complete the curriculum with or without reasonable accommodation.

through the ADA and its enacting statutes the commendable goal of ensuring all persons are given a fair shot of gaining productive employment, <u>no</u> lawmaking body—or court—has ever mandated that every person has a right to a specialized graduate degree.  Indeed, perhaps in recognition of that fact, "a majority of circuits have extended judicial deference to an educational institution's academic decisions in ADA and Rehabilitation Act cases."  <u>Zukle v. Regents of Univ. of California</u>, 166 F.3d 1041, 1047 (9th Cir. 1999) (citations omitted).

Undoubtedly, all individuals should be regarded equally.  It does not necessarily follow, however, that all individuals should be admitted to law school; should be graduated from law school; or should be admitted to the practice of law.  There is no "right" to a law degree.  FORBES' undocumented, alleged disability should not have the peculiar result of placing her in the position to receive a degree which all objective criteria, applied evenhandedly, suggest she was not qualified to obtain.

And finally, no after-the-fact amendment to the ADA can be applied to FORBES' claims that arose in the 2006- 2007 school year.

### A.  **The Amendment To the ADA Was Not Retroactive and Did Not Apply To Forbes.**

Pursuant to the ADA Amendments Act of 2008, the ADA was amended to broaden the concepts of both "disability" and "major life activity," effective January 1, 2009.  <u>See</u> Pub. L. No. 110-325, 2008 S. 3406 (eff. Jan 1, 2009).

Thus, though FORBES could conceivably be considered "disabled" and/or impaired in a major life activity, post-amendment, if her alleged impairment in test-taking or learning were documented properly, she would still not have qualified as "disabled" for purposes of the ADA or the Rehabilitation Act until January 1, 2009.

The amendment of the ADA became effective January 1, 2009.  See Pub. L. No. 110-

325, 122 Stat. 3553 at Sec. 8 (2008).  It was not retroactive.  E.E.O.C. v. Agro Distrib. LLC, 555 F.3d 462, 469 n.8 (5th Cir. Jan.15, 2009) ("Congress recently enacted the ADA Amendments Act of 2008, but these changes do not apply retroactively.") (citation omitted).  Thus, its liberalized provisions could not have applied to FORBES in 2006- 2007, and it offers her no relief in this action.

## CONCLUSION

Because Plaintiff did not present specific facts to show that there is a **genuine** issue for trial, summary judgment must be granted to ST. THOMAS.  See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Antenor v. D&S Farms, 866 F. Supp. 1389, 1395 (S.D. Fla. 1994), *rev'd on other grounds*.

WHEREFORE the Defendant, ST. THOMAS UNIVERSITY, INC., moves this Honorable Court for the entry of an Order of Final Summary Judgment as to all claims of the Plaintiff RANDALL VANESSA FORBES as set forth in her Third Amended Complaint, granting final judgment to the Defendant ST. THOMAS UNIVERSITY, INC., and granting all other and further relief this Honorable Court deems just and equitable.

CASE NO.: 07-22502-CIV-HOEVELER
Page 8

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on January 22, 2009, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record: Emily Joyce Phillips, Esq., Phillips Lanier, One Biscayne Tower Suite 1684, 2 S Biscayne Boulevard, Miami, FL 33131 (email: ephillips@phillipslanier.com and ejpoxford@gmail.com), via transmission of Notice of Electronic Filing generated by the CM/ECF system.

| | |
|---|---|
| J. PATRICK FITZGERALD, P.A. | GAEBE MULLEN ANTONELLI & DIMATTEO |
| Co-Counsel for Defendant | Attorneys for Defendant |
| 110 Merrick Way, Suite 3-B | 420 South Dixie Highway, 3rd Floor |
| Coral Gables, FL  33134 | Coral Gables, FL  33146 |
| Tel:  (305) 443-9162 | Tel:  (305) 667-0223 |
| Fax: (305) 443-6613 | Fax:  (305) 284-9844 |

By:  /s/ Anne C. Sullivan
MICHAEL A. MULLEN
Florida Bar No.:  305731
mmullen@gaebemullen.com
MAXIMO A. SANTIAGO
Florida Bar No.:  0669733
msantiago@gaebemullen.com
ANNE C. SULLIVAN
Florida Bar. No.:  0888621
asullivan@gaebemullen.com