UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  07-22502-CIV-HOEVELER

RANDALL VANESSA FORBES,

       Plaintiff,

v.

ST. THOMAS UNIVERSITY, INC.,

       Defendant.

_____ /

## DEFENDANT'S MOTIONS IN LIMINE

COMES NOW the Defendant, ST. THOMAS UNIVERSITY, INC. by and through its undersigned attorneys and files these combined motions *in limine* to preclude Plaintiff, RANDALL VANESSA FORBES from introducing certain evidence or testimony at trial, as set forth in more detail below.  In support of its Motions, Defendant states as follows:

    1.     In her initial Rule 26 Disclosure (DE #53), Plaintiff listed as "Documents, Date Compilations, and Tangible Things in Plaintiff's Possession, Custody, or Control that it may use to support her Claims:"

          2. a.    Medical Report from University of Miami dated on or around November 1, 2001.

          2. b.    Medical Report(s) from Nassau University Medical Center dated on or around 2005;

          2. c.    Freeport Police Department Case Report Work Sheet;

          (Pl.'s Disclosure, p. 2)

    2.     Defendant requested copies of all medical records of Plaintiff, via request for production, but has not been provided by FORBES with a copy of the Medical Report from

University of Miami dated on or around November 1, 2001.  Defendant served a subpoena on the University of Miami and received a letter in response stating that records for the patient (FORBES) "are no longer available/found."

3.      Similarly, Defendant has not received any copy of the "Freeport Police Department Case Report Work Sheet."

4.      Defendant *does* have records dating from 2005 from the Nassau University Medical Center, provided by Plaintiff in response to a request for production.

5.      The documents listed in Paragraph 2. (a) – (c) of Plaintiff's Rule 26 Disclosure appear to be irrelevant to her disability claim.  The Nassau University Medical Center records appear to relate to a suicide attempt and to discuss anxiety and nervousness.  The Freeport Police Department records presumably relate to one of her sexual assaults.  And it is not known what the University of Miami "Medical Report" relates to.

6.      ST. THOMAS is not denying that FORBES was sexually assaulted, or that she may have suffered from attacks of anxiety, or that she may have attempted suicide.  There is nothing for which the records could be offered that would be so probative that it would outweigh the prejudicial effect of the information contained in the police records of a sexual assault, or medical records relating to attempted suicide.

7.      Those documents should be excluded.

8.      Additionally, on April 20, 2007, Plaintiff provided to ST. THOMAS UNIVERSITY (by email) a copy of an August 4, 2004, Memorandum from the Director of Accessibility Resources at the University of Miami to FORBES' professors regarding "Class Accommodations."   (See Exhibit "A" hereto, hereafter referred to the "University of Miami memo.")

9.      In that memo, the Direction of Accessibility Resources listed the accommodations to be allowed to FORBES for "Fall, 2004 only."  They are set forth as:

- Extended Time (up to time and half) for examinations and in class-assignments [sic]
- A distraction-reduced location, as needed
- AR has a testing room with a proctor.  If the student feels that a separate testing location is needed, he/she will speak to you at least one week prior to the test date.  If you approve, we will contact you to make arrangements.

(See Exhibit "A" hereto.)

10.     The University of Miami memo has attached to it an undated, three-page document entitled "Psychological Evaluation," which is unaddressed but appears to be on the letterhead of "Liza Papazian, M.S., C.S.W." (whom FORBES testified in her deposition (Vol. 1, p. 29) was her "counselor" who provided her with documentation for her accommodations request at the University of Miami).

11.     The three-page Papazian document—which is marked "Confidential" on the first page—recounts, among other things:  FORBES' experiences with various sexual assaults; her feelings regarding how the assaults were dealt with; a telephone conversation FORBES' mother had with an "officer" in Freeport in Nassau County and what the officer said; remarks made at an assembly by the mother of one of FORBES' attackers; and retaliatory actions taken by one of FORBES' attackers.  Based on this unfiltered information, the three-page Papazian document then proceeds to make findings, including that FORBES was a victim of sexual assault and that she suffered (at the time the three-page document was prepared) from symptoms that met the criteria of chronic PTSD (Posttraumatic Stress Disorder) compounded with Major Depression.

