UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 07-22502 – CIV HOEVELER
MAGISTRATE JUDGE BROWN

RANDALL VANESSA FORBES,

    Plaintiff,

v.

ST. THOMAS UNIVERSITY, INC.,

    Defendant.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE

COMES NOW the Plaintiff, RANDALL VANESSA FORBES, (hereinafter "Forbes"), by and through her undersigned counsel, and files this her Plaintiff's Response to Defendant's Motions in Limine, and states as follows:

### Introduction

1. St. Thomas had been fully informed that Forbes suffered from a disability within the meaning of the ADA or the Rehabilitation Act but failed to make reasonable modifications and accommodations in view of her disability. Had St. Thomas complied with the law, the gravity of Forbes' condition would not have been ignored, and she would most certainly have kept an adequate 2.0 G.P.A. in her first year as a law student. Consequently, Forbes would not have been dismissed from St. Thomas.

2. The Defendant argues that (i) Forbes did not suffer from a disability within the meaning of the ADA or the Rehabilitation Act and that (ii) St. Thomas reasonably denied the modifications and accommodations requested by Forbes -- a separate

testing room, the very remedy the University of Miami deemed adequate in view of her disability – because such measures would be unreasonably burdensome and would fundamentally alter the nature of the law school by potentially increasing the risk of cheating and plagiarizing.

3. Forbes' purpose in offering into evidence the documents and testimony which is the object of the present Motion in Limine is to prove not only that she had informed St. Thomas she suffered from a disability within the meaning of the ADA and the Rehabilitation Act, but, more specifically, that her disability was substantially recorded and documented, and that she was regarded as suffering from the disability, and that she requested modifications and accommodations in view of the seriousness of her disability.

4. Anticipating the effects that these facts will have on its case, St. Thomas moved to preclude or limit the following evidence or testimony by Forbes:

> (i) Memorandum prepared by the University of Miami on August 9, 2004, which was produced by Forbes to St. Thomas, describing the modifications and accommodations made by the University of Miami in view of her disability. This memorandum was supported by a Psychological Evaluation which diagnosed Forbes with chronic Post Traumatic Stress Disorder, caused by different instances of sexual assault;
>
> (ii) Medical Report from Nassau University dated on or around 2005, recording the seriousness of Forbes' condition; and

(iii) Freeport Police Department Case Report Work Sheet, evidencing some of the causes of Forbes' disability.

5. The foregoing evidence must be admitted because (i) it tends to prove facts of consequence to the present action, (ii) its probative value is not substantially outweighed by any eventual prejudicial effect, and (iii) it is not being produced to prove the truth of the matters asserted – which are undisputed -- or was produced and kept during the course of business.

## MEMORANDUM OF LAW

### The University of Miami Memorandum and its Supporting Psychological Evaluation

6. In its Motion for Summary Judgment, St. Thomas has considered facts that cannot reasonably be disputed that (i) Forbes "produced a University of Miami memorandum dated August 9, 2004, that detailed the accommodations she had received at the University of Miami"; and that (ii) after the production of such document "St. Thomas provided provisional testing accommodations to the Plaintiff, which included time and a half and a room with limited distractions." St. Thomas, however, unreasonably denied Forbes' request for modifications and accommodations including a separate testing room, a remedy which had been considered the appropriate one by the University of Miami in view of her disability.

7. The Defendant has also admitted, as a fact that cannot reasonably be disputed in its Motion for Summary Judgment, that Ms. Forbes "was diagnosed with Post Traumatic Stress Disorder (hereinafter "PTSD") stemming from several sexual assault incidents."

8. St. Thomas now contends that the Memorandum prepared by the University of Miami, supported by a Psychological Evaluation diagnosing Ms. Thomas' chronic PTSD, should not be admitted, nor should Ms. Forbes be allowed to testify about its contents, because it is not relevant, it is hearsay, and it is prejudicial.

**(i) The University of Miami Memorandum and its Attached Psychological Evaluation are Relevant Evidence and Should be Admitted**

9. Under the Rules of Evidence, "All relevant evidence is admissible, except as otherwise provided..." Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Furthermore, "The fact to which the evidence is directed need not be in dispute." *Advisory Committee's Note to Rule 401. Cf. Old Chief v. United States*, 519 U.S. 172, 177-79, 117 S.Ct. 644, 649-650, 136 L.Ed2d 574 (1997).

10. The evaluation described by St. Thomas as "the University of Miami Memorandum" and its supporting "Psychological Evaluation" are relevant to prove the following facts of consequence to the case: (i) St. Thomas was fully informed by Forbes of the nature and gravity of her condition; (ii), despite being fully informed of Forbes' disability, St. Thomas did not make reasonable modifications and accommodations in view of her disability; (iii) the reasonable modifications and accommodations requested by Forbes had previously been implemented by the University of Miami when she was a student there and would not unreasonably burden nor fundamentally alter law school; and (iv) had St. Thomas applied the correct remedy to her disability, Forbes would most certainly have been able to achieve the required 2.0 G.P.A. after her first year (her

4

G.P.A. in the second semester was 2.1) so that she would not have been dismissed from law school.

