UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  07-22502-CIV-HOEVELER

RANDALL VANESSA FORBES,

    Plaintiff,

v.

ST. THOMAS UNIVERSITY, INC.,

    Defendant.
_____/

## DEFENDANT'S REPLY IN SUPPORT OF MOTIONS IN LIMINE
## WITH INCORPORATED MEMORANDUM OF LAW

Defendant, ST. THOMAS UNIVERSITY, INC., by and through its undersigned attorneys and pursuant to Local Rules 7.1.C, and files this its Reply in Support of its Motions in Limine with Incorporated Memorandum of Law, and states as follows:

1. The Defendant ST. THOMAS UNIVERSITY, INC. (hereinafter, "ST. THOMAS") filed its Motions in Limine on January 29, 2010 (DE #71).

2. The Plaintiff, RANDALL VANESSA FORBES ("FORBES") filed her Response to Defendant's Motion in Limine on February 16, 2010 (DE#74).

3. This Reply in Support of its Motions in Limine is filed specifically and solely in rebuttal to the points raised in the Plaintiff's Response (DE #74).

4. At the outset, the Plaintiff argues in her Response that the Defendant has conceded the facts provided in its Motion for Summary Judgment (DE#56). The Plaintiff has failed to acknowledge, however, as provided in Footnote #1 of Defendant's Motion, "[t]hese are facts which are not reasonably disputed for purposes of [the] Motion for Summary." Therefore, Plaintiff's reliance on those set of facts to support her argument in response to Defendant's Motions in Limine, is simply erroneous. Despite Plaintiff's assertions to the contrary, Defendant

CASE NO.: 07-22502-CIV-HOEVELER
_____

has **not** made any admissions or stipulations of fact and the Plaintiff has the burden of proving each element of her causes of action at trial.

5. The Plaintiff demarcates four reasons why the University of Miami Memorandum and the attached Psychological Evaluation (apparently authored by psychologist, Liza Papazian, M.S., C.S.W.) are relevant. First, FORBES argues that the documents were relevant to show that ST. THOMAS was informed by her of her condition. *See* Plaintiff's Response at ¶ 10. With respect to the University of Miami Memorandum, the document itself does not have any significance to the nature of her condition. It merely recites the accommodations that another academic institution provided to the Plaintiff. Although the Psychological Evaluation is relevant as to her disability, it should not be admissible for the reasons provided below. The second and third arguments presented by the Plaintiff are based on the reasonableness of the accommodations provided by ST. THOMAS. These arguments only lend support to ST. THOMAS' own argument that the admissibility of the University of Miami Memorandum is irrelevant and highly prejudicial. The Plaintiff admits that she intends to use the University of Miami Memorandum at trial to show that ST. THOMAS failed to make reasonable accommodations because it did not provide the same accommodations that the University of Miami provided. The jury, however, should not be allowed to hear and consider this evidence because it creates the false impression that every institution should provide the same accommodations that the University of Miami provided and the failure to provide same constitutes a violation of the American with Disabilities Act and Rehabilitation Act. Lastly, the Plaintiff argues that had ST. THOMAS provided the appropriate accommodations, she would have been able to achieve the requisite 2.0 GPA after her first year. This argument is purely

CASE NO.: 07-22502-CIV-HOEVELER

_____

speculative and should not be considered by this Court.

6. Assuming that this Court finds such evidence relevant, Defendant argues that the aforementioned evidence is not admissible because its probative value is substantially outweighed by the danger of unfair prejudice, it confuses the issues, or it misleads the jury. Fed. R. Evid. 403. Federal Rule of Evidence 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "A district court has broad discretion in making decisions under Rule 403's probative-prejudice balancing analysis." *Stephen v. Hanley*, 2009 WL 1471180 at * 3.

7. The Plaintiff argues that the risk of issue confusion or misleading the jury is minimum in relation to the probative value of the evidence. The Plaintiff further argues that ST. THOMAS' argument that FORBES did not have a disability under the ADA or the Rehabilitation Act will inexorably fail if FORBES is permitted to show the jury that "her disability was recorded or that she was regarded as having the disability by the University of Miami." *See* Plaintiff's Response at ¶ 13. Again, the Plaintiff intends to introduce the University of Miami Memorandum and attached Psychological Evaluation into evidence for the sole purpose of showing the jury that ST. THOMAS failed to provide the exact same accommodations to FORBES that the University of Miami provided her three years earlier. This evidence, however, adds little to no probative value because it involves a different academic institution, with different policies and procedures, and we don't have any insight into the factors the University of Miami considered in making its determination as to the accommodations. The

LAW OFFICES OF
GAEBE, MULLEN, ANTONELLI & DIMATTEO
420 SOUTH DIXIE HIGHWAY • THIRD FLOOR • CORAL GABLES, FLORIDA 33146

Page **3** of **7**

CASE NO.: 07-22502-CIV-HOEVELER
_____

danger in allowing such evidence is that ST. THOMAS will be prejudiced because it will not be able to cross-examine any witnesses from the University of Miami on these issues. Moreover, the jury will be misled into believing that only an exact replication of the accommodations provided to FORBES by the University of Miami is sufficient to satisfy the ADA or the Rehabilitation Act.

