UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

07-22502-CIV-HOEVELER

RANDALL VANESSA FORBES,

    Plaintiff,

v.

ST. THOMAS UNIVERSITY, INC.,

    Defendant.
_____/

## ORDER ON ST. THOMAS'S MOTION IN LIMINE

BEFORE the Court is St. Thomas University's motion in limine to preclude the plaintiff from presenting certain evidence at trial. The motion is fully briefed and ready for a decision.

There are four documents St. Thomas seeks to exclude. Only part of one of the documents is on the record (as part of St. Thomas's motion for summary judgment); none have been provided with the motion in limine.[1] The document on the record is an August 4, 2004 memo from University of Miami's director of accessibility resources discussing Forbes's testing accommodations. Attached to the memo is an undated three-page "Psychological Evaluation" of

---

[1] This is partly because St. Thomas also lacks two of the documents.

1

Forbes by her therapist, Liza Papazian (the attachment is not on the record).

The three other documents are:

**1.** A 2005 medical report from the Nassau University Medical center in New York, which allegedly pertains to Forbes's suicide attempt and discusses her anxiety and depression;

**2.** A police report from the Freeport Police Department, which reportedly includes information about one of Forbes's sexual assaults, among other things;

**3.** A medical report from the University of Miami dated November 1, 2001.

St. Thomas argues that all four documents are inadmissable because they are either irrelevant, include hearsay, or were not properly disclosed in discovery. Nevertheless, the Court is disinclined to exclude evidence without the benefit of seeing the documents at issue. Therefore, the motion is denied, without prejudice. However, the Court will provide some general rulings addressing some of the parties' arguments, which may help resolve some of the evidentiary disputes.

First, St. Thomas suggests that at least some of the documents must be excluded because they were not properly disclosed in discovery. To the extent the plaintiff seeks to introduce any document that was withheld in violation of a proper discovery request or disclosure requirement of the Federal Rules of Civil

Procedure, this will not be allowed. However, because (1) the trial date has not been set, (2) there are apparently only several documents at issue, and (3) the plaintiff had problems with (and replaced) her previous lawyer who would have been responsible for the alleged disclosure violations, plaintiff's new counsel shall be allowed to immediately cure discovery or disclosure violations (if there were any) within 15 days of the date of this order.

Next, with respect to the Freeport police report and University of Nassau medical records pertaining to Forbes's past sexual assaults and/or suicide attempt, Forbes argues that these are relevant and admissible to show that "St. Thomas was fully informed of the gravity of Ms. Forbes [sic] condition, but chose not to take it seriously." The "condition" counsel refers to is Forbes's PTSD, which St. Thomas acknowledges. The trauma that led to Forbes's PTSD is not a critical issue in this case. Rather, the critical issue is whether Forbes's suffered a substantial limitation in her ability to learn that entitled her to academic accommodations in law school. The details surrounding Forbes's rape and suicide attempt are not the focus and will not become the focus at trial.

With respect to the University of Miami memo listing the accommodations Forbes received at in college, St. Thomas argues this information is non-probative because "[t]he listed accommodations have little bearing on what Forbes should have been

3

provided [by St. Thomas] in 2007, yet it appears probable that Forbes will ask the jury to find that St. Thomas was obliged to offer the exact same accommodations to Forbes that the University of Miami [provided] three years earlier." However, Forbes's accommodations at University of Miami are at issue, because Dean Hernandez allegedly agreed to provide the very same accommodations. Further, this information may be relevant as to whether Forbes had a "record of a disability" or is "regarded has having a disability" under the ADA.

Finally, St. Thomas argues that the three-page "Psychological Evaluation" by Lisa Papazian contains inadmissible hearsay. The Court is not convinced her report constitutes hearsay because it would be offered to establish what Dean Hernandez knew while he was considering testing accommodations. Forbes testified that Dean Hernandez requested this report, as well as the University of Miami memo, in order to confirm her condition and ascertain what accommodations Forbes received in college. So far as it appears, the report would be admissible. Even if the report contains hearsay, as St. Thomas claims, it appears the medical report may nevertheless fall into an exception to the hearsay rule, which the Court will be able to determine once the document is presented.

Notwithstanding the Court's observations, the motion in limine is DENIED, without prejudice. St. Thomas may re-file the motion, making the same arguments or new ones, any time up to ten days

before the pre-trial conference, attaching the documents in question so the Court can make a proper evaluation.

**DONE AND ORDERED** in Miami, Florida, September 29, 2010.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE