UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-22502 – CIV HOEVELER
MAGISTRATE JUDGE GARBER

RANDALL VANESSA FORBES

    Plaintiff,

vs.

ST. THOMAS UNIVERSITY INC.

    Defendant

_____/

## AFFIDAVIT OF JOHN HERNANDEZ

STATE OF FLORIDA          )

COUNTY OF MIAMI-DADE   )

    BEFORE ME, the undersigned authority duly authorized to administer oaths and take acknowledgements, personally appeared this day John Hernandez, who after first being duly cautioned and sworn, stated:

1. I am the Assistant Dean for Student Affairs at St. Thomas University School of Law (the "School" or "School of Law").

2. I held that same position at the School of Law during the 2006- 2007 academic year.

3. In that capacity, among other duties, I oversee the creation and dissemination of the student catalogs, and the creation and dissemination of the student handbook.

4. In my capacity as Assistant Dean for Student Affairs, I also function as the primary person within the administration of the School of Law with regard to students who want to make claims for or seek special accommodations.

5. I was responsible for preparing the Special Accommodations Guidelines ("Guidelines) and the Student Handbook for 2006- 2007 ("Handbook").

6. The Special Accommodations Guidelines and the Student Handbook for 2006- 2007 are attached to this Affidavit and incorporated herein by reference.

7. The Handbook and the Guidelines cover both physical and learning disabilities.

8. The specific terms of the Special Accommodations Guidelines and the Student Handbook for 2006- 2007 are laid out therein.

9. In general terms, the process as articulated in the Handbook provides that, if a student is seeking accommodations or has a disability and thinks he or she may want to seek accommodations, the student is referred to my office.

10. The Handbook also references the Guidelines, which are available in my office.

11. Accommodations for disability are bifurcated into classroom accommodations and testing accommodations.

12. As laid out more precisely in the Guidelines, a student seeking accommodations of either type must provide to my office a report from an expert:

    a. demonstrating the expert's credentials, to show that he or she is an expert;
    b. a diagnosis or evaluation of a disability;
    c. the basis for that diagnosis or determination that the student has a disability; and
    d. recommendations as to the accommodations for the disability.

13. When a student presents me with a documented disability and a request for accommodations, the School is in a position to evaluate what accommodations, if any, to provide to the student.

14. The School generally defers to the expert's determination as to the existence of a disability, and the expert's recommendation for accommodations, if any.

15. However, if the expert makes recommendations that are something that I believe would be unreasonable because it would fundamentally alter the soundness of the testing process, otherwise serve to eliminate the need for the student to demonstrate understanding and mastery of the skills being tested, or serve to advantage (rather than eliminate any disadvantage to the student seeking the accommodation) then such accommodation is not provided.

16. Testing accommodations provided by our school are consistent with the kinds of accommodations provided on the Law School Aptitude Test (LSAT), at other law schools (and other graduate-level educational institutions) and used by state bar examiners.

17. In relation to testing accommodations, in general, when an expert makes a recommendation of "a room of limited distraction" the school policy is to interpret that to mean a room where the student might be in a room with one or two other students, situated in a way to provide minimal opportunity to distract each other. In no event is a student who is granted the accommodation of being in "a room of limited distraction" put in the "regular" room which might include 30 or 40 other students sitting in every other seat.

18. When an expert makes a specific recommendation that a student be put in a room with no other students, that accommodation is generally provided.

19. All classes at the law school are graded on a curve. Thus, when presented with inadequate or unclear documentation alleging a "disability", I have always to weigh

the concern about any possible disadvantage to the student alleging such disability against the concern that providing that student with a favorable testing environment serves to unfairly disadvantage all other students taking the exam under the standard conditions. Any concern regarding the adequacy of the documentation presented is always discussed with the student. The student may be provided "provisional" accommodations that provide some accommodations even in the face of incomplete, inadequate or untimely documentation with a direction that such provisional accommodation will expire in the next testing cycle unless the student provides more adequate documentation.

20. We do not allow un-proctored exams at the School. Thus, even if a student is allowed to take a test with no other students present, a proctor or administrator will be present in the room or will enter and leave the room at intervals.

21. Among other things, we believe that these policies prepare the students for a real-world setting where some limited distractions may occur. Also, the proctors are charged with the responsibility of insuring the security of the exam and the student's adherence to the guidelines provided with the exam (e.g. what materials may be used, that all materials are received and returned, etc.). Additionally, we believe these policies avoid cheating because students are less able or likely to access materials or aides that are not permitted during the particular examination.

22. Students must request testing accommodations by a specific date in advance of final exams. The date to make the request is tied to the date that final examinations are given. This is set forth in the Guidelines.

23. The School of Law does not provide a mechanism for a student to be screened for a disability, and the School does not pay for such screening. It is the student's responsibly to raise the issue of the possible need for accommodations and to provide the appropriate documentation.

FURTHER AFFIANT SAYETH NAUGHT.

_____
John Hernandez

Sworn to and subscribed before me this __ day of __November__, 2010.

_____
NOTARY PUBLIC

✓ Personally Known
___ Produced Identification

Type of Identification Produced: