UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  07-22502-CIV-HOEVELER

RANDALL VANESSA FORBES,

      Plaintiff,

v.

ST. THOMAS UNIVERSITY, INC.,

      Defendant.

_____/

## DEFENDANT'S REPLY IN SUPPORT OF
## RENEWED MOTION FOR FINAL SUMMARY JUDGMENT

Defendant, ST. THOMAS UNIVERSITY, INC. by and through its undersigned attorneys and pursuant to Local Rules 7.5.E. and 7.1.C., hereby files its Reply in Support of its Renewed Motion for Final Summary Judgment, and states as follows:

1.    Defendant ST. THOMAS UNIVERSITY, INC. (hereinafter, "ST. THOMAS") filed its *Renewed* Motion for Final Summary Judgment and Incorporated Memorandum of Law in Support Thereof (DE #91) on November 12, 2010.

2.    Plaintiff, RANDALL VANESSA FORBES ("FORBES") filed her Response to Defendant's *Renewed* Motion for Summary Judgment and Incorporated Memorandum of Law in Support Thereof (DE #98) on January 10, 2011.

3.    Plaintiff's Response is nearly a verbatim regurgitation of Plaintiff's Response to Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law in Support Thereof (DE #65), which was filed on December 23, 2009.  Plaintiff does not address any of the arguments raised in Defendant's *Renewed* Motion for Summary Judgment or the averments contained within the Affidavits of Deans John Hernandez and Cecile Dykas filed in support thereof.

4.      The arguments raised in Plaintiff's Response to Defendant's *Renewed* Motion for Summary Judgment and Incorporated Memorandum of Law in Support Thereof (DE #98), have already been addressed in Defendant's Reply in Support of Defendant's Motion for Final Summary Judgment (DE #76).

5.      Defendant hereby incorporates all arguments and positions set forth in Defendant's Reply in Support of Defendant's Motion for Final Summary Judgment (DE #76).

6.      Additionally, Defendant sets forth the arguments below.

## MEMORANDUM OF LAW

**I.      ST. THOMAS PROVIDED REASONABLE ACCOMMODATIONS TO THE PLAINTIFF AS A MATTER OF LAW.**

Plaintiff argues that a genuine issue of material fact exists as to whether or not the Defendant failed to provide the Plaintiff with reasonable accommodations while she was a student at ST. THOMAS.  *See* Plaintiff's Response (DE#98) at 6.  Based upon the absence of a material factual issue, the accommodations ST. THOMAS provided were reasonable as a matter of law.

The case *sub judice* is factually similar to *Meisenhelder v. Florida Costal School of Law, Inc.*, 2010 WL 3551982 (11th Cir. Sept. 14, 2010).  The *Meisenhelder* case involves a student who was dismissed from law school for failing to maintain the requisite 2.0 grade point average ("GPA").  The student asserted claims of discrimination against the law school in violation of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Rehabilitation Act") by failing to make reasonable accommodations for her disabilities.  *Id*. at 1.  The district court granted the law school's motion for summary judgment on the bases the student did not suffer from a disability as defined by the ADA and the accommodations the law school provided were reasonable.  *Id*.  On appeal, in an unpublished opinion, the Eleventh

Circuit found no error in the district court's disposition of the student's case and affirmed its ruling. *Id*.

The facts of the *Meisenhelder* case are set forth in the district court order dated February 18, 2010, granting Florida Coastal School of Law's motion for summary judgment, which is attached hereto as Exhibit "A."  In *Meisenhelder*, the student began law school in the fall of 2004.  *See* Exhibit "A" at 2.  The student notified the law school of her alleged disability; however, she did not officially seek accommodations under the ADA for her condition until 2007.  *Id*.  After her first semester, the student's GPA fell below the requisite 2.0 and she was placed on academic probation.  *Id*. at 3.  Thereafter, her GPA rose above 2.0 and remained there until the semester before she was academically dismissed.  *Id*.  During her tenure at the law school, she dropped and withdrew from several classes and she took a one semester leave of absence.  *Id*.  In the summer of 2007, the student alerted the law school she was having medical issues and requested a waiver of the attendance policy, and she requested permission to take the finals in the classes where she exceeded the absence policy and that all of her classes be digitally recorded.  *Id*.  The law school required the student submit medical paperwork supporting her requests to seek accommodations.  Although the student submitted medical documentation, the law school told her it was insufficient to seek an accommodation.  *Id*. at 4.

Despite the lack of proper documentation, the law school provided her with *some* accommodations, which included her ability to exceed the absence policy, her ability to take final examinations in classes where she exceeded the permitted number of absences, and her ability to make-up missed exams.  *Id*.  During the summer semester, her GPA fell below 2.0 and she was academically dismissed from the law school.  *Id*. at 5.  She petitioned her dismissal, but it was denied.  *Id*. at 3.

