UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 07-22502-Civ-HOEVELER/BANDSTRA

RANDALL VANESSA FORBES

    Plaintiff,

vs.

ST. THOMAS UNIVERSITY INC.

    Defendant.

_____/

### AFFIDAVIT OF CAROL L. ZEINER

STATE OF FLORIDA        )

COUNTY OF MIAMI-DADE    )

    BEFORE ME, the undersigned authority duly authorized to administer oaths and take acknowledgements, personally appeared this day Carol L. Zeiner, who after first being duly cautioned and sworn, stated:

    1.    My name is Carol L. Zeiner, I am over eighteen years of age and competent to prepare this Affidavit. My statements in this affidavit are based upon facts of which I have personal knowledge.

    2.    I am a professor at St. Thomas University School of Law ("St. Thomas"). Additionally, I have served as a member of the Academic Standing Committee at the School of Law.

    3.    During the 2006-2007 academic year, St. Thomas had in place a regulation which required students to maintain a 2.0 cumulative grade point average. St. Thomas' regulation required that any student who, at the end of semester, failed to attain a 2.0 cumulative grade

*Affidavit of Carol L. Zeiner*

point average be placed on academic probation, and be dismissed from the School of Law at the end of the next semester if, by that time, he or she failed to attain a 2.0 cumulative grade point average.

4. During the 2006-2007 academic year, St. Thomas had in place a regulation which allowed a student who had been dismissed from the School of Law for failing to attain a 2.0 cumulative grade point average to petition the School of Law for readmission.

5. The decision about a student's petition for readmission is made by the Academic Standing Committee.

6. The committee that heard Randall Vanessa Forbes' petition for readmission, denied her petition for readmission.

7. The Academic Standing Committee that considered Randall Forbes' petition for readmission based its decision to deny her petition on a holistic review of the petition, taking into consideration various factors including, but not limited to: (a) the best interests of the Law School as an educational institution, including the maintaining of high standards of academic excellence and professional responsibility among members of the student body, in other words, the reasons and rational for having the 2.0 cumulative grade point average rule in the first place; (b) the committee members' evaluation of Ms. Forbes' reasonable prospects for success in the course of study at the Law School, and any evidence of correctable problems or disabilities that may have contributed to the student's academic performance, based upon the committee members' training and experience; (c) Ms. Forbes' academic record at St. Thomas, which demonstrated that even when Ms. Forbes' was granted reasonable testing accommodations that she was barely able to attain a 2.0 grade point average; (d) the committee members' evaluation

*Affidavit of Carol L. Zeiner*

of whether allowing Ms. Forbes to be readmitted to St. Thomas would inculcate false hopes, constitute economic exploitation, or detrimentally affect the education of other students, based upon the committee members' training and experience; and (e) the committee members' awareness and consideration of the statistical data that students with cumulative grade point averages near or below 2.0 are not reasonably likely to be in a position to be able to pass the bar exam.

FURTHER AFFIANT SAYETH NAUGHT.

_____
CAROL L. ZEINER

Sworn to and subscribed before me this  20  day of  May  , 2011.

_____
NOTARY PUBLIC

✓ Personally Known
___ Produced Identification

OLGA L. LEYVA
MY COMMISSION # DD 886468
EXPIRES: June 4, 2013
Bonded Thru Notary Public Underwriters

Type of Identification Produced: