UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.

JUN 29 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

——————————————————X

RANDALL VANESSA FORBES,

07-22502-CIV- HOEVELER

Plaintiffs,

**PLAINTIFF'S MOTION
TO VACATE JUDGMENT**

v.

ST. THOMAS UNIVERSITY, INC.,

Defendant.

——————————————————X

## PLAINTIFF'S MOTION TO VACATE JUDGMENT

Comes now, the Plaintiff, *pro se*, who hereby files her motion to vacate the judgment in the above captioned matter pursuant to Rule 60 (a) and (b) of the Federal Rules of Civil Procedure and Rule 1.540 (b), which provided in pertinent part, respectively:
*[handwritten: Florida Rules of Civil Procedure]*

1. '(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or

proceeding as entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.'

2. '(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.  The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave. (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.' Fed. R.Civ.P. 60.

## MISREPRESENTATION BY DEFENDANT

3. The Defendant finally provided Affidavits in Support of their Motion for Summary Judgment (affidavits from John Hernandez, Cecile Dykas, Jay Silver, and Carol Zeiner) in attempt, *inter alia*, to explain why the Plaintiff's Petition for Readmission was rejected.  This

case began on September 24, 2007.  They submitted these affidavits in May 2011 and

unsupported by any additional individual contemporaneous notes from 2007.

4. In paragraph 3 of John Hernandez' affidavit and Cecile Dykas's affidavit, it states 'St.

Thomas does not provide un-proctored exams at the School.'

5. The Plaintiff has *never* requested the accommodation of an un-proctored exam. The

Defendant's statement regarding not providing un-proctored exams is disingenuous at best. The

plaintiff at all times relevant herein has maintained that she requested a room in which to take

her exams with the proctor *outside the room*.  The Plaintiff received that accommodation at the

University of Miami.  Specifically, the proctor would be able to see the Plaintiff but the Plaintiff

would not be distracted by the proctor.

6. The Plaintiff emphasized that accommodation was the more important of the two in

her April 17, 2007 email to Dean Hernandez.  She also maintained that this is what she received

during her undergraduate studies at the University of Miami.[see Forbes  to Hernandez email

dated April 17, 2007]

7. The Defendant has provided that accommodation [a room alone with the proctor

outside the room] to at least one other student, namely Mr. Wesley Farrell, who for the 2006-

2007 school year, was in the Plaintiff's section (section 3).  Mr. Farrell graduated in 2009 and is

now a member of the Florida Bar. His bar number is 71783.  His office phone number is (305)

798-4177. The Plaintiff only learned of Mr. Farrell receiving that accommodation after

completion of one of her first semester exams, she saw him come downstairs, purchase food

from the campus Café, engage with her and other students about the exam, and going out to eat,

only to *then* be told by Mr. Farrell that he was still taking the very examination being spoken of.

Almost certainly, the Defendant will probably claim that Mr. Farrell submitted adequate medical

documentation in a timely fashion. The Plaintiff was never given the Disability Accommodations Handbook, was never privy to the contents thereof, and was never given a due date by which such documentation was to be provided.

## OVERSIGHT

8. The Order granting Defendant's Motion for Summary Judgment states that the Plaintiff was never evaluated and never provided medical documentation to the Defendant. The Plaintiff was evaluated to the satisfaction of the Accessibility Resources Department at the University of Miami and the Plaintiff was never told to provide further medical documentation during her first year nor given the Accommodations Guidelines Handbook (hereinafter "Accommodations Handbook") during her first year. The Plaintiff provided the end result of the evaluation conducted for Judith Antinarella at the University of Miami. There is no evidence that the Plaintiff was given the Accommodations Handbook, in fact quite the opposite, Dean Hernandez wrote an email to the Plaintiff dated May 24, 2007 regarding where to obtain the Accommodations handbook, discussed *infra*. Had Hernandez already given the Accommodations handbook, it would not have been necessary for him to tell the Plaintiff from where to obtain the Accommodations handbook.

9. During the short time between the release of the second semester grades and the time the Petition had to be submitted on June 1, 2007 (the hearing was on June 6, 2007), the Plaintiff mentioned having difficulty in obtaining an expert in Post Traumatic Stress Disorder/testing to Mr. Silver via email and he responded the Committee would understand and that a *letter* stating that the Plaintiff still suffered from Post Traumatic Stress Disorder would be acceptable. [see May 27, 2007 email]

10. During her deposition and in all of the versions of the Complaint, Plaintiff maintained that she never received the Accommodations Handbook. She requested it several times from Dean Hernandez' office *throughout* the first semester and again in the second semester. To date, the Plaintiff has never seen the contents of the Accommodations Handbook. Her emails directed to Dean Hernandez and Dean Garcia in January and February 2007 make reference to doors "slamming in my face lately", the Plaintiff was referring to her asking several secretaries (as well as that impromptu meeting with Dean Hernandez in November 2006) in the Office of Student Affairs about the Accommodations handbook throughout the first semester and them denying knowledge of it [see attached emails].

11. Having withheld the Accommodations Handbook from the Plaintiff, Defendant should not be allowed to make an end-run around the *Americans with Disabilities Act*. The Plaintiff had a record of being impaired and even if only partially accommodating her, the Defendant indicated a belief that she was disabled otherwise they would not have accommodated her at all.

12. The Plaintiff, not receiving the Accommodations Handbook, could not possibly know what documentation needed to be provided nor where to obtain such documentation. Certainly, the Defendant is in the best position to know what the Defendant's policies are.

13. Hernandez wrote an email to the Plaintiff in which he finally mentioned – for the first time- the Accommodations handbook in May 2007- unfortunately this was days after the Plaintiff's first year had ended. [see May 25, 2007 email]

14. Even in Mr. Hernandez' email to the Plaintiff in May 2007 doesn't provide a specific due date. [The email states "…well before the exam period begins…"].

15. That same email states that the Plaintiff may obtain the Handbook from Cathy Hayes, Mr. Hernandez' assistant. This indicates that the Handbook was not online (this could be further investigated independently by the Court by going to www.archive.org and entering the Defendant's website to view how it appeared in 2006 and 2007: http://wayback.archive.org/web/*/http://www.stu.edu) , was not in a student-accessible area of the Office of Student Affairs, given to the students, and certainly was not already provided to the Plaintiff as Hernandez indicated in his deposition in this action. This alone certainly gives rise to an issue of credibility that would be best if a jury could decide.

16. The Order granting the Defendant's Motion for Summary Judgment mentions that there was no dispute that the Plaintiff requested accommodations "late". The Plaintiff disputes this mischaracterization. The Plaintiff asked for the Accommodations handbook mentioned by the Student Handbook several times in the Office of Student Affairs *throughout* the first semester while she was reserving classrooms in which to study in. Additionally, the Plaintiff asserts that without a specific due date, no request- whether asked on the first day of school or the last day of school or *at any time* in between could be considered "late".

