UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 07-22502-Civ-HOEVELER/BANDSTRA

RANDALL VANESSA FORBES,

    Plaintiff,

v.

ST. THOMAS UNIVERSITY, INC.,

    Defendant.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE

Defendant, ST. THOMAS UNIVERSITY, INC. (hereinafter "ST. THOMAS"), by and through its undersigned attorneys, responds to the Plaintiff's Motion to Vacate Judgment (ECF No. 111). The Plaintiff's Motion to Vacate should be denied because the Plaintiff has failed to meet the high burden required of her under Federal Rule of Civil Procedure 60(b). The Plaintiff has not established that ST. THOMAS engaged in any fraud, or that the Court made any errors in construing the law or in applying the law to the facts of this case, or that her attorneys engaged in any excusable neglect, or that any newly discovered evidence should change the Court's judgment. Accordingly, Plaintiff's Motion to Vacate must be denied.

**I.    BACKGROUND**

This is a reasonable accommodations case, brought under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, and Section 504 of the the Rehabilitation Act, 29 U.S.C. §§ 701, *et seq.*[1] On May 24, 2011, the Court held a hearing on the Defendant's Renewed Motion

---

[1] The facts of this case are fully set out in the Defendant's Motion for Summary Judgment (ECF No. 56), the Court's Denying Summary Judgment (ECF No. 89), the Defendant's Renewed Motion for Summary Judgment (ECF No. 91), and the Court's Order Granting Summary Judgment (ECF No. 109).

for Summary Judgment. The Court entered an Order (ECF No. 109) granting the summary judgment motion on May 27, 2011, and a Final Judgment (ECF No. 110) on June 6, 2011. On June 29, 2011, the Plaintiff filed her Motion to Vacate Judgment (ECF No. 111), and on June 30, 2011, the Plaintiff filed her Notice of Appeal (ECF No. 112).[2]

The Plaintiff's Motion to Vacate Judgment is filed pursuant to Federal Rule of Civil Procedure 60(a)[3] and (b), and Florida Rule of Civil Procedure 1.540(b).[4] The Plaintiff's Motion has four headings: (1) Misrepresentation by the Defendant; (2) Oversight; (3) Excusable Neglect; and (4) New Evidence. Based on these headings, and the arguments raised within the Motion to Vacate, it appears that the Plaintiff is moving under Rule 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect"), Rule 60(b)(2) ("newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"), and Rule 60(b)(3) ("fraud").

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 60 outlines the "circumstances under which relief may be obtained from the operation of final judgments." *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396,

---

[2] Since the Plaintiff has filed a Notice of Appeal, this Court is without jurisdiction to grant the Plaintiff's Rule 60(b) motion, however the Court does have jurisdiction to deny the Plaintiff's Rule 60(b) motion. *Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003). If this Court determines that its prior order should be vacated, the proper procedure is to indicate that it would grant the Plaintiff's motion, and the Plaintiff must then petition the appellate court to remand the matter so that this Court can grant the relief sought. *Id.*

[3] Federal Rule of Civil Procedure 60(a) is limited to clerical errors only; it does not apply to substantive arguments. *Warner v. City of Bay St. Louis*, 526 F.2d 1211, 1212 (5th Cir. 1976) (explaining that errors that effect the "substantial rights of the parties" may be raised under Rule 60(b)). The Plaintiff makes no argument pertaining to a clerical mistake; therefore, Rule 60(a) is inapplicable in this circumstance.

[4] It is inappropriate for this Federal Court to apply a state procedural rule. *See Ferrero v. Associated Materials Inc.*, 923 F.2d 1441, 1448 (11th Cir. 1991).

401 (5th Cir. Jan. 26, 1981). "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding [based upon] . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc.,* 635 F.2d at 401 (quoting *Bankers Mortg. Co. v. United States,* 423 F.2d 73, 77 (5th Cir. 1970), cert. denied, 399 U.S. 927 (1970)).

