**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

```
FILED by ___MC___ D.C.
ELECTRONIC

      MAR 05 2012

    STEVEN M. LARIMORE
  CLERK U.S. DIST. CT.
  S.D. OF FLA. · MIAMI
```

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 02, 2012

Steven M. Larimore
United States District Court
400 N MIAMI AVE
MIAMI, FL 33128-1807

Appeal Number: 11-12994-AA
Case Style: Randall Forbes v. St. Thomas University, Inc.
District Court Docket No: 1:07-cv-22502-WMH

The enclosed judgment is hereby issued as the mandate of this court.

The record on appeal will be returned to you at a later date.

A copy of this letter is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to the district court, counsel and pro se parties on the date it was issued.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Eleanor M. Dixon
Phone #: (404) 335-6172

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

---

No. 11-12994

---

District Court Docket No.
1:07-cv-22502-WMH

```
┌─────────────────────────────┐
│            FILED            │
│   U.S. COURT OF APPEALS    │
│     ELEVENTH CIRCUIT        │
│        JAN 30, 2012         │
│         JOHN LEY            │
│          CLERK              │
└─────────────────────────────┘
```

RANDALL VANESSA FORBES,

       Plaintiff - Appellant,

versus

ST. THOMAS UNIVERSITY, INC.,

       Defendant - Appellee.

---

Appeal from the United States District Court for the
Southern District of Florida

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: January 30, 2012
For the Court: John Ley, Clerk of Court
By: Jeff R. Patch



ISSUED AS MANDATE
MAR 0 2 2012
U.S. COURT OF APPEALS
ATLANTA GA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

| | FILED |
| --- | --- |
| | U.S. COURT OF APPEALS |
| | ELEVENTH CIRCUIT |
| No. 11-12994 | JAN 30, 2012 |
| Non-Argument Calendar | JOHN LEY |
| | CLERK |

_____

D.C. Docket No. 1:07-cv-22502-WMH

RANDALL VANESSA FORBES,

Plaintiff-Appellant,

versus

ST. THOMAS UNIVERSITY, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 30, 2012)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Randall Vanessa Forbes appeals the summary judgment against her

complaint that St. Thomas University, Inc., discriminated against her in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12102, 12181, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq.  Forbes alleged that, during examinations, St. Thomas School of Law failed to provide an environment that would best have accommodated Forbes's post-traumatic stress disorder and, after she failed to satisfy academic requirements, wrongfully denied her petition for readmission.  We affirm.

St. Thomas placed Forbes on academic probation in January 2007 and notified her that she would be "excluded" if she failed to "bring [her] cumulative grade point average up to at least a 2.0 by the end of the Spring 2007 semester." Forbes requested a meeting with John Hernandez, the Assistant Dean for Student Affairs, to request accommodations for Spring examinations because she had experienced panic attacks frequently and had been diagnosed previously with post-traumatic stress disorder.  During the meeting, Forbes said that the University of Miami had given her extra time and a separate location to complete her examinations.  Dean Hernandez asked Forbes to submit a document about the accommodations that she had received at the University of Miami, and Forbes submitted a single-page letter from the University of Miami stating that, during Fall 2004, Forbes would receive "[e]xtended time (up to time and a half) for

2

examinations" in a "distraction-reduced location."  The letter did not define the phrase "distraction-reduced location."  During the Spring 2007 examinations, St. Thomas granted Forbes the same accommodations she had received at the University of Miami.  Forbes requested other accommodations, including extended breaks during her examinations, but Dean Hernandez told Forbes that she would have to meet with another individual to obtain additional accommodations.

Forbes failed to meet the minimum cumulative grade point average based on the spring examinations.  St. Thomas notified Forbes that she had to appear before the Academic Standing Committee, which would decide whether Forbes could return the following year.  Forbes submitted to the committee a petition for conditional readmission.  Forbes later submitted to the committee a letter from Dr. Kalsner-Silver stating that Forbes had reported symptoms consistent with a diagnosis of post-traumatic stress disorder, the symptoms had an adverse effect on her academic performance, and "with proper psychiatric care and ongoing counseling . . . Forbes could potentially function more effectively as a law student."  St. Thomas denied Forbes's petition for readmission.

Forbes filed an amended complaint that St. Thomas had discriminated against her.  Forbes complained that St. Thomas failed to accommodate her disorder by failing to provide a private testing room for Spring examinations and

3

refusing to readmit her conditionally to the law school.  Forbes alleged that she

had not been given the full accommodations she had requested and she had been

wrongfully denied readmission because of her disability.