12.     The three-page Papazian document contains hearsay and hearsay within hearsay which is inadmissible as it is not subject to any hearsay exception.  Moreover, the University of Miami memo, to the extent it relies on the Papazian document, is hearsay material.

CASE NO.:  07-22502-CIV-HOEVELER

Page 4

_____

13.    Moreover, the three-page Papazian document is irrelevant to FORBES' claims of disability in this action against ST. THOMAS.  Any small probative value it might have is heavily outweighed by its extremely prejudicial effect, in that it discusses sexual and verbal assaults allegedly inflicted on FORBES in the past (which ST. THOMAS is not denying occurred, in any event), and makes *no* findings of a per se disability and absolutely *no* recommendations for testing or classroom accommodations.

14.    Also, the University of Miami memo itself if non-probative.   It lists accommodations that were provided to FORBES by the University of Miami for "Fall, 2004 only," yet it is likely that FORBES will attempt to use it to argue that the exact same accommodations should have been provided by ST. THOMAS UNIVERSITY in the Spring of 2007.  The listed accommodations have little bearing on what FORBES should have been provided in 2007, yet it appears probable that FORBES will ask the jury to find that ST. THOMAS was obliged to offer the exact same accommodations to FORBES that the University of Miami had over three years earlier.

15.    Furthermore, since the memo does not even state how the determination to provide those accommodations in 2004 was reached, it offers little elucidation for the jury as to what accommodations, precisely, ST. THOMAS should have provided to FORBES, and on what basis.

16.    If FORBES were allowed to either introduce the memo into evidence, or testify about what it afforded her, the jury might be misled into believing that only an exact replication of the accommodations provided to FORBES in the Fall of 2004 would suffice.

_____

## MEMORANDUM OF LAW

### Standard of Review

Federal District Courts have the power to exclude evidence *in limine* pursuant to their inherent authority to manage the course of trials.  Luce v. United States, 469 U.S. 38, 41 n.4 (1984). Indeed, "[s]uch motions do 'aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.' " Bowden ex rel. Bowden v Wal-Mart Stores, Inc., No. CIV. A. 99-D-880-E, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001) (quoting Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996)). Moreover, such motions can also "save the parties time, effort and cost in preparing and presenting their cases." Id.

Of course, pursuant to the Rules of Evidence, "[e]vidence which is not relevant is not admissible."  Fed. R. Evid. 402.  "Relevant Evidence," meanwhile, is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Finally, hearsay is generally not admissible, with certain exceptions noted by the Rules of Evidence.  See Fed. R. Evid. 801 *et seq.*

## ARGUMENT

### The University of Miami Memorandum

Because the prejudicial effect of the University of Miami memo and its attachment would far outweigh their probative value in this case, they should be excluded from introduction into evidence at trial.  For the same reason, FORBES should be precluded from testifying as to the contents of the memo or the attachment.  FORBES should be disallowed from relaying the memo's or its attachment's contents on the basis that the memo is non-probative, prejudicial

hearsay, the attachment suffers from the same shortcomings and also contains hearsay within hearsay, and FORBES' relaying of any information from either would be both prejudicial and improper.

Because the Papazian document contains mere recitations and a collection of what FORBES told Papazian, because it constitutes hearsay and hearsay within hearsay, and because it is not probative of any issue in this present case, it must be excluded.  See, e.g., United Techs. Corp. v. Mazer, 556 F.3d 1260, 1278 (11th Cir. 2009).

Because the University of Miami memo itself is not probative of what should have occurred three years after it was written, and because it appears to have been based on hearsay (the Papazian report), it must be excluded.  It is probably inadmissible and unreliable as double hearsay; it certainly is not probative of anything that ST. THOMAS should have done two or three years after its drafting.  Cf. Mayor of City of Philadelphia v. Educ. Equal. League, 415 U.S. 605, 618- 19, 618 n.19 (1974).  Yet, if it is not excluded, the jury may be tempted to rely upon it too much, in order to fix the standard for "reasonable" accommodations.

Double hearsay—which is what the memo and its attachment both contain and are constituted of—cannot be considered as probative evidence.  See Robinson v. LaFarge of North America, Inc., 240 Fed. Appx. 824, 829- 30 (11th Cir. 2007) (citing Zaben v. Air Prods. & Chems., Inc., 129 F.3d 1453, 1455-57 (11th Cir. 1997)).

Therefore, the irrelevant University of Miami memo, and its hearsay-filled attachment the Papazian document, must be excluded from admission into evidence, and FORBES must be ordered not to relay the contents of either to the jury.

**Documents 2. (a)- (c) Listed in Plaintiff's Rule 26 Initial Disclosure**

For the same reasons the University of Miami memo must be excluded, the "medical

reports" from the University of Miami and from Nassau University Medical Center, and the "Freeport Police Department Case Report Work Sheet" must be excluded from evidence, and FORBES must be precluded from testifying as to their contents.  Plaintiff should not be allowed to relay to the jury the non-probative, prejudicial, and potentially hearsay information contained in the documents.[1]

## CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1.A.3, S.D. Fla., undersigned counsel has attempted to confer with counsel for Plaintiff via email, and no response has been received yet.  If Defendant becomes aware that Plaintiff does not oppose the requested relief, Defendant will promptly notify the Court.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court grant the requested relief.

WHEREFORE the Defendant, ST. THOMAS UNIVERSITY, INC., moves this Honorable Court for the entry of an Order:

i.      precluding or limiting the admission into evidence of the University of Miami memo and its attachment, the three-page Papazian document;

ii.     precluding or limiting testimony from the Plaintiff regarding the University of Miami memo, its attachment the three-page Papazian document, and their contents;

iii.    precluding or limiting the admission into evidence of Documents 2. (a)- (c) from

---

[1]  Additionally, *all* the documents that are the subject of Defendant's Motions in Limine should be excluded from evidence because the proof and authentication provisions of Fed. R. Civ. P. 44 and Fed. R. Evid. 803, 901 and 902 have not been met.

CASE NO.: 07-22502-CIV-HOEVELER
Page 8

Plaintiff's Rule 26 Initial Disclosure; and

iv.    granting all other and further relief this Honorable Court deems just and equitable.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on January 29, 2009, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.   We also certify that the foregoing document is being served this day on all counsel of record: Emily Joyce Phillips, Esq., Phillips Lanier, One Biscayne Tower Suite 1684, 2 S Biscayne Boulevard, Miami, FL 33131 (email: ephillips@phillipslanier.com and ejpoxford@gmail.com), via transmission of Notice of Electronic Filing generated by the CM/ECF system.

| | |
|---|---|
| J. PATRICK FITZGERALD, P.A. | GAEBE MULLEN ANTONELLI & DIMATTEO |
| Co-Counsel for Defendant | Attorneys for Defendant |
| 110 Merrick Way, Suite 3-B | 420 South Dixie Highway, 3rd Floor |
| Coral Gables, FL 33134 | Coral Gables, FL 33146 |
| Tel: (305) 443-9162 | Tel: (305) 667-0223 |
| Fax: (305) 443-6613 | Fax: (305) 284-9844 |

By:        /s/ Anne C. Sullivan
MICHAEL A. MULLEN
Florida Bar No.: 305731
mmullen@gaebemullen.com
MAXIMO A. SANTIAGO
Florida Bar No.: 0669733
msantiago@gaebemullen.com
ANNE C. SULLIVAN
Florida Bar. No.: 0888621
asullivan@gaebemullen.com