**(ii) St. Thomas Has Not Demonstrated that Probative Value of The University of Miami Memorandum and its Attached Psychological Evaluation is Substantially Outweighed by the Risk of Unfair Prejudice, Confusion of the Issues, or Misleading the Jury**

11. Evidence which is relevant only can be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury..." Fed. R. Evid. 403. According to the standard, in assessing the admissibility of the evidence, probative force and prejudice should both be viewed most favorably in relation to the proponent.

12. The University of Miami evaluation should not be excluded solely because it might suggest a decision upon an improper basis. It may be excluded only if the danger of unfair prejudice substantially outweighs its probative value. In the present case, St. Thomas has not met its burden, and the evidence should not be limited nor excluded. *Cf. Rivers v. The United States* (9th Cir.1959), ("[I]f the mere gruesomeness of the evidence were ground for its exclusion, then it would have to be said that the more gruesome the crime, the greater the difficulty of the prosecution in proving its case.").

13. Finally, the risk of issue confusion or misleading the jury is minimum in relation to the probative value of the evidence. St. Thomas' argument that Forbes does not have a disability under the ADA or the Rehabilitation Act shall inexorably fail if Forbes shows that she her disability was recorded or that she was regarded as having the disability by the University of Miami. And so would St. Thomas argument that the

modifications and accommodations requested by Forbes would be unreasonably burdensome and would fundamentally alter law school.

### (iii) The University of Miami Memorandum and its Attached Psychological Evaluation Shall not be Excluded by the Hearsay Rule

14. Hearsay is defined by the Rules of Evidence as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).

15. The University of Miami Memorandum and its attachment are not hearsay because they are not being offered in evidence to prove the truth of the matter asserted – which is not being disputed by St. Thomas or was already judicially admitted by St. Thomas -- but to prove that the remedy provided by St. Thomas and its basis for denying Forbes requests for modifications and accommodations were unreasonable in view of the gravity of her disability. In fact, the mere acknowledgement that St. Thomas had possession of these documents is already relevant to prove facts of consequence to the case.

16. Under Fed. R. Evid. 801(d)(1), prior statements by witness are not hearsay. Forbes, the University of Miami records custodian, and Ms. Papazian shall testify as to the declarations in question and will be available for cross examination under oath at trial.

17. Furthermore, under Fed. R. Evid. 803 (4), the following are not excluded by the hearsay rule: "Statements made for purposes of medical diagnosis or treatment and describing medical history or past or present symptoms, pain, or sensationsm or

the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."

18.　Finally, the University of Miami memorandum and the attached Psychological Evaluation fall into the Records of Regularly Conducted Activity exception to the hearsay rule. Fed. R. Evid. Rule 803(6). Because the declarations made to and recorded by the University of Miami and the ones made to and recorded by Ms. Papazian were both made by persons with knowledge or from information transmitted by a person with knowledge, the guaranty of accuracy is sufficient to prevent the risk of *multiple level hearsay.* See Advisory Committee's Note to Fed. R. Evid. Rule 803(6).

### The Freeport Police Report and the University of Nassau Medical Report

19.　St. Thomas was fully informed of the gravity of Ms. Forbes condition, but chose not to take it seriously. The Freeport Police Report and the University of Nassau Medical Report are records of regularly conducted activities which are being offered as background evidence and as evidence of the gravity of Forbes' condition.

20.　These documents are relevant background information, were produced and kept during the due course of business, are consistent with Forbes allegations and St. Thomas has not shown that its admission would substantially outweigh its probative value. Moreover, the Freeport Police Report is a public record excluded from the hearsay rule by Fed. R. Evid 803(8).

21.　Therefore, the request for their exclusion should be denied, and all of the evidence admitted.

### Conclusion

22. Wherefore, because the evidence at issue is relevant, its probative value is not substantially outweighed by any possible unjust prejudicial effect, and is not excluded by the hearsay rule, Plaintiff respectfully requests this court to deny Defendant's Motions in Limine.

Respectfully submitted,

/s/ Emily Joyce Phillips
EMILY JOYCE PHILLIPS (FB 0597961)
ephillips@phillipslanier.com
PHILLIPS LANIER
One Flagler Building
14 NE 1st Avenue, 2nd Floor
Miami, FL 33132
T. 305.350.5299
F. 786.431.2324
Attorneys for Plaintiff Randall V. Forbes

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 16, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

/s/ Emily Joyce Phillips
EMILY JOYCE PHILLIPS (FB 0597961)
ephillips@phillipslanier.com
PHILLIPS LANIER
14 NE 1st Avenue, 2nd Floor
Miami, FL 33132

T. 305.350.5299
F. 786.431.2324
Attorneys for Plaintiff Randall V. Forbes

## SERVICE LIST

Michael A. Mullen FL Bar No. 305731
Email: mmullen@gaebemullen.com
Gaebe Mullen Antonelli Esco & DiMatteo
420 S. Dixie Highway, 3rd Floor
Coral Gables, FL 33143
T. 305.667.0223
F. 305.284.9844
Attorneys for Defendant


J. Patrick Fitzgerald FL Bar No. 248681
Email: jpf@jpfitzlaw.com
J. Patrick Fitzgerald, P.A.
110 Merrick Way, Suite 3-B
Coral Gables, FL 33134
T. 305.443.9162
F. 305.284.9844
Co-Counsel for Defendant