8.    Defendant further argues that these documents should be excluded under the hearsay rule. The Plaintiff argues that the University of Miami Memorandum and the attached Psychological Evaluation are not hearsay because they are not being offered into evidence to prove the truth of the matter asserted, "but to prove that the remedy provided by St. Thomas and its basis for denying Forbes [sic] request for modifications and accommodations were unreasonable in view of the gravity of her disability." *See* Plaintiff's Response at ¶ 15. By Plaintiff's own admission, these documents will be used to show that ST. THOMAS failed to provide reasonable accommodations, which goes to the very heart of the Plaintiff's claim under the ADA and the Rehabilitation Act. Therefore, contrary to Plaintiff's assertion, it *is* being offered to prove the truth of the matter asserted.

9.    The Plaintiff further argues that prior statements under Federal Rule of Evidence 801(d)(1) are not hearsay. The Plaintiff states that "FORBES, the University of Miami records custodian, and Ms. Papazian will testify as to the declarations in question and will be available for cross examination under oath at trial." The Plaintiff, however, has not disclosed any of these individuals or her intention to call them as witnesses at trial. The Plaintiff's Initial Rule 26 Disclosure only lists FORBES, John F. Hernandez, Peter Kelly, Barbara Singer, and Dr. Lydia-Kalsner-Silver. The Plaintiff did not disclose the University of Miami records custodian or Ms.

CASE NO.: 07-22502-CIV-HOEVELER
_____

Papazian in her Rule 26 Disclosures.  Moreover, Ms. Papazian is an expert witness that was not properly disclosed pursuant to Rule 26(a)(2), which provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  Fed. R. Civ. P. 26(a)(2).  Therefore, to the extent that the Plaintiff intends to call these witnesses (or any other witnesses not properly disclosed) at trial, Defendant moves to strike these witnesses.

10. The Plaintiff also seeks to introduce Ms. Papazian's report pursuant to Rule 804(4).  Rule 804(4) provides that the following are not excluded by the hearsay rule, even though the declarant is available as a witness:: "Statements made **for purposes of medical diagnosis or treatment** and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."  Fed. R. Evid. 803(4)(emphasis added).  For starters, Ms. Papazian's report is undated and contains information that is irrelevant to medical diagnosis or treatment.  The document also contains hearsay within hearsay and should be excluded pursuant to Rule 805.  Lastly, the document appears to have been drafted to document FORBES disability for purposes of obtaining accommodations at the University of Miami and not "for purposes of medical diagnosis or treatment." Fed. R. Evid. 803(4).

11. The Plaintiff further argues that the University of Miami Memorandum and the attached Psychological Evaluation "fall into the Records of Regularly Conducted Activity exception to the hearsay rule."  *See* Plaintiff's Response at ¶ 18.  Although the Plaintiff paraphrases a portion of the Rule, she fails to cite the relevant portion that requires the Plaintiff to lay a proper predicate.  Rule 803(6) provides in pertinent part as follows:

CASE NO.: 07-22502-CIV-HOEVELER
_____

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, **all as shown by the testimony of the custodian or other qualified witness, or by certification** that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Fed. R. Evid. 803(6)(emphasis added). As noted above, the Plaintiff will not be able to satisfy the requirements of Rule 803 because the records custodian or other qualified witness was never disclosed pursuant to Rule 26.

12. With respect to the Nassau University Medical Center, and the "Freeport Police Department Case Report Work Sheet," the Plaintiff argues that these documents are admissible under Rule 803(6) and (8). The Plaintiff, however, fails to address the relevancy argument raised by Defendant. These documents do not have any relevance to the Plaintiff's claim against ST. THOMAS for its alleged failure to provide reasonable accommodations and thus should be excluded under Rule 402. Moreover, these documents are only intended to invoke the sympathies of the jury and should be excluded under Rule 403.

WHEREFORE the Defendant, ST. THOMAS UNIVERSITY, INC., moves this Honorable Court for the entry of an Order:

    i. precluding or limiting the admission into evidence of the University of Miami Memorandum and the Psychological Report

    ii. precluding or limiting testimony from the Plaintiff regarding the University of Miami Memorandum and the Psychological Report

    iii. precluding or limiting the admission into evidence of Documents 2. (a)- (c) from

CASE NO.: 07-22502-CIV-HOEVELER
_____

Plaintiff's Rule 26 Initial Disclosure; and

iv.  granting all other and further relief this Honorable Court deems just and equitable.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on February 19, 2009, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record: Emily Joyce Phillips, Esq., Phillips Lanier, One Biscayne Tower Suite 1684, 2 S Biscayne Boulevard, Miami, FL 33131 (email: ephillips@phillipslanier.com and ejpoxford@gmail.com), via transmission of Notice of Electronic Filing generated by the CM/ECF system.

| | |
|---|---|
| J. PATRICK FITZGERALD, P.A. | GAEBE MULLEN ANTONELLI & DIMATTEO |
| Co-Counsel for Defendant | Attorneys for Defendant |
| 110 Merrick Way, Suite 3-B | 420 South Dixie Highway, 3rd Floor |
| Coral Gables, FL  33134 | Coral Gables, FL  33146 |
| Tel:  (305) 443-9162 | Tel:  (305) 667-0223 |
| Fax: (305) 443-6613 | Fax:  (305) 284-9844 |

By:   /s/ Maximo A. Santiago_____
MICHAEL A. MULLEN
Florida Bar No.:  305731
mmullen@gaebemullen.com
MAXIMO A. SANTIAGO
Florida Bar No.:  0669733
msantiago@gaebemullen.com