Among other things, United States District Judge Harvey E. Schlesinger found the law school reasonably accommodated the student as required by the ADA.  *Id*. at 8, 9.  In so ruling, Judge Schlesinger cited to *Taylor v. Principal Fin. Group, Inc.*, 93 F. 3d 155, 165 (5th Cir. 1996), for the following propositions: "In general . . . it is the responsibility of the individual with the disability to inform the [school] that an accommodation is needed."   "Where the disability, resulting limitations, and necessary accommodations [] are not open, obvious, and apparent, the initial burden rests primarily on the [individual] to specifically identify the disability . . . and to suggest the reasonable accommodations."  *Id*.  The district court noted that once the accommodation is requested through the proper channels, "[t]he appropriate reasonable accommodation is best determined through a flexible, interactive process that involves both the [school] and the qualified individual with a disability."  *Id*. at 9.  Judge Schlesinger stressed that not all accommodations requested need be granted: "Importantly, the law does not require that [the law school] grant every accommodation requested by an individual; rather [the law school] need only provide accommodations that are reasonable.  *Id*.  (citations omitted).

Judge Schlesinger found the law school provided reasonable accommodation in accordance with the ADA.  *Id*. at 9.  The law school policy dictated that if this particular student missed more than 20 percent of the classes in a given course, the student is to receive a failing grade.  *Id*.  Each time the student violated the attendance policy, the law school permitted the student to sit for the exam or withdraw from the class without being academically penalized.  *Id*.  The law school also allowed exams to be rescheduled at plaintiff's request.  *Id*.  It appears the law school did not allow the student, however, to digitally record her classes.  *Id*. at 10.  Judge Schlesinger noted the law school was "not required to adopt an accommodation that would fundamentally alter its educational program."  *Id*.  Distance learning, although permitted by the

American Bar Association, was not a regular part of the law school's curriculum.  *Id.*

Lastly, in granting summary judgment in favor of the law school, Judge Schlesinger looked to the law school's academic and dismissal policy contained within the student handbook, which provided a student was required to maintain a 2.0 GPA after a student has completed the twenty-four credit hours or be academically dismissed.  *Id.*  The district court cited to *Regents Univ. of Michigan v. Ewing*, 474 U.S. 214, 225, n.11 (1995), wherein the United States Supreme Court determined that "[u]niversity faculties must have the widest range of discretion in making judgments as to the academic performance of students and their entitlement to promotion or graduation." *Id.*  (quoting *Board of Curators Univ of Mo. V. Horowitz*, 435 U.S. 78, 98 n.6 (1978)(Powell, J., concurring).

The *Meisenhelder* case is eerily similar to the case at bar.  Here, as in *Meisenhelder*, Plaintiff was academically dismissed from a law school for failing to maintain the requisite GPA. As in *Meisenhelder*, Plaintiff did not request accommodations during her first semester.  As in *Meisenhelder,* Plaintiff requested accommodations without the proper medical documentation. As in *Meisenhelder,* Plaintiff was provided with accommodations despite the lack of documentation.   As in *Meisenhelder*, Plaintiff was not provided with all accommodations requested.   As in *Meisenhelder*, Plaintiff failed to maintain the requisite GPA despite the accommodations.  As in *Meisenhelder*, Plaintiff was dismissed after she failed to maintain the requisite GPA and her petition was denied.  As in *Meisenhelder*, Plaintiff asserted claims of discrimination against the law school in violation of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Rehabilitation Act") by failing to make reasonable accommodations for her disabilities.  As in *Meisenhelder*, Defendant has asserted the same arguments in support of its motion for summary judgment.

More specifically, in the case at bar, Plaintiff was provided fifty percent extra time to finish exams and a *semi-private* exam room, which meant a room with a handful of other students.  Plaintiff never objected to the accommodations until after she received her grades.  Plaintiff had an opportunity to demand the accommodations she allegedly requested after the first exam, but instead did nothing.  She had an opportunity to email Dean Hernandez and complain and/or demand the accommodations she allegedly requested, but instead she did nothing.  Instead, Plaintiff took all of the exams with the accommodations that ST. THOMAS provided and only <u>after</u> she got her grades, she objected.   Accordingly, based upon the absence of a material factual issue, the accommodations ST. THOMAS provided were reasonable as a matter of law.

## II.     ST. THOMAS'S DECISIONS FOR DENYING PLAINTIFF'S ACCOMMODATIONS WERE BASED ON "REASONED CONSIDERATION" AND "PROFESSIONAL JUDGMENT."

Defendant has now supplemented in an unrebutted fashion its initial request for summary judgment.   In support of its *Renewed* Motion for Summary Judgment and Incorporated Memorandum of Law in Support Thereof (DE #98), ST. THOMAS has filed the Affidavits of Deans John Hernandez and Cecile Dykas and the deposition transcripts of Deans John Hernandez and Peter Kelly.  The affidavits and deposition testimony specifically articulate the policies and the rationale which undergirded the decision to deny the accommodations requested by Plaintiff.

Specifically, Dean Hernandez attested to the guidelines set forth in the Student Handbook for a student seeking accommodations and provided his "professional judgment" in denying Plaintiff's request for an isolated testing room, i.e., curtail cheating.  *See* Dean Hernandez's Affidavit (DE# 92-1).  Dean Dykas, among other things, attested to the readmission process and

the criteria considered by the committee when evaluating petitions for readmissions.  Based on "reasoned judgment," ST. THOMAS determined Plaintiff did not possess the requisite ability to successfully complete the course of study at the law school.  *See* Dean Dykas's Affidavit (DE #93-1).  ST THOMAS has provided the underlying basis by which it came to a rationally justifiable conclusion that readmitting Forbes would have resulted in a lowering of its graduate-level academic standards.

In *Wynne v. Tufts Univ. Sch. of Med.*, 976 F. 2d 79, 793 (1st Cir. 1992) ("*Wynne II*"), the First Circuit affirmed the entry of summary judgment because the new affidavits demonstrated the medical school reached a "rationally justifiable conclusion that accommodating the plaintiff would lower academic standards or otherwise unduly affect its program."  The medical student's request for accommodations challenged the medical school's assumption that multiple choice exams were necessary to train medical students, and the First Circuit concluded this kind of challenge logically called for some rumination by the medical school about its testing methods. *Id*.  As this Court noted in its Order Denying Summary Judgment (DE# 89), the First Circuit found that one affidavit explaining the medical school's reasoning was not enough, but seven affidavits were ample.

In the case at bar, the affidavits and deposition testimonies filed in support of Defendant's *Renewed* Motion for Summary Judgment and Incorporated Memorandum of Law in Support Thereof (DE #98), <u>which are unrebutted</u>, support the argument that Defendant's denial of the requested accommodations was not arbitrary, capricious, and/or discriminatory, but rather its decisions were based on "reasoned consideration" and "professional judgment."  Therefore, ST. THOMAS met its duty to FORBES, and is entitled to a grant of summary judgment in its favor.

_____

## CONCLUSION

As Judge Schlesinger postulated, "the law does not required that [the law school] grant every accommodations requested by an individual; rather [the law school] need only provide accommodations that are reasonable." *Id.* at 9. (citations omitted).   As in *Meisenhelder,* summary judgment should be granted in favor of the law school because the accommodations that were provided were reasonable.  Plaintiff did not present specific facts to show there was a **genuine** issue for trial, summary judgment must be granted to ST. THOMAS.  *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Antenor v. D&S Farms*, 866 F. Supp. 1389, 1395 (S.D. Fla. 1994), *rev'd on other grounds.*

WHEREFORE Defendant, ST. THOMAS UNIVERSITY, INC., moves this Honorable Court for the entry of an Order of Final Summary Judgment as to all claims of the Plaintiff RANDALL VANESSA FORBES as set forth in her Third Amended Complaint, granting final judgment to the Defendant ST. THOMAS UNIVERSITY, INC., and granting all other and further relief this Honorable Court deems just and equitable.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on January 21, 2011, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record: Richard L. Brown, Esquire, BROWN & ASSOCIATES, P.A., 4445 North Highway A1A, Suite 130, Vero Beach, Florida 32963, via transmission of Notice of Electronic Filing generated by the CM/ECF system.

CASE NO.:  07-22502-CIV-HOEVELER

Page 9

_____

J. PATRICK FITZGERALD, P.A.        GAEBE MULLEN ANTONELLI & DIMATTEO
Co-Counsel for Defendant           Attorneys for Defendant
110 Merrick Way, Suite 3-B         420 South Dixie Highway, 3rd Floor
Coral Gables, FL  33134            Coral Gables, FL  33146
Tel:  (305) 443-9162               Tel:  (305) 667-0223
Fax: (305) 443-6613                Fax:  (305) 284-9844


                    By:    Maximo A. Santiago_____
                           MICHAEL A. MULLEN
                           Florida Bar No.:  305731
                           mmullen@gaebemullen.com
                           MAXIMO A. SANTIAGO
                           Florida Bar No.:  0669733
                           msantiago@gaebemullen.com