17. Even if a request could be considered "late" (despite the lack of the aforementioned *specific* due date), the answer to the Plaintiff's inquiry as to *how* to obtain accommodations should be the same, regardless of when the inquiry was first asserted.

18. The affidavits in support of Defendant's Motion for Summary Judgment in *2011* do not adequately address why the Plaintiff's Petition for Readmission was rejected in *2007* and do nothing to counter Plaintiff's claim (*continuously since 2007*) that Mr. Peter Kelly said it was "because of [her] disability...". They state, particularly in Mr. Silver's affidavit (who included that the decision was based that despite having partial accommodations the plaintiff was "barely

able" to obtain over the 2.0 standard), the grades had not improved enough.  Again, the Plaintiff

had asserted to Dean Hernandez that the isolated testing location (with the proctor outside of the

room) was the most important accommodation prior to taking her first exam in that April 2007

email. The "grades didn't improve enough" assertion in *2011* for rejecting the plaintiff's petition

in *2007* should not persuade the Court- the Plaintiff is at a loss as to why the Plaintiff was even

permitted to put forth a petition at all if the Defendant solely based it on grades.  In other words,

if the Plaintiff had a 1.87 average *before* the petition/hearing and had a 1.87 average *after* the

petition/ hearing, the grades were not the primary reason for her petition being rejected.

19. The Defendant cannot have it both ways. The Defendant claims that the Plaintiff's

grades did not improve enough from the first to the second semester.  The Plaintiff can assert that

same argument in reverse. The grades did improve.  And the Plaintiff was only .13 away from

the 2.0 standard and in the second semester, the school suddenly changed from non-cumulative

to cumulative.  0.13 is certainly not enough to eradicate the Plaintiff's career at the age of then-

only 25, which is not an exaggeration by an over-zealous Plaintiff- there is a "presumption

against admission" for formerly academically dismissed law students even if they apply to other

schools.  And the plaintiff believes other students that were academically dismissed were brought

back in- Tiffany Waldman, Aimee Sanchez [the plaintiff believes she was allowed to come back

and start in the fall of 2007 as a first semester first year law student for the class of 2010 flying in

the face of the ABA's two-year waiting period despite Ms. Sanchez' sitting for the first year

exams in 2006 for the class of 2009], and Raisa Romaelle, to name a few. The Plaintiff simply

does not understand why the Defendant has a standard at all, 2.0 or otherwise, if a closer GPA

but still lower than the standard, according to the Defendant's 2011 affidavits  would have

allowed the Plaintiff to stay. The Plaintiff humbly disputes the information provided in *2011*

affidavits in support of the Defendant's Motion for Summary Judgment. Additionally, had the Plaintiff obtained the accommodation of a room with no students and the proctor outside of the room, she would have had a higher GPA.

20. The Order granting Defendant's Motion for Summary Judgment mentions the "provisional" nature of the Defendant partially accommodating the Plaintiff and that in itself is an indicator that Dean Hernandez was only considering giving the Plaintiff the accommodations. This was not indicated to the Plaintiff at the time. Again, having never received the Accommodations Handbook, she could only base her thoughts on her experiences with her undergraduate alma mater, the University of Miami. What the Court overlooked is that in her documentation from the Accessibility Resources Department at the University of Miami, the "This Letter applies to Fall 2004 only". Each semester, a new letter would be issued. The Plaintiff assumed that like the University of Miami, each semester new documentation would be issued.

21. Instead of retroactively complaining particularly since she still needed Dean Hernandez' assistance, the Plaintiff proactively emailed Dean Hernandez asking for a list of names that do testing for accommodations so that she could finally obtain the room with the proctor outside of the room. The Order states that the Plaintiff only complained after she received her grades and insinuates that meant some sort of assent to the accommodations given. The Plaintiff respectfully submits that under the Court's own reasoning, the Plaintiff should have also complained before her first exam if the Defendant actually told her that she would not be receiving the exact requested and that complaining is not a requirement under the ADA. The "lie" the Plaintiff refers to with respect to Dean Hernandez is being told that she would get what she asked for and then not receiving it. Her complaining only after receiving the grades fits with

the Plaintiff's stated goals and disability- had she more forcefully and frequently complained and her grades got her over the cumulative standard, it would have been futile and would only have served to further alienate her from Dean Hernandez who alone determined whether she received accommodations for the following semester. The Plaintiff asserted in her deposition and is evident in her requests to meet with Dean Hernandez as opposed to explaining everything via email that part of her disability is some degree of paranoia- the Plaintiff resisted putting too much in writing during the first semester and did so during the second semester out of an obvious desperation. She did not complain to the Academic Standing Committee because Mr. Silver directed her not to do so as Dean Hernandez was a long-standing member of the Committee. Mr. Silver, also a member of the Committee, was present at the hearing on June 6. The Plaintiff does not understand why this is lost on the Court and opposing counsel. Certainly in their own practice of law they have encountered judges that have told them specifically to refrain from asserting a certain claim for their client, doing so anyway, even if they personally think is pertinent to the instant action, may alienate themselves or the client from the judge or jury. The claim that Plaintiff asserts, that Mr. Silver told her not to blame Hernandez has not been refuted.

22. The Plaintiff, prior to taking her second semester exams, reasonably believed that she was receiving the accommodation of a proctored exam with the proctor outside of the room. Janelle Jackson told the Plaintiff that she was getting "all [she] asked for". But additionally, the very rooms provided in the documentation themselves lead the Plaintiff to believe in Ms. Jackson's [un-refuted] statement she was getting the room without any other students and with the proctor outside the room since each room provided was a room where the door had either a large glass panel or was entirely enclosed in glass in which one could see everything from the

outside. The Plaintiff having reserved several different classrooms to study in throughout the semester was familiar with the layout prior to taking her exam. And reasonably thought that she was receiving those rooms instead of perhaps the Library Study rooms because as there were only seven, it was reasonable to believe in possibility that more than seven students in all sections and of all three years needed similar accommodations.

24. The Defendant has cited the possibility of cheating and integrity of the process as the reason for not granting the Plaintiff the accommodation of taking the exam alone with the proctor outside of the room. This should not be a concern for the Plaintiff if it was apparently not a concern for Mr. Wesley Farrell. The Plaintiff only learned of Mr. Farrell receiving that accommodation after she saw him come downstairs, purchase food from the campus Café, engage with her and other students about the exam, and going out to eat, only to *then* be told by Mr. Farrell that he was still taking the very examination being spoken of. The Plaintiff is sympathetic that this may be a source of some embarrassment to both the Defendant and to Mr. Farrell but is unmoved. There was no other way that the Plaintiff could have otherwise obtained this knowledge. The Plaintiff is not asserting that Mr. Farrell cheated but merely is stating that if the Defendant had a concern for the Plaintiff cheating/integrity of the process that concern should have been for Mr. Farrell as well.

25. Although never refuted by the Defendant, the Plaintiff through her first attorney, Ms. Emily Phillips, has tried to persuade Ms. Farrell into signing an affidavit that he received that accommodation, although he admitted to Ms. Phillips that he received the accommodation, he will not sign an affidavit. Ms. Phillips will not sign an affidavit as to her conversation with Mr. Farrell. In the presence of such a lack of cooperation and in light that the Plaintiff has no authority to force Mr. Farrell to submit to a deposition and certainly no authority to compel him

to sign an affidavit, the Plaintiff has attached the email exchange between herself and Ms. Phillips regarding Mr. Farrell. The entire email exchange is attached to the copy of this Motion to the Court and since it also contains strategy and attorney work product, it has not been entirely reproduced in the copy provided to the Defendant. The Plaintiff is not waiving privilege but is doing so as she has simultaneously engaged the services of an attorney in New York solely to contact Mr. Farrell again to persuade him to sign an affidavit or that attorney will submit an affidavit himself as to the conversation. That attorney has been trying to contact Mr. Farrell for the past two weeks.

26. The Court, in its Order Granting Defendant's Motion for Summary Judgment, relies heavily on <u>Wynne v. Tufts Univ. School of Med.</u>, 976 F.2d 791 (1st Cir. 1992) which provides in pertinent part:

> Tufts Demythologized the institutional thought processes leading to its determination that it could not deviate from its wonted format to accommodate Wynne's professed disability.... To be sure, Tufts explanations, through plausible, are not necessarily ironclad.... But the point is not whether a medical school is "right" or "wrong" in making program-related decisions. Such absolutes rarely apply in the context of subjective decisionmaking, particularly in a scholastic setting. The point is that Tufts, after undertaking a diligent assessment of the available options, felt itself obliged to make "[a] professional academic judgment that [a] reasonable accommodation [was] simply not available." Wynne, 932 F.2d at 27-28. Phrased another way, Tufts decided, rationally if not inevitably, that no further accommodation could be made without imposing an undue (and injurious) hardship on the academic program.

The Defendant, unlike Tufts, never made a diligent assessment of the available options on behalf of the Plaintiff, instead they chose to mislead her by, inter alia, never giving her the Accommodations Handbook. Dean Hernandez never told the Plaintiff "several times", as stated in the Order Granting Defendant's Motion for Summary Judgment, what was necessary, he told her once after her first year had already ended in a May 24, 2007 email. The Plaintiff never even met with John Hernandez "several times." The Plaintiff only met with Dean Hernandez a total of

three times [in his deposition, Hernandez did not recall how many times he met with the Plaintiff and therefore Plaintiff's statement of meeting him only three times has gone unrefuted]. Indeed other options were available and provided to Mr. Wesley Farrell. While whether the Plaintiff was reasonably accommodated is the subject of this action, it is indisputable that the Plaintiff was certainly just as entitled to the same information with respect to *how* to get accommodations as Mr. Farrell or any other student.

27. At the time of the hearing discussing Ms. Emily Phillips' withdrawal in or around April 2010, the Court withheld its ruling on the Defendant's earlier motion because the Plaintiff was not represented. At the time the Court ruled on the Defendant's latest Motion for Summary Judgment in May 2011, the Plaintiff, unbeknownst to her, was not represented due to her attorney's suspension and failure to keep his own client informed.

## EXCUSABLE NEGLECT

28. The Order granting provides a brief recitation of the facts including that there were several delays.

29. While the Plaintiff shares the Court's apparent frustration with the conduct and timing of both of her former attorneys, the Plaintiff emphatically denies being the cause of any delays herself and furthermore denies any contemporaneous knowledge of them. Ms. Forbes learned of Attorney Emily Phillips' three delays in responding to the Defendant's motions around Christmas season 2009 in or about May 2010 when Plaintiff reviewed a copy of the file in anticipation of handing the file over to Attorney Brown after Attorney Phillips withdrew.

30. The Plaintiff learned of Attorney Richard Brown's suspension from the practice of law upon receiving the Order Granting Defendant's Motion for summary Judgment in late May

2011. Earlier that same month, Plaintiff emailed Mr. Brown asking for an update on the case and asked a specific question regarding strategy discussed in an earlier phone conversation several months before.  The Plaintiff has filed a complaint with the Florida Bar, which was received, and is awaiting Mr. Brown's response.

31. Plaintiff asserts that had she had no knowledge of Attorney Brown's suspension, failure to respond to Defendant's motion, failure to appear for the hearing, and generally not representing the Plaintiff, she would have taken some action.

32. While just a layperson, the Plaintiff humbly asserts that Plaintiff's attorneys should have briefly re-opened discovery; added (to the complaint or via pre-trial motion) that the Defendant failed to engage in the interactive/ "good faith" process with respect to engaging in an open dialogue with the Plaintiff about how to get accommodations (which the Plaintiff alluded to in her deposition 103:17 -109:2, 132:11-136:7, 144:5, 12: 144, 153:2 -144:3); perhaps presented an argument that the Plaintiff never received the Handbook; that St. Thomas gave the accommodation the Plaintiff sought to Mr. Wesley Farrell; what "testing" for Post Traumatic Stress Disorder actually entails; that the Plaintiff was indeed evaluated to the satisfaction of the appropriate officials at the University of Miami; and that very satisfaction was the motivating factor in Dean John Hernandez' second of three meetings and first of only two official meetings with the Plaintiff [during the February 2007 meeting, he indicated that as the University of Miami went, so too would St. Thomas because they are a "good school that we worked with before"], that one of the exams was interrupted by a proctor offering chocolate candy (which was never refuted), hired an expert, and other such evidence as one with the training and expertise of an attorney would put forward.  The Plaintiff was unaware that no such evidence had been put

forward on her behalf by Mr. Brown.

33. The Order granting Defendant's Motion for Summary Judgment also mentions that there was a mediation. What it does not include and what one of the Plaintiff's attorneys perhaps should have brought to the Court's attention was that the Defendant did not come to the mediation in good faith. They offered $10,000 and then $5,000 when the Plaintiff rejected the offer. The Plaintiff simply wanted all of her grades to be converted to "incompletes" so that she could apply to another law school without being encumbered by the aforementioned "presumption against admission", which by itself, would have cost the Defendant nothing and the Plaintiff would still have to disclose everything to the bar, to any and every bar to which she applied whenever she applied. The Defendant at first verbally agreed and then reneged after a phone call apparently to Mr. Alfredo Garcia. Of course, it is the right of each party to accept or reject any offer issued by the opposing party but the actions of the Defendant give rise to an accusation of lack of good faith. The Defendant went down in the amount. Converting the grades is not a new idea created by the Plaintiff but, as the Plaintiff was told even by the mediator, was a routine practice to settle these types of matters. The Defendant wasted the Plaintiff's time and money in her having to fly down to Florida from New York and obtaining hotel accommodations.

## NEW EVIDENCE

34. The Plaintiff did in fact provide the Defendant with all the documentation necessary and available to obtain the accommodations sought.

35. Due to the very nature of Post–Traumatic Stress Disorder, there is no per se "test" to determine whether a person is suffering from it, rather it is a 'judgment call' made by the *medical professional* based at least in part on self-reporting (a sort of "checklist") and on the DSM IV. [See facsimile dated June 27, 2011 to Plaintiff from Florence E. Sisenwein, Ph.D]. During a phone conversation the morning of June 28, 2011, the Director of the Center for Psychological Services, Dr. Morrissey, assured the Plaintiff that this applies to evaluating an individual for accommodations and gave Plaintiff his direct number should further information be deemed necessary: (718) 990-5470. If further information is necessary, the Plaintiff asks for a week leave to obtain that documentation.

36. In her deposition, the Plaintiff referred to being asked a series of such questions by someone at Accessibility Resources Department at the University of Miami (the Plaintiff believes it may have been Judith Antinarella herself). The Plaintiff was also questioned by Dr. Kalsner-Silver, Liza Papazian, and during the course of her lawsuit against Freeport High School.

37. This evidence could not, with reasonable diligence, have been discovered earlier by the Plaintiff.

Dated: Freeport, New York
June 26, 2011

Randall Vanessa Forbes, *Pro Se* Plaintiff
122 North Brookside Avenue
Freeport, New York 11530
(516) 462-1437
rvforbes@aol.com



**st. john's**
UNIVERSITY

## CENTER FOR PSYCHOLOGICAL SERVICES
### 152-11 UNION TURNPIKE
### FLUSHING, NY 11366

Phone: 718-990-1900
E-Mail:psychcenter@stjohns.edu

Fax: 718-990-1586
Website: www.stjohns.edu

June 27, 2011

**Randall Forbes**
Fax: 516 – 742 -5040

Re: Assessment of PTSD

Dear Ms. Forbes:

As per your request about the assessment process for PTSD, the following procedures constitute the most common approaches to this diagnosis:

Interview patient regarding the initial trauma, subsequent events, emotional responses and persistent symptomatology

Determine whether symptoms meet the criteria for a diagnosis of PTSD as established by the American Psychiatric Association guidelines and set forth in their diagnostic manual (DMS IV-R).

Administer questionnaires that screen for general posttraumatic stress as well as more specific sexual and physical assault. For example, Trauma Symptom Inventory -2 and/or Posttraumatic Diagnostic Scale.

Sincerely,

Florence E. Sisenwein, Ph.D.
Associate Director

ATTACHMENT / EXHIBIT

**Fax**



st.
john's
UNIVERSITY

Date: 6/28/11

To: Randall Forbes.

Fax number:

516-742-5040 .

From:
**CENTER FOR PSYCHOLOGICAL
SERVICES
ARTS & SCIENCES**
Tel: 718-990-1900
Fax: 718-990-1586
**Address: Seton Complex**
www.stjohns.edu

**Number of pages:**
**(Including this sheet)**

**Subject:**

**Note of Confidentiality:** The information contained in this facsimile is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of message is not the intended recipient, you are hereby notified that any dissemination, distribution or reproduction of this telecopy is prohibited. If you have received this telecopy in error, please immediately notify us by telephone, and return the original message to us at the address listed above via Postal Service   Thank you.

**From:** Hernandez, John F.
**Sent:** Thu 5/24/2007 9:34 AM
**To:** Forbes, Randall V.
**Cc:** Mountain, Toni
**Subject:** RE: from Randall "Randi" Forbes - need psychiatrist/psychologist

Randi:
I sent your request to the head of student services at the University. However, I don't believe disability accomodation testing is covered by insurance. If you are going to seek accomodations, you should read through the Disability Accomodations handbook (you can get a copy from my assistant Carrol Hartley) to make sure you get the right kind of documentation. A diagnosis and/or prescription from a physician is *not sufficient* to document a learning disability. The documentation must include a battery of tests, the results, the professional's opinion regarding the disability and the professional's recommendations regarding *specific* accomodations (not general statements like "more time would be helpful"). The testing is quite expensive (around $2,500). I know of one doctor that has done a number for the law school, his name is Dr. Barry Crown. I don't have his phone number with me because I'm working from home right now. I'm not necessarily recommending him, I'm just giving you his name as a place to start. I believe there are some doctors at the University of Miami that do the testing at reduced costs but I'm not sure who they are or where they are located.
Documentation has to be submitted *well before* finals period BEGINS in order to get accomodations in that testing cycle.
If you have any other questions look at the booklet or let me know.
Good luck
John F. Hernandez

---

**From:** Forbes, Randall V.
**Sent:** Thu 5/24/2007 9:09 AM
**To:** Melville, Brenda
**Cc:** Hernandez, John F.
**Subject:** from Randall "Randi" Forbes - need psychiatrist/psychologist

Hi, I need to find a psychiatrist or psychologist in the area that takes the school's insurance ASAP:
STUDENT INSURANCE PROGRAM
Mid-West National Life Insurance Company of Tennessee

. I need someone who will be able to write up something to give the school about my psychological disability. Could you please email me a list of 5-10 names (and phone numbers) or so. I called the network but their numbers are obsolete. I called up people in the area individually but the receptionists' "don't know" if they take my insurance.

Ms. Randall "Randi" Forbes
St. Thomas University School of Law
Juris Doctor Candidate 2009
(516) 776-4089
LaPrez00@aol.com
rvforbes@stu.edu

Attached Message

From:      Silver, Jay S. Esq. <jsilver@stu.edu>
To:        LaPrez00@aol.com
Subject:   RE: from Randall Forbes- RE: petition for readmission
Date:      Sun, 27 May 2007 04:12:29 -0400

If you don't mind waiving your privacy over these matters, you probably want to submit the documentation you have and continue your attempts to obtain a more current letter by the date you meet with the Committee.


-----Original Message-----
From: LaPrez00@aol.com [mailto:LaPrez00@aol.com]
Sent: Sat 5/26/2007 9:19 PM
To: Silver, Jay S. Esq.
Subject: from Randall Forbes-  RE: petition for readmission

I am having trouble getting a doctor to see me on such short notice. I have emailed over 50 in the area. The petition is due the 1st, I'm not sure if I can get someone to see me before then. But I do have an appointment for June 2nd. She says she is willing to submit a letter by the 6th. What should I do? Attached is the old documentation from the University of Miami- it's incomplete as there were further developments that occurred after this was drawn up and also after I graduated from UM in 2004. This is what Dean Hernandez has. Is this good enough for the Committee?
    Also, I'm on medication from a regular medical doctor. Alprazolam (strong stuff for nerves) and Setraline (actually not sure what that's for- Depression maybe). I got on those pills about a week or so before finals which definitely helped. I cannot get in touch with that doctor because of the holiday but as soon as I can get a hold of her (they don't even allow you to leave a message in the office) I'll have her draw up something.
    I met up with Professor Makdisi yesterday. Mostly the same issue- not good on the multiple choice. Professor Gordon is the only professor (of the major courses) I have not met up with since he's not here. But I already know that it's probably going to be the same issue-  particularly since that's what I struggled with on that exam.

Ms. Randall "Randi" Forbes
St. Thomas University School of Law
Juris Doctor Candidate 2009
(516) 776-4089
_LaPrez00@aol.com_ (mailto:LaPrez00@aol.com)
_rvforbes@stu.edu_ (mailto:rvforbes@stu.edu)



**Inbox** ( Messages )                    Items   **11**   to 20 of 995   ◄◄ ◄ ► ►►

⛔ New ▼   ⬜ ✕ ↩ ↪ ➡ ⬜ ▼ | ⬜ 🔍 📖 | ⚙ Help                              ⬜ Log Off

! ⬜ 📎 From       Subject          Received ▽ Size ▽

Silver, J...   RE: a note from...   Thu 5/24/... 2 ...
Hernan...   RE: from Randa...   Thu 5/24/... 14...
Hernan...   RE: from Randa...   Thu 5/24/... 4 ...
Blacher,...   RE: from Randa...   Thu 5/24/... 11...
Singer, ...   RE: from Randa...   Wed 5/23... 6 ...
Silver, J...   RE: a note from...   Wed 5/23... 2 ...
Silver, J...   a note from Pro...   Wed 5/23... 1 ...
Pendo, ...   Por Bono Oppor...   Wed 5/23... 10...
sean.m....   Questions & An...   Tue 5/22/... 7 ...
Garcia, ...   Professor Feldm...   Mon 5/21... 5 ...

**RE: a note from Professor Silver**
Silver, Jay S. Esq.

🕐 You replied on 5/24/2007 8:51 AM.

**To:** Forbes, Randall V.
**Cc:**

I surprised and sorry to hear it. You actually raised
your grade in Torts. Is 3:00 p.m. on Thursday a good
time to meet? If you want, give me your phone
number to expedite scheduling.


-----Original Message-----
From: Forbes, Randall V.
Sent: Wed 5/23/2007 3:58 PM
To: Silver, Jay S. Esq.
Subject: RE: a note from Professor Silver

Hi Professor Silver:
Yes, I'm facing dismissal.  (please keep that
confidential).  Can we meet?  I have classes on
Mondays, Tuesdays, and Thursdays.  10:00-12:15 and
4:15-6:45.


Randall Forbes
St. Thomas University School of Law
Juris Doctor Candidate 2009
(516) 776-4089
LaPrez00@aol.com

From:       Garcia, Alfredo P. <agarcia@stu.edu>
To:         LaPrez00@aol.com
Cc:         Hernandez, John F. <jhernandez@STU.EDU>
Subject:    RE: from Randi Forbes, 1L (with attachment)
Date:       Mon, 22 Jan 2007 10:40:52 -0500

Randi,

I am sure Dean Hernandez will listen to your concerns.

Regards,


Alfredo Garcia

Interim Dean and Professor of Law

St. Thomas University School of Law

Miami Gardens, FL 33054

Phone (305) 623-2392

Fax (305) 623-2390

Email agarcia@stu.edu

---

**From:** LaPrez00@aol.com [mailto:LaPrez00@aol.com]
**Sent:** Monday, January 22, 2007 10:32 AM
**To:** Garcia, Alfredo P.
**Subject:** Re: from Randi Forbes, 1L (with attachment)


No.  I haven't  met with Dean Hernandez.  I really need a sympathetic ear  because it seems as though I
have doors closed in my face ever where I turn.  I will contact him.


Sincerely,

Randi Forbes

**From:** LaPrez00@aol.com [mailto:LaPrez00@aol.com]
**Sent:** Monday, January 22, 2007 10:40 AM
**To:** Hernandez, John F.
**Subject:** from Randall Forbes, 1L

Dear Dean Hernandez:

 I really need to meet with you.  There are some serious personal issues that I am having and would like to discuss with you.  I really need a sympathetic ear as it seems as though lately doors are just slamming in my face, so to speak.  Attached is a letter detailing most of the issues that I have been having.

Sincerely,

Ms. Randall  "Randi"  Forbes



**ST. THOMAS**
U N I V E R S I T Y
S C H O O L   O F   L A W

## MEMORANDUM

**TO:**       Forbes , Randall

**FROM:**   **Janelle L. Jackson**, Assistant Registrar

**RE:**        Spring 2007 Exam Schedule

**DATE:**    April 23, 2007

Your accommodation for your exam is listed below. Please report for your exam on the dates, times and rooms listed below.

| NO. | TITLE | PROF. | DAY | EXAM DATE | TIME | ROOM |
|-----|-------|-------|-----|-----------|------|------|
| 615-03 | Civ. Pro. II §3 | Gordon | Fri | 05/04 | 2:00-5:00 | Ub. Comptn. Rm |

If you have any questions, please call me at (305) 623-2361.

Thank you.

**Accommodation:** Time 1/2, Ltd. Distraction

**Exam Length and Instruction:**   3hrs. Closed Book. Essay and Scantron. No ExamSoft.

**Xtra. Time Allocation: 41/2hrs ( 1:30p - 6:00p)**

**Please Note:** If you use ExamSoft for your exams, please be at the scheduled classroom a few minutes early to set up your laptop. All exams must start on time to avoid conflicts with other exams that may be scheduled during the day in your assigned room.



# ST.THOMAS
U N I V E R S I T Y
S C H O O L   O F   L A W

## MEMORANDUM

**TO:** Forbes, Randall

**FROM:** **Janelle L. Jackson**, Assistant Registrar

**RE:** Spring 2007 Exam Schedule

**DATE:** April 23, 2007

===============================================================

Your accommodation for your exam is listed below. Please report for your exam on the dates, times and rooms listed below.

| NO. | TITLE | PROF. | DAY | EXAM DATE | TIME | ROOM |
|-----|-------|-------|-----|-----------|------|------|
| 670-03 | Torts II §3 | Silver | Wed | 05/09 | 8:30-11:30 | Lib. Comptn. Rm. |

If you have any questions, please call me at (305) 623-2361.

Thank you.


**Accommodation:** Time 1/2, Ltd. Distraction .

**Exam Length and Instruction:** 3hrs. Closed Book. Essay and Multiple Choice(on Exam itself). ExamSoft allowed.

**Xtra. Time Allocation:** 41/2hrs (8:30a - 1:00p)


**Please Note:** If you use ExamSoft for your exams, please be at the scheduled classroom a few minutes early to set up your laptop. All exams must start on time to avoid conflicts with other exams that may be scheduled during the day in your assigned room.



**ST. THOMAS**
U N I V E R S I T Y
S C H O O L   O F   L A W

## MEMORANDUM

**TO:**   Forbes , Randall

**FROM:**  **Janelle L. Jackson**, Assistant Registrar

**RE:**   Spring 2007 Exam Schedule

**DATE:**  April 23, 2007

---

Your accommodation for your exam is listed below. Please report for your exam on the dates, times and rooms listed below.

| NO. | TITLE | PROF. | DAY | EXAM DATE | TIME | ROOM |
|---|---|---|---|---|---|---|
| 695-03 | Property II §3 | Singer | Fri | 05/11 | 2:00-5:00 | Lib. Seminar Rm. |

If you have any questions, please call me at (305) 623-2361.

Thank you.


**Accommodation:** Time 1/2, Ltd Distraction .

**Exam Length and Instruction:**   3hrs. Closed Book. Essay and Scantron. ExamSoft allowed.

**Xtra. Time Allocation: 41/2hrs (1:00 – 5:30p)**


**Please Note:** If you use ExamSoft for your exams, please be at the scheduled classroom a few minutes early to set up your laptop. All exams must start on time to avoid conflicts with other exams that may be scheduled during the day in your assigned room.



# ST.THOMAS
## U N I V E R S I T Y
### S C H O O L   O F   L A W

## MEMORANDUM

**TO:**    Forbes, Randall

**FROM:**    **Janelle L. Jackson**, Assistant Registrar

**RE:**    Spring 2007 Exam Schedule

**DATE:**    April 23, 2007

Your accommodation for your exam is listed below. Please report for your exam on the dates, times and rooms listed below.

| NO. | TITLE | PROF. | DAY | EXAM DATE | TIME | ROOM |
|---|---|---|---|---|---|---|
| 660-03 | Contracts II §3 | Makdisi, J | Wed | 05/02 | 2:00-5:00 | Lib. Comptn. Rm |

If you have any questions, please call me at (305) 623-2361.

Thank you.


**Accommodation:** Time 1/2, Ltd. Distraction

**Exam Length and Instruction:**   3hrs. Closed Book. Essay and Scantron. ExamSoft allowed.

**Xtra. Time Allocation: 4 1/2hrs (1:30p - 6:00p)**


**Please Note:** If you use ExamSoft for your exams, please be at the scheduled classroom a few minutes early to set up your laptop. All exams must start on time to avoid conflicts with other exams that may be scheduled during the day in your assigned room.

AOL Read

Reply    Reply All    Forward    Action      Delete    Spam

Add to: Blog, To Do, C.

**FW: URGENT: Accommodation for Finals!**

Forbes, Randall V. ...... Apr 23   More Details

Randall Forbes
St. Thomas University School of Law
Juris Doctor Candidate 2009
(516) 776-4089
LaPrez00@aol.com
rvforbes@stu.edu

**From:** Jackson, Janelle Latoya
**Sent:** Mon 4/23/2007 11:30 AM
**To:** Forbes, Randall V.
**Cc:** Hernandez, John F.
**Subject:** URGENT: Accommodation for Finals!

Randall,

Please come to the Office and pick up your Accommodation Sheets for your final exams. I will explain the the details within and you will have the opportunity to ask any question you may have.

Regards,

*JANELLE L. JACKSON, MBA*

**Assistant Registrar**

St. Thomas University School of Law

16401 NW 37th Ave.

**From:** "ephillips@phillipslanier.com" <ephillips@phillipslanier.com>
**Date:** Tue, 6 Apr 2010 12:27:08 -0700
**To:** Randi Forbes<laprez00@aol.com>
**Subject:** RE: Forbes v. St. Thomas- Wesley Farrell

Yes

**Emily Joyce Phillips**
**Phillips Lanier**
One Flagler Building
14 NE 1st Avenue, 2nd Floor
Miami, FL 33132
Tel. 305.350.5299
Fax 786.363.5840
ephillips@phillipslanier.com

DISCLAIMER: The information in this e-mail and all attachments is confidential, privileged or work product. The contents may not be disclosed or used by anyone other than the addressee. If you are not the intended recipient(s), and not an employee or agent responsible for delivering this email or an attachment to the addressee, any use, disclosure, copying, distribution, dissemination, reproduction of any or all of this email or attachments or any action taken or omitted to be taken in reliance on it is prohibited. If you have received this communication in error please notify us by telephone at (305) 350-5299 and delete the e-mail, all attachments and any copies thereof.  This communication is from Phillips Lanier. Thank you.
Go Green!  Please consider the environment before printing this email.

**From:** Randi Forbes [mailto:laprez00@aol.com]
**Sent:** Tuesday, April 06, 2010 3:20 PM
**To:** ephillips@phillipslanier.com
**Subject:** Re: Forbes v. St. Thomas- Wesley Farrell

I understand.  Did he admit to getting the room by himself though?

Randall Vanessa Forbes ("Randi")
Cell: (516) 462- 1437
Home: (516) 379-9219
Email: LaPrez00@aol.com

**From:** "ephillips@phillipslanier.com" <ephillips@phillipslanier.com>
**Date:** Tue, 6 Apr 2010 12:27:08 -0700
**To:** Randi Forbes<laprez00@aol.com>
**Subject:** RE: Forbes v. St. Thomas- Wesley Farrell

Yes

**Emily Joyce Phillips**
**Phillips Lanier**
One Flagler Building
14 NE 1st Avenue, 2nd Floor
Miami, FL 33132
Tel. 305.350.5299
Fax 786.363.5840
ephillips@phillipslanier.com

DISCLAIMER: The information in this e-mail and all attachments is confidential, privileged or work product. The contents may not be disclosed or used by anyone other than the addressee. If you are not the intended recipient(s), and not an employee or agent responsible for delivering this email or an attachment to the addressee, any use, disclosure, copying, distribution, dissemination, reproduction of any or all of this email or attachments or any action taken or omitted to be taken in reliance on it is prohibited. If you have received this communication in error please notify us by telephone at (305) 350-5299 and delete the e-mail, all attachments and any copies thereof.  This communication is from Phillips Lanier. Thank you.
Go Green!  Please consider the environment before printing this email.

**From:** Randi Forbes [mailto:laprez00@aol.com]
**Sent:** Tuesday, April 06, 2010 3:20 PM
**To:** ephillips@phillipslanier.com
**Subject:** Re: Forbes v. St. Thomas- Wesley Farrell

I understand.  Did he admit to getting the room by himself though?

Randall Vanessa Forbes ("Randi")
Cell: (516) 462- 1437
Home: (516) 379-9219
Email: LaPrez00@aol.com

RE: kicked out of law school- waiting period?

From:
  Steve Jones <sjones@fcsl.edu>Hide
Add to: To Do, Calendar
To:
  👤 'LaPrez00@aol.com' <LaPrez00@aol.com>
Date:
Fri, Nov 30, 2007 11:21 am

We have a presumption against admission for anyone that has been academically dismissed regardless of the circumstances or the time since dismissal.  Best wishes with your other options.

Stephen M. Jones

Director of Admissions

Florida Coastal School of Law

8787 Baypine Road, Jacksonville FL  32256

sjones@fcsl.edu

www.fcsl.edu

T  904.680.7711

F  904.680.7692

**From:** LaPrez00@aol.com [mailto:LaPrez00@aol.com]
**Sent:** Friday, November 30, 2007 10:56 AM
**To:** Steve Jones
**Subject:** kicked out of law school- waiting period?

Hi  I was academically dismissed from St. Thomas University Law School in June 2007.  I had a 1.87 and the standard is a 2.0.  Do you require applicants to wait the 2 years as required by the A.B.A. or can I apply now?

Sincerely,

Ms. Randall Vanessa Forbes
(516) 776-4089
LaPrez00@aol.com

RE: admissions questions- academically dismissed/LSAT

From:
  Rene, Edward (TMSLAW) <erene@tmslaw.tsu.edu>Hide
Add to: To Do, Calendar
To:
  👥 Ms. Fleming <laprez00@aol.com>
Date:
Mon, Oct 25, 2010 1:06 pm

Yes, our institution does admit students who were previously disqualified.  The percentage is around 1%.  The School of Law utilizes the holistic approach when it comes to reviewing applicants for admissions.  Thus, all factor are taken into account.  There is no minimum LSAT score because the LSAT is not the only factor we look at.  I thank you for your interest in Thurgood Marshall School of Law at Texas Southern University.  Please do not hesitate in calling our office should you need any assistance.

Regards,

Edward W. Renè, Ph.D.
Assistant Dean
Thurgood Marshall School of Law – Texas Southern University
3100 Cleburne
Houston, TX  77004
(713) 313 -  7114 Office
(713) 313 – 7297 Fax

**From:** [mailto:laprez00@aol.com]
**Sent:** Monday, October 25, 2010 11:48 AM
**To:** Rene, Edward (TMSLAW)
**Subject:** admissions questions- academically dismissed/LSAT

Hi Dean René:

I was wondering if you admit academically dismissed law students (after the 2 year required waiting period of course) that were dismissed from another institution?  What percentage of formerly academically dismissed students were admitted over the past 5 years or so? What LSAT score do you require?

Attached Message

From:    LaPrez00@aol.com
To:      jhernandez@STU.EDU
Subject: Fwd: documentation; from Randall Forbes, 1L; special accomodations for exams
Date:    Tue, 17 Apr 2007 5:23:48 PM Eastern Daylight Time

Hi Dean Hernandez:

    Toward the beginning of the semester, if you recall, we met in your office and among other things we discussed the special accommodations that I received during my undergraduate experience at the University of Miami. You said that if you could see a document that details my accommodations that perhaps then you would allow me to temporarily have the same accommodations this semester and then we would later discuss how to make those accommodations becoming permanent later on down the line.  I was analyzed several years ago and getting a new test is extremely expensive, perhaps even more expensive than it was then.  Well, they finally scanned and emailed me the information (forwarded).
    I assume you would like more information and I don't mind sharing just as long as this is kept confidential (Dr. Gisonodo has the release form I signed).  I was a victim of a series of violent crimes in relatively recent years.  I was diagnosed with  Post Traumatic Stress Disorder.  Academically speaking, it has manifested itself into a psychological disability- with, among other things,  a difficulty in my ability to focus as I get easily sidetracked.  The University of Miami allowed me to take my exams in a separate (and solitary) location and gave me time and a half on the exams.  The proctor would be outside of the actual room.  I would really appreciate it if you would provide the same accommodations this semester. Particularly the separate isolated location.
    I am in Section 3.  I have Professor Makdisi for contracts, Professor Singer for Property, Professor Silver for Torts, and Professor Gordon for Civil Procedure.
    **Please, I'm begging, I just want a shot at succeeding.**

Sincerely,
Randall "Randi" Forbes
St. Thomas University School of Law
Juris Doctor Candidate 2009
LaPrez00@aol.com
rvforbes@stu.edu
(516) 776-4089



# THE FLORIDA BAR

**651 EAST JEFFERSON STREET**
**TALLAHASSEE, FL 32399-2300**

JOHN F. HARKNESS, JR.
EXECUTIVE DIRECTOR

850/561-5600
WWW.FLORIDABAR.ORG

June 22, 2011

Ms. Randall Forbes
122 North Brookside Ave
Freeport, NY 11520

Re:    Richard Lawrence Brown; The Florida Bar File No. 2011-51,830 (15D)

Dear Ms. Forbes:

Enclosed is a copy of our letter to Mr. Brown which requires a response to your complaint.

Once you receive Mr. Brown's response, you have 10 days to file a rebuttal if you so desire. If you decide to file a rebuttal, please send a copy to Mr. Brown. Rebuttals should not exceed 25 pages and may refer to any additional documents or exhibits that are available on request. Please address any and all correspondence to me. Please note that any correspondence must be sent through the U.S. mail; we cannot accept faxed material.

Please be advised that as an arm of the Supreme Court of Florida, The Florida Bar can investigate allegations of misconduct against attorneys, and where appropriate, request that the attorney be disciplined. The Florida Bar cannot render legal advice nor can The Florida Bar represent individuals or intervene on their behalf in any civil or criminal matter.

Please review the enclosed Notice on mailing instructions for information on submitting your rebuttal.

Sincerely,

Annemarie Craft, Bar Counsel
Attorney Consumer Assistance Program
ACAP Hotline 866-352-0707

Enclosures (Notice of Grievance Procedures, Copy of Letter to Mr. Brown; Notice - Mailing Instructions)

cc:    Mr. Richard Lawrence Brown

Randall:

He is unwilling to sign such an affidavit. It would be a very bad strategy for you to use him in this case – that is my sincere professional opinion. I spoke to him for at least 15 minutes…unfortunately, he is unwilling to help you or support you in the way you would like. For you to open up the door and invite the other side to obtain testimony would be very damaging to your case.

**Emily Joyce Phillips**
**Phillips Lanier**
One Flagler Building
14 NE 1st Avenue, 2nd Floor
Miami, FL 33132
Tel. 305.350.5299
Fax 786.363.5840
ephillips@phillipslanier.com

DISCLAIMER: The information in this e-mail and all attachments is confidential, privileged or work product. The contents may not be disclosed or used by anyone other than the addressee. If you are not the intended recipient(s), and not an employee or agent responsible for delivering this email or an attachment to the addressee, any use, disclosure, copying, distribution, dissemination, reproduction of any or all of this email or attachments or any action taken or omitted to be taken in reliance on it is prohibited. If you have received this communication in error please notify us by telephone at (305) 350-5299 and delete the e-mail, all attachments and any copies thereof. This communication is from Phillips Lanier. Thank you.
Go Green! Please consider the environment before printing this email.

**From:** laprez00@aol.com [mailto:laprez00@aol.com]
**Sent:** Tuesday, April 06, 2010 3:38 PM
**To:** ephillips@phillipslanier.com
**Subject:** Re: Forbes v. St. Thomas- Wesley Farrell

Can you limit the scope of the affidavit? That's all I want him to admit- that he got to take the exam in a room by himself.

Of course he is on their side- he got the accommodation and that's where he graduated from. We were just acquaintances not friends. In their motion for summary judgment the school said the room by myself would be unreasonable. But if they gave that to another student no matter what the reason that goes to the heart of the instant matter. if they want to call him as their witness, fine. That doesn't change what I'm saying. I said that they gave accommodations/ information to some students but not others. Yes he hurts my case but the fact that they gave the accommodation to another student contradicts what they are saying about the accommodation itself being unreasonable.
Sent from my Verizon Wireless BlackBerry

**From:** "ephillips@phillipslanier.com" <ephillips@phillipslanier.com>
**Date:** Tue, 6 Apr 2010 12:27:08 -0700
**To:** Randi Forbes<laprez00@aol.com>
**Subject:** RE: Forbes v. St. Thomas- Wesley Farrell

Yes

**Emily Joyce Phillips**

**Phillips Lanier**
One Flagler Building
14 NE 1st Avenue, 2nd Floor
Miami, FL 33132
Tel. 305.350.5299
Fax 786.363.5840
ephillips@phillipslanier.com

DISCLAIMER: The information in this e-mail and all attachments is confidential, privileged or work product. The contents may not be disclosed or used by anyone other than the addressee. If you are not the intended recipient(s), and not an employee or agent responsible for delivering this email or an attachment to the addressee, any use, disclosure, copying, distribution, dissemination, reproduction of any or all of this email or attachments or any action taken or omitted to be taken in reliance on it is prohibited. If you have received this communication in error please notify us by telephone at (305) 350-5299 and delete the e-mail, all attachments and any copies thereof.  This communication is from Phillips Lanier. Thank you.
Go Green!  Please consider the environment before printing this email.

**From:** Randi Forbes [mailto:laprez00@aol.com]
**Sent:** Tuesday, April 06, 2010 3:20 PM
**To:** ephillips@phillipslanier.com
**Subject:** Re: Forbes v. St. Thomas- Wesley Farrell

I understand.  Did he admit to getting the room by himself though?

Randall Vanessa Forbes ("Randi")
Cell: (516) 462- 1437
Home: (516) 379-9219
Email: LaPrez00@aol.com

-----Original Message-----
From: ephillips@phillipslanier.com <ephillips@phillipslanier.com>
To: laprez00@aol.com <laprez00@aol.com>
Sent: Tue, Apr 6, 2010 3:10 pm
Subject: RE: Forbes v. St. Thomas- Wesley Farrell
Wesley Farrell would not help your case – he would only hurt your case.

**Emily Joyce Phillips**
**Phillips Lanier**
One Flagler Building
14 NE 1st Avenue, 2nd Floor
Miami, FL 33132
Tel. 305.350.5299
Fax 786.363.5840
ephillips@phillipslanier.com

DISCLAIMER: The information in this e-mail and all attachments is confidential, privileged or work product. The contents may not be disclosed or used by anyone other than the addressee. If you are not the intended recipient(s), and not an employee or agent responsible for delivering this email or an attachment to the addressee, any use, disclosure, copying, distribution, dissemination, reproduction of any or all of this email or attachments or any action taken or omitted to be taken in reliance on it is prohibited. If you have received this communication in error please notify us by telephone at (305) 350-5299 and delete the e-mail, all attachments and any copies thereof.  This communication is from Phillips Lanier. Thank you.
Go Green!  Please consider the environment before printing this email.

**From:** laprez00@aol.com [mailto:laprez00@aol.com]
**Sent:** Tuesday, April 06, 2010 3:04 PM

**To:** ephillips@phillipslanier.com
**Subject:** Re: Forbes v. St. Thomas- Wesley Farrell

uh oh. All I wanted was for him to say he got the room by himself as an accommodation.
Sent from my Verizon Wireless BlackBerry

---

**From:** "ephillips@phillipslanier.com" <ephillips@phillipslanier.com>
**Date:** Tue, 6 Apr 2010 09:10:08 -0700
**To:** Randi Forbes<laprez00@aol.com>
**Subject:** RE: Forbes v. St. Thomas- withdrawal/affidavits contact info/trial info
 Randi:
 I spoke to Wesley Farrell, and we do not want him to sign an affidavit.  He is on the side of St. Thomas
University for sure and thought they had everything in order to accommodate students with disabilities,
as he had been receiving accommodations since grade school.

I will try the others and let you know.

**Emily Joyce Phillips**
**Phillips Lanier**
One Flagler Building
14 NE 1st Avenue, 2nd Floor
Miami, FL 33132
Tel. 305.350.5299
Fax 786.363.5840
ephillips@phillipslanier.com

DISCLAIMER: The information in this e-mail and all attachments is confidential, privileged or work product. The contents may not be
disclosed or used by anyone other than the addressee. If you are not the intended recipient(s), and not an employee or agent responsible for
delivering this email or an attachment to the addressee, any use, disclosure, copying, distribution, dissemination, reproduction of any or all of
this email or attachments or any action taken or omitted to be taken in reliance on it is prohibited. If you have received this communication in
error please notify us by telephone at (305) 350-5299 and delete the e-mail, all attachments and any copies thereof.  This communication is
from Phillips Lanier. Thank you.
Go Green!  Please consider the environment before printing this email.

## **Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served via U.S. Mail on June 29, 2011 on all counsel or parties of record on the service list below.

Michael Andrew Mullen
Gaebe, Mullen, Antonelli, and Dimatteo
420 S. Dixie Highway, 3rd Floor
Coral Gables, Florida 33146

Roberto Javier Diaz
110 Merrick Way
Miami, FL 33134

Randall Vanessa Forbes
Plaintiff, *Pro Se*
122 North Brookside Avenue
Freeport, New York 11520
(516) 462-1437
rvforbes@aol.com