In a Rule 60(b) motion, it is inappropriate to rehash old arguments, to set out new theories, or to conjure up additional matters in order to plug the gaps of a lost motion. *See In re Foster*, 283 B.R. 917, 920 (Bankr. E.D. Wis. 2002). "The purpose of a [Rule 60(b)] motion to reconsider is not to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been previously raised." *Id.* (citing *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)).

Where it is the court's misunderstanding or misapplication of the law that is asserted in a Rule 60(b)(1) motion, the movant must demonstrate that the court's mistake involved "a 'plain misconstruction' of the law and the erroneous application of that law to the facts." *See Nisson v. Lundy,* 975 F.2d 802, 806 (11th Cir.1992) (quoting *Compton v. Alton S.S. Co.,* 608 F.2d 96, 104 (4th Cir.1979)); *see also In re Grimland, Inc.,* 243 F.3d 228, 233 (5th Cir. 2001) (reasoning that a "judicial error" may be "corrected as a mistake pursuant to Rule 60(b)" where the error involves "a fundamental misconception of the law or conflict with a clear statutory mandate").

A Rule 60(b)(2) motion for relief from a judgment based on newly discovered "is an extraordinary motion and the requirements of the rule must be strictly met." *See Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000). For a court to grant relief from a final

judgment based on newly discovered evidence the movant "must meet the following five-part test: (1) the evidence must be newly discovered since the [final judgment]; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that [reconsideration of the judgment] would probably produce a new result." *Id.*

"To obtain relief from a final judgment based upon fraud under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct." *Waddell v. Hendry Cnty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003) (citing *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000)). "The moving party must also demonstrate that the conduct prevented them from fully presenting his case." *Id.*

### III.    ARGUMENT

#### A.    **St. Thomas Did Not Engage In Any Fraud, Misrepresentation, Or Other Misconduct; The Plaintiff's Motion To Vacate Pursuant To Federal Rule of Civil Procedure 60(b)(3) Must Be Denied.**

The first section of the Plaintiff's Motion to Vacate, titled "Misrepresentation by Defendant," fails to prove by "clear and convincing evidence that [ST. THOMAS] obtained the judgment through fraud, misrepresentations, or other misconduct." *Waddell,* 329 F.3d at 1309. The Plaintiff's argument that the affidavits submitted by ST. THOMAS faculty and administrators in May 2011 are not supported by individual contemporaneous notes from 2007 does not establish fraud or misrepresentation. The practical reality is that not every event, decision, or undertaking is documented by contemporaneous notes. The fact that a witness testifies to events that occurred a few years ago, and fails to produce notes from that time does not demonstrate fraud or misrepresentation.

Next, in paragraph seven, Plaintiff relies on unverified statements supposedly made by a student after completion of one of her first semester exams as proof that un-proctored exams are in fact provided at ST. THOMAS. Plaintiff once again fails to prove by "clear and convincing evidence that [ST. THOMAS] obtained the judgment through fraud, misrepresentations, or other misconduct." *Waddell*, 329 F.3d at 1309.

First, Plaintiff's allegations are unsupported by any citation to the record. In paragraph 25 of the Motion, the Plaintiff specifically acknowledges she has been unable to secure an affidavit to support her allegations. Second, the Plaintiff does not explain how her unsupported arguments and allegations, even if assumed to be true, demonstrate fraud on the part of ST. THOMAS. Thus, the Plaintiff has failed to prove by "clear and convincing evidence that [ST. THOMAS] obtained the judgment through fraud, misrepresentations, or other misconduct." *Waddell*, 329 F.3d at 1309. Accordingly, the Plaintiff has failed to meet her burden under Rule 60(b)(3) and her Motion to Vacate must be denied.

### B. There Was No Mistake Or Inadvertence On The Part Of The Court In Granting St. Thomas' Renewed Motion For Summary Judgment; The Plaintiff's Motion To Vacate Pursuant To Federal Rule Of Civil Procedure 60(b)(1) Should Be Denied.

The second section of the Plaintiff's Motion to Vacate, entitled "Oversight," fails to demonstrate that the Court engaged in a plain misconstruction of the law and an erroneous application of that law to the facts. *See Nisson,* 975 F.2d at 806. The arguments in this section simply rehash old arguments, set out new theories, or conjure up additional matters to plug the gaps in previous arguments made in opposition to ST. THOMAS's Motion for Summary Judgment.

Many of the arguments raised in this section relate to the timing and sufficiency of the Plaintiff being informed of the Accommodations Handbook. These arguments, however, have

already been raised by the Plaintiff and rejected by the Court. (*Compare* Pl.'s Resp. to Def.'s Renewed Mot. for Summ. J., pp. 6, 8 (ECF No. 98), *with* Order Granting Summ. J., p. 5 (ECF No. 109)). This Court correctly determined that ST. THOMAS, through its several affidavits from faculty and administrators, "'demythologized the institutional thought process.'" (Order Granting Summ. J., p. 8 (ECF No. 109) (quoting *Wynne v. Tufts Univ. Sch. Of Med.*, 976 F.2d 791, 795 (1st Cir. 1992)). Having explained its thought process, ST. THOMAS was rightfully entitled to a certain degree of deference in exercising its academic decisions, as this Court accurately acknowledged. (*Id.* at p. 7).

Further, Plaintiff once again makes assertions that are unsupported by the record and cannot be considered by this Court. For example in paragraph 19, Plaintiff claims she "believes other students that were academically dismissed were brought back in. . ." Plaintiff lists the name of three individuals that are purported to be students. Plaintiff did not attach any affidavits from any of these students and provide any facts that would support her argument. Also, in paragraph 24 and 25, Plaintiff referenced Mr. Farrell's alleged unverified statements. Plaintiff admittedly acknowledges she was unable to secure an affidavit to support her allegations. These unsupported allegations cannot be consider by this Court and, even if accepted as true, do not impact the arguments raised in Defendant's Renewed Motion for Summary Judgment.

None of the Plaintiff's arguments in the "Oversight" section demonstrate a plain misconstruction of the law and/or an erroneous application of that law to the facts of the case. The Plaintiff has simply reasserted old arguments, and set out a few new arguments, in an attempt to reargue her opposition to St. Thomas' Motion for Summary Judgment. This is precisely the type of "second bite at the apple" argument that is inappropriate under a Rule 60(b) motion, and should be rejected by this Court. The Motion to Vacate must be denied.

    **C.**    **There Was No Excusable Neglect That Would Warrant Vacating The Court's Order; The Plaintiff's Motion To Vacate Pursuant To Federal Rule Of Civil Procedure 60(b)(1) Should Be Denied.**

The third section of the Plaintiff's Motion to Vacate, titled "Excusable Neglect," sets out various alternative arguments that the Plaintiff suggests her attorneys "should" have made, and several case strategies the Plaintiff argues her attorneys "should" have pursued. (Pl.'s Mot. to Vacate, p. 13 (ECF No. 111)). This type of second-guessing of a lawyer's strategy is not sufficient grounds to rise to the level of excusable neglect that would warrant vacating the judgment of this Court.

The Eleventh Circuit Court of Appeals has made clear its "wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). In *Cavaliere* the court rejected a claim of excusable neglect where the petitioner's counsel missed an important deadline. In this case, the Plaintiff does not argue her attorneys missed any deadlines that prejudiced her; rather, the Plaintiff is simply second-guessing her attorneys' strategies. This is not a valid argument of excusable neglect that supports the Plaintiff's Motion to Vacate under Rule 60(b)(1). Additionally, the Plaintiff's references to confidential and privileged settlement discussions that occurred during mediation are completely inappropriate, and should not be considered by the Court. *See* S.D. Fla. L.R. 16.2(g)(2) ("All proceedings of the mediation shall be confidential and are privileged in all respects[,] . . . [t]he proceedings may not be reported, recorded, placed into evidence, made known to the Court or jury . . . .").

Plaintiff alleges she was unaware that her attorney, Richard Brown, was suspended from the practice of law and did not attend the hearing on Defendant's renewed summary judgment. (Pl.'s Mot. to Vacate, pp. 12- 13 (ECF No. 111)). As the Court aptly pointed out in its Order

Granting Summary Judgment (ECF No. 109), however, [T]he summary judgment motion was fully briefed, however, and the plaintiff was not prejudiced by her lawyer's absence. The result would have been the same either way." Plaintiff's lack of knowledge concerning her attorney's suspension is thus irrelevant and Plaintiff's Motion to Vacate must be denied.

> D.  **The Plaintiff Has Failed to Present Any "New Evidence" That Would Warrant Vacating the Court's Order; The Plaintiff's Motion To Vacate Pursuant To Federal Rule Of Civil Procedure 60(b)(2) Should Be Denied.**

The final section of the Plaintiff's Motion to Vacate, titled "New Evidence," argues that a letter from a doctor regarding the assessment process for post-traumatic stress disorder, which is dated after the judgment, constitutes newly discovered evidence sufficient to vacate the Court's judgment. The Plaintiff has not met the high burden, required for this extraordinary motion.

First, except for a conclusory statement by the Plaintiff, there is no argument or explanation as to why the Plaintiff could not have obtained this letter prior to the Court's judgment. The June 27, 2011, letter appears to be nothing more than a response to a request by the Plaintiff for a list of the procedures in evaluating and assessing post-traumatic stress disorder. There is nothing to suggest that this evidence could not have been obtained at a much earlier date.

Second, this evidence is merely cumulative. As the Plaintiff admits in paragraph 36 of her Motion to Vacate, she testified in her deposition to essentially the same information as is in the June 27, 2011, letter. Finally, the Plaintiff fails to demonstrate how the alleged newly discovered evidence is material or that the evidence would probably produce a new result. The June 27, 2011, letter is in practical effect, nothing more than an informational guideline, and does not even purport to relate to any of the specifics of this case, or to the Plaintiff's claims that ST. THOMAS failed to grant her reasonable accommodations. There is nothing in the June 27,

2011, letter that is material to this case, or that would likely change the result of the judgment in favor of ST. THOMAS.  Accordingly, the Plaintiff has failed to meet her burden under Rule 60(b)(2) and the Motion to Vacate must be denied.

## IV. CONCLUSION

The Plaintiff has failed to meet her burden of establishing fraud, inadvertence, mistake, or newly discovered evidence, sufficient to justify vacating the Court's prior judgment.  For the reasons set out in this Response, this Court must deny the Plaintiff's Motion to Vacate.

|  |  |
|---|---|
|  | GAEBE, MULLEN, ANTONELLI & DiMATTEO, P.A. |
|  | Attorneys for Defendant |
| Respectfully submitted on | 420 South Dixie Highway, 3rd Floor |
| July 11, 2011 | Coral Gables, FL 33146 |
|  | Tel: (305) 667-0223 / Fax: (305) 284-9844 |

By:    /s/ Maximo A. Santiago
          Florida Bar. No.: 669733
          mmullen@gaebemullen.com


## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on July 13, 2011, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being sent via U.S. Mail on this day to the Plaintiff, Randall Vanessa Forbes, 122 North Brookside Avenue, Freeport, New York, 11530 (rvforbes@aol.com).

| J. PATRICK FITZGERALD, P.A. | GAEBE MULLEN ANTONELLI & DIMATTEO |
|---|---|
| Co-Counsel for Defendant | Attorneys for Defendant |
| 110 Merrick Way, Suite 3-B | 420 South Dixie Highway, 3rd Floor |
| Coral Gables, FL  33134 | Coral Gables, FL  33146 |
| Tel:  (305) 443-9162 | Tel:  (305) 667-0223 |
| Fax: (305) 443-6613 | Fax:  (305) 284-9844 |

By:     /s/ Maximo A. Santiago
           MICHAEL A. MULLEN
           Florida Bar No.:  305731
           mmullen@gaebemullen.com
           MAXIMO A. SANTIAGO
           Florida Bar No.:  0669733
           msantiago@gaebemullen.com