St. Thomas moved for summary judgment, which the district court denied,

but St. Thomas later filed a renewed motion for summary judgment.  St. Thomas

attached to its renewed motion a copy of the student handbook for 2006-07, an

affidavit from Dean Hernandez about his meetings with Forbes, and affidavits

from Peter Kelly and Cecile Dykas.  Kelly, the Director of Student Services, stated

that he had met with Forbes and knew that she had been dismissed for academic

reasons, but Kelly did not know what standards the committee used to evaluate

petitions for readmission.  Dykas, a member of the committee, stated that

decisions to readmit a student are based on set criteria used to determine whether

the student can succeed academically and that the committee determined that

Forbes failed to satisfy the criteria required for readmission.  The Student

Handbook for the 2006-07 academic year stated that a student could petition for

readmission but that "[n]o petition shall be granted unless the Committee finds

that the record (consisting of the petition, documents submitted in connection with

it, the petitioner's law school file and the preponderance of any credible testimony,

if any, given at a hearing) affirmatively demonstrates that the student possesses the

requisite ability, and that the prior disqualification . . . does not include a lack of capacity, to successfully complete the course of study at the Law School." The Handbook provided that the committee would "consider several factors, including, but not limited to . . . [t]he best interests of the law school as an educational institution, including the maintenance of high standards of academic excellence . . ."; "the student's reasonable prospect for success"; "[a]ny evidence of correctable problems or disabilities that might have contributed to the student's academic performance"; and "[t]he extent to which it appears that a petitioner's previous medical . . . concerns . . . have been addressed and satisfactorily resolved . . . ."

After an evidentiary hearing at which Forbes and her counsel failed to appear, the district court granted the renewed motion of St. Thomas. The district court explained that it had learned "[o]n the morning of the hearing" that Forbes's attorney had been suspended from practicing law, but that Forbes's lack of representation did not prejudice her because the renewed motion had been "fully briefed" and "[t]he result would have been the same either way." The district court ruled that St. Thomas "[could not] be liable for violating the [Disability Act] or Rehabilitation Act" because it had "present[ed] unrebutted evidence . . . [that] Forbes never demonstrated that she was statutorily entitled to accommodations in the first place." The district court found that Forbes "never provided medical

5

findings about her disability" after being placed on probation and the letter from

Dr. Kalsner-Silver in support of readmission merely "recite[d] Forbes's self-

reported symptoms and note[d] the symptoms [were] consistent with a diagnosis

of [post-traumatic stress disorder]."  Alternatively, the district court ruled that,

"even if Forbes had adequately documented her disability, or shown that she was

regarded as disabled, St. Thomas [had] . . . presented unrebutted evidence that [it]

was justified in denying her request for readmission and/or for other relief."  The

district court concluded that St. Thomas reasonably accommodated Forbes by

balancing her request with the concerns of the school to preserve integrity in

testing, ensure fairness, and prepare students for the practice of law.  The district

court also concluded that St. Thomas "made a reasoned judgment that [Forbes] fell

short of . . . [the] criteria" required for readmission.

The district court did not err when it granted summary judgment in favor of

St. Thomas.  Unlawful discrimination may occur when an entity fails to "make

reasonable modifications in policies, practices, or procedures, when such

modifications are necessary to afford . . . accommodations to individuals with

disabilities," 42 U.S.C. § 12182(b)(2)(A)(ii), but there is no genuine dispute that

St. Thomas accommodated Forbes's alleged disability and that those

accommodations were reasonable.  Dean Hernandez met with Forbes and

6

"provide[d] accommodations based on the information [he] possesse[d]."  Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir. 1997). Forbes argues that she was entitled to a private examination room, but Forbes failed to provide St. Thomas any information that her alleged disability required a private room.  Forbes did not complain about taking her Spring 2007 examinations in a room with four classmates and a proctor.  Forbes also argues that she was entitled to a conditional readmission, but St. Thomas was entitled to deny Forbes's petition for readmission after she had failed to satisfy academic standards under the testing conditions that she had requested.  See Wood v. President and Trs. of Spring Hill Coll. in the City of Mobile, 978 F.2d 1214, 1222–23 (11th Cir. 1992).

Forbes argues that she presented evidence that her academic unfitness was a pretext for discrimination in the readmission process, but we disagree.  Forbes testified that Peter Kelly, the Director of Student Services, said that Forbes was denied readmission because of her disorder, but "'statements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process' at issue will not satisfy [Forbes's] burden."  Steger v. Gen. Elec. Co., 318 F.3d 1066, 1079 (11th Cir. 2003) (quoting Price Waterhouse v. Hopkins, 490 U.S. 228, 277, 109 S. Ct. 1775, 1805 (1989)).  The record is undisputed that Kelly was not a member of the committee that considered Forbes's petition for readmission.

7

Forbes argues that she lacked notice and was "never given the opportunity . . . to respond to the . . . [renewed] motion" for a summary judgment because her attorney was suspended from the practice of law, but her argument is belied by the record.  Forbes was represented by Richard Brown at least through March 22, 2011, when he filed a notice that "effective February 21, 2011," his address had changed.  St. Thomas served a copy of its renewed motion on Brown in November 2010, and Brown complied with the order of the district court to respond to the renewed motion by January 10, 2011.  In his nine-page response, Brown argued that Forbes had a disability and that a genuine factual dispute existed about whether St. Thomas had provided reasonable accommodations for Forbes.

We **AFFIRM** the summary judgment in favor of St